1 FRANK J. COLUCCI (*Pending Admission Pro Hac Vice*)
   fcolucci@colucci-umans.com
2 DAVID M. DAHAN (*Pending Admission Pro Hac Vice*)
   ddahan@colucci-umans.com
3 JANICE K. YOON (*Pending Admission Pro Hac Vice*)
   jyoon@colucci-umans.com
4 COLUCCI & UMANS
   218 East 50th Street
5 New York, New York 10022
   Telephone:   212.935.5700
6 Facsimile:   212.935.5728

7 RUSSELL L. ALLYN (SBN: 143531)
   rallyn@buchalter.com
8 JEFFREY H. KAPOR (SBN: 82045)
   jkapor@buchalter.com
9 BUCHALTER NEMER
   A Professional Corporation
10 1000 Wilshire Boulevard, Suite 1500
   Los Angeles, California 90017-2457
11 Telephone: 213.891.0700
   Facsimile: 213.896.0400
12

13

14 Attorneys for Plaintiff,
   EXPRESS, LLC
15

16               **UNITED STATES DISTRICT COURT**

17              **CENTRAL DISTRICT OF CALIFORNIA**

18

19 EXPRESS, LLC,                          )  **Case No.**
                                           )
20          Plaintiff,                     )
                                           )
21      v.                                 )  **COMPLAINT FOR:**
                                           )
22 FOREVER 21, INC.; FOREVER 21           )  **1.   Copyright Infringement**
   LOGISTICS, LLC; FOREVER 21             )
23 RETAIL, INC.; JIN SOOK CHANG;          )  **2.   Trade Dress Infringement**
   DO WON CHANG; and DOES 1               )
24 through 50, inclusive,                  )  **3.   Unfair Competition in Violation**
                                           )      **of California Business &**
25          Defendants.                    )      **Professions Code § 17200**
                                           )
26                                         )  **4.   Common Law Unfair**
                                           )      **Competition**
27                                         )
                                           )  **DEMAND FOR JURY TRIAL**
28                                         )

CV09-04514  ODW VBKx

**FILED**

2009 JUN 23   PM 2:56

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY _____

1       Plaintiff, **EXPRESS, LLC** ("Express"), alleges the following for its

2  complaint against Defendants, **FOREVER 21, INC.; FOREVER 21**

3  **LOGISTICS, LLC; FOREVER 21 RETAIL, INC.; JIN SOOK CHANG;**

4  **DO WON CHANG; and DOES 1 through 50**, inclusive, (collectively

5  "Defendants") and each of them, on personal knowledge as to Express's own

6  activities and on information and belief as to the activities of Defendants, as

7  follows:

8  **JURISDICTION AND VENUE**

9      1.    This is an action for: (a) copyright infringement in violation of the

10  Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*; (b) trade dress infringement in

11  violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); (c) unfair

12  competition and unlawful and deceptive acts and practices in violation of

13  California Business & Professional Code § 17200; and (d) unfair competition

14  under California common law; all of which activities have occurred in this District

15  and elsewhere in interstate commerce, and in commerce with the United States.

16      2.    This Court has jurisdiction over the claims set forth in this Complaint

17  pursuant to Section 39 of the Lanham Act 15 U.S.C. § 1121, 28 U.S.C. §§ 1331

18  and 1338(a) and (b).  This Court has supplemental jurisdiction over claims in this

19  Complaint that arise under state statutory and common law pursuant to 28 U.S.C.

20  § 1367 in that the state law claims are so related to the federal claims that they

21  form part of the same case or controversy and derive from a common nucleus of

22  operative facts.

23      3.    Defendants, Forever 21, Inc., Forever 21 Logistics, LLC, and

24  Forever 21 Retail, Inc. ("the Forever 21 Defendants"), are subject to the personal

25  jurisdiction of this Court pursuant to California Code of Civil Procedure § 410.10

26  because, upon information and belief, these Defendants either do business

27

28

2.
**COMPLAINT**

1  throughout this state, including this District, or are incorporated in the State of
2  California.

3      4.    Defendants, Jin Sook Chang and Do Won Chang are subject to
4  personal jurisdiction in this Court pursuant to California Code of Civil Procedure
5  § 410.10 because, *inter alia*, upon information and belief, they are individuals
6  residing within this District and are regularly employed within this District by the
7  Forever 21 Defendants and/or directly, and through agents, regularly create,
8  produce, manufacture, and/or supply clothing in the State of California with the
9  knowledge and purpose of offering their clothing for sale in this state, including
10 this District.  Accordingly, these Defendants maintain substantial or continuous
11 and systemic contacts with the State of California and have purposefully availed
12 themselves of the economic benefits of transacting business in this State.

13     5.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391 in that the
14 parties are located in or transact their affairs in this District, and/or a substantial
15 part of the events or omissions giving rise to the claims occurred in this District,
16 and because all the parties are subject to personal jurisdiction in this Court.

17                         **PARTIES**

18     6.    Express is a limited liability company organized and existing under
19 the laws of the State of Delaware, with its principal place of business located at
20 One Limited Parkway, Columbus, Ohio 43230.

21     7.    Upon information and belief, Defendant Forever 21, Inc. is a
22 Delaware corporation, with its principal place of business and executive offices at
23 2001 S. Alameda Street, Los Angeles, California 92663.  Forever 21, Inc. is doing
24 business throughout the State of California, including this District.
25 ///
26 ///
27 ///
28

8.     Upon information and belief, Defendant Forever 21 Logistics, LLC is a Delaware limited liability company, with its principal place of business and executive offices at 9 East Lookerman Street, Dover, Delaware 19901.  Forever 21 Logistics, LLC is doing business throughout the State of California, including this District.

9.     Upon information and belief, Defendant Forever 21 Retail, Inc. is a California corporation, with its principal place of business and executive offices at 2001 S. Alameda Street, Los Angeles, California 92663.  Forever 21 Retail, Inc. is doing business throughout the State of California, including this District.

10.     Upon information and belief, Jin Sook Chang ("Jin Chang") is the co-owner and co-founder of the Forever 21 Defendants.  Upon information and belief, Jin Chang is the Head Buyer of the Forever 21 Defendants and supervises and/or controls the activities and operations of the Forever 21 Defendants.  Upon further information and belief, Jin Chang resides at 2700 Bowmont Drive, Beverly Hills, California 90210, within this District.

11.     Upon information and belief, Do Won Chang is the co-owner, co-founder and Chief Executive Officer of the Forever 21 Defendants.  Upon information and belief, Do Won Chang supervises and/or controls the activities and operations of the Forever 21 Defendants.  Upon further information and belief, Do Won Chang resides at 2700 Bowmont Drive, Beverly Hills, California 90210. (Jin Chang and Do Won Chang are referred to collectively herein as "the Changs.")

12.     Express is presently unaware of the names and true capacities of Defendants, whether individual, corporate, and/or partnership entities named herein as DOES 1 through 50, inclusive, and therefore sues them by their fictitious names.  Express will seek leave to amend this Complaint when their true names and capacities are ascertained.  Express is informed and believes, and based

thereon alleges, that at all relevant times herein, the Forever 21 Defendants, the Changs, and each of the Defendants, including DOES 1 through 50, inclusive, (collectively "Defendants") directed, knew, or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their actions and/or inactions directed, ratified, and encouraged such acts and behavior. Express further alleges that Defendants and each of them had a non-delegable duty to prevent such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

## FACTUAL BACKGROUND

## EXPRESS'S PRODUCTS AND DEFENDANTS' WRONGFUL CONDUCT

13.     Express is a retailer of high quality, fashionable merchandise, including apparel, designed, developed and marketed for women and men.  Since 1980, Express and its predecessors have manufactured and sold merchandise in their eponymous EXPRESS retail stores, of which there are currently over 550 located throughout the United States, including the State of California and this District.  In addition, Express also owns and operates a website located on the internet at www.express.com, which advertises and promotes its merchandise to the public.

14.     Express's products have enjoyed substantial success in the marketplace and enjoy wide recognition amongst the public and the trade, and products sold in EXPRESS retail stores and through its website are renown for being stylistic, distinctive and being of the highest quality.

15.     Upon information and belief, Defendants operate a chain of over 400 retail stores throughout the United States through which they sell inexpensively priced apparel and accessories, through their Forever 21, XXI Forever, Heritage 1981, For Love 21, Gadzooks, and Reference retail stores, among others.  Defendants also own and operate a website located on the internet

at www.forever21.com through which the Forever 21 Defendants sell their merchandise throughout the United States and worldwide.

16.     Upon information and belief, Defendants have a net worth in excess of nearly $2 Billion Dollars and are one of the largest privately held corporations in the United States.

### The Express Copyrights

17.     Express created and developed several fabric patterns featuring unique and original plaid designs (collectively "Express Plaid Designs"), which are set forth below.  Color copies of the Express Plaid Designs are annexed hereto and made a part hereof as Plaintiff's Exhibits A, C, D, F and H.

### *The "Bruin" Copyright*

18.     Express's Bruin Design was created as a work made for hire on its behalf during the year 2007.  Subsequent to the creation of the Bruin Design, Express began to develop a line of men's shorts bearing the Bruin Design intended for sale in Express retail stores, catalogs and/or internet website.  A color copy of Express's Bruin Design is annexed hereto and made a part hereof as Plaintiff's **Exhibit A**.

19.     Express's Bruin Design contains material wholly original with Express and constitutes copyrightable subject matter under the Copyright Law of the United States.

20.     The first publication of the Bruin Design was on or about December 15, 2007, when men's shorts bearing the Bruin Design were first offered for sale in Express retail stores nationwide.

21.     Since the publication date of the Bruin Design, Express has complied in all respects with the Copyright Revision Act of 1976, Title 17, United States Code, and all other laws governing copyright, has secured the exclusive rights and privileges in and to the copyright of said Bruin Design and has received from the

1   Registrar of Copyrights a Certificate of Registration No. VA 0001668158, dated

2   June 12, 2009.  A copy of said certificate is annexed hereto and made a part hereof

3   as Plaintiff's **Exhibit B**.

4        22.    Express is the sole owner of all right, title and interest in and to the

5   copyright in its Bruin Design and the corresponding Certificate of Registration

6   thereof, No. VA 0001668158.

7        23.    In addition, Express has offered men's shorts bearing the Bruin

8   Design in an alternate colorway for sale in Express retail stores nationwide.  A

9   color copy of the Bruin Design in an alternate colorway is annexed hereto and

10  made a part hereof as Plaintiff's **Exhibit C**.

11  ***The "Ocean" Copyright***

12       24.    Express's Ocean Design was created as a work made for hire on its

13  behalf during the year 2007.  Subsequent to the creation of the Ocean Design,

14  Express began to develop a line of men's shorts bearing the Ocean Design intended

15  for sale in Express retail stores, catalogs and/or internet website.  A color copy of

16  Express's Ocean Design is annexed hereto and made a part hereof as Plaintiff's

17  **Exhibit D**.

18       25.    Express's Ocean Design contains material wholly original with

19  Express and constitutes copyrightable subject matter under the Copyright Law of

20  the United States.

21       26.    The first publication of the Ocean Design was on or about

22  April 5, 2008, when men's shorts bearing the Ocean Design were first offered for

23  sale in Express retail stores nationwide.

24       27.    Since the publication date of the Ocean Design, Express has complied

25  in all respects with the Copyright Revision Act of 1976, Title 17, United States

26  Code, and all other laws governing copyright, has secured the exclusive rights and

27  privileges in and to the copyright of said Ocean Design and has received from the

28

7.
**COMPLAINT**

1  Registrar of Copyrights a Certificate of Registration No. VA 0001668156, dated

2  June 12, 2009.  A copy of said certificate is annexed hereto and made a part hereof

3  as Plaintiff's **Exhibit E**.

4     28.    Express is the sole owner of all right, title and interest in and to the

5  copyright in its Ocean Design and the corresponding Certificate of Registration

6  thereof, No. VA 0001668156.

7  ***The "Jack" Copyright***

8     29.    Express's Jack Design was created as a work made for hire on its

9  behalf during the year 2007.  Subsequent to the creation of the Jack Design,

10  Express began to develop a line of men's shorts bearing the Jack Design intended

11  for sale in Express retail stores, catalogs and/or internet website.  A color copy of

12  Express's Jack Design is annexed hereto and made a part hereof as Plaintiff's

13  **Exhibit F**.

14     30.    Express's Jack Design contains material wholly original with Express

15  and constitutes copyrightable subject matter under the Copyright Law of the

16  United States.

17     31.    The first publication of the Jack Design was on or about

18  January 12, 2008, when men's shorts bearing the Jack Design were first offered for

19  sale in Express retail stores nationwide.

20     32.    Since the publication date of the Jack Design, Express has complied in

21  all respects with the Copyright Revision Act of 1976, Title 17, United States Code,

22  and all other laws governing copyright, has secured the exclusive rights and

23  privileges in and to the copyright of said Jack Design and has received from the

24  Registrar of Copyrights a Certificate of Registration No. VA 0001668162, dated

25  June 12, 2009.  A copy of said certificate is annexed hereto and made a part hereof

26  as Plaintiff's **Exhibit G**.

27  ///

28

33.     Express is the sole owner of all right, title and interest in and to the copyright in its Jack Design and the corresponding Certificate of Registration thereof, No. VA 0001668162.

***The "Roth" Copyright***

34.     Express's Roth Design was created as a work made for hire on its behalf during the year 2008.  Subsequent to the creation of the Roth Design, Express began to develop a line of men's shorts bearing the Roth Design intended for sale in Express retail stores, catalogs and/or internet website.  A color copy of Express's Roth Design is annexed hereto and made a part hereof as Plaintiff's **Exhibit H**.

35.     Express's Roth Design contains material wholly original with Express and constitutes copyrightable subject matter under the Copyright Law of the United States.

36.     The first publication of the Roth Design was on or about November 29, 2008, when men's shorts bearing the Roth Design were first offered for sale in Express retail stores nationwide.

37.     Since the publication date of the Roth Design, Express has complied in all respects with the Copyright Revision Act of 1976, Title 17, United States Code, and all other laws governing copyright, has secured the exclusive rights and privileges in and to the copyright of said Roth Design and has received from the Registrar of Copyrights a Certificate of Registration No. VA 0001668155, dated June 12, 2009.  A copy of said certificate is annexed hereto and made a part hereof as Plaintiff's **Exhibit I**.

38.     Express is the sole owner of all right, title and interest in and to the copyright in its Roth Design and the corresponding Certificate of Registration thereof, No. VA 0001668155.

1                    \*     \*     \*

2       39.     As a result of the artistic contributions of Express and Express's

3 promotion of its aforesaid designs, the Express Plaid Designs have become well

4 and favorably known, have met with substantial commercial success, and have

5 become uniquely associated with Express.

6       40.     Subsequent to the creation and/or publication by Express of its

7 copyrighted Express Plaid Designs, Defendants infringed Express's copyrights in

8 said designs by reproducing, displaying, manufacturing, printing, reprinting,

9 publishing, vending, distributing, selling, promoting or advertising said Express

10 Plaid Designs or by causing and/or participating in such reproducing, displaying,

11 manufacturing, printing, reprinting, publishing, vending, distributing, selling,

12 promoting or advertising thereof or by preparing derivative works based upon said

13 copyrighted design.

14       41.     Subsequent to the creation and/or publication by Express of its

15 copyrighted Express Plaid Designs, Defendants, with full knowledge that Express

16 is the author of the Express Plaid Designs, intentionally infringed Express's

17 copyright in said designs by reproducing, displaying, manufacturing, printing,

18 reprinting, publishing, vending, distributing, selling, promoting or advertising said

19 Express Plaid Designs or by causing and/or participating in such reproducing,

20 displaying, manufacturing, printing, reprinting, publishing, vending, distributing,

21 selling, promoting or advertising thereof or by preparing derivative works based

22 upon said copyrighted design.  Color copies of Defendants' infringing copies of

23 Plaintiff's Express Plaid Designs is annexed hereto and made a part hereof as

24 Plaintiff's **Exhibit J** (Bruin), **Exhibit K** (Ocean), **Exhibit L** (Jack), and **Exhibit M**

25 (Roth) (collectively "Defendants' Infringing Plaids").

26 ///

27 ///

28

10.
**COMPLAINT**

42.     Moreover, Defendants' intentional copying includes the replication of Express's Bruin Design in its alternate colorway (Exhibit C), which further evidences Defendants' scrupulous copying of Express's intellectual property.

43.     Upon information and belief, Defendants' merchandise bearing copies of Express's copyrighted Express Plaid Designs have been advertised, offered for sale, sold and distributed throughout the United States including this District.

44.     Express is the original and exclusive publisher of the Express Plaid Designs, and has manufactured reproductions of such designs on men's apparel, including shorts, for sale to the public.  At all times herein mentioned, Express has controlled the quality, quantity and distribution of merchandise bearing its aforesaid designs, within this District and elsewhere throughout the United States, in such a manner so as to maintain the integrity and market value thereof.

**The Express Track Jacket Trade Dress**

45.     Since in or about December 2008 and continuously to date, Express has adopted, used, and is using in interstate commerce throughout the United States, a unique and distinctive trade dress for one of its men's "track jacket" products, which consists of the following features:

1)     Metallic, front zipper and metallic, horizontal chest pocket zipper;

2)     "Passport stamp" emblem and lettering above chest pocket;

3)     Downward vertical, handwritten numbers and lettering outside the right hand jacket pocket;

4)     Grey, stitched patch with white lettering over typed and handwritten numbers and lettering just above the hemline on the right rear of the jacket; and

///

///

5)    Stitched satiny strips of varying widths accenting collar, front zipper, horizontal chest pocket zipper, down side seams and length of sleeves.

(hereinafter the "Track Jacket Trade Dress").  A color copy of Express's Track Jacket Trade Dress is annexed hereto and made a part hereof as Plaintiff's Exhibit N.

46.    The features which comprise the Track Jacket Trade Dress are inherently distinctive and have acquired secondary meaning by virtue of which the public and the trade have come to identify the source and origin of such products with Express and to distinguish them from similar products of others.

47.    The distinctive Track Jacket Trade Dress is widely recognized as originating from Express.  Since its inception in December 2008, garments bearing the Track Jacket Trade Dress have sold well in Express retail stores.

48.    After Express introduced its Track Jacket Trade Dress on the market and after it had become well and favorably known to the public and trade, including Defendants, Defendants adopted and began using a trade dress for Defendants which is virtually identical to and/or a colorable imitation of Express's Track Jacket Trade Dress (hereinafter the "Infringing Jacket").  Color copies of photographs of the Infringing Jacket are annexed hereto and incorporated herein by reference as Plaintiff's **Exhibit O.**

49.    Upon information and belief, Defendants deliberately and intentionally copied Express's Track Jacket Trade Dress.  Color copies of photographs of the distinctive Track Jacket Trade Dress alongside the virtually indistinguishable Infringing Jacket products are annexed hereto and incorporated herein by reference as **Exhibit P.**

///

///

50.     Upon information and belief, Defendants' Infringing Jacket is intended to deliberately trade off the goodwill that Express has established for its Track Jacket Trade Dress.

\*          \*          \*          \*

51.     Upon information and belief, Defendants do not have any in-house design department to create their own garments.  Rather, upon further information and belief, Defendants utilize a "shop and copy" practice whereby they acquire products for sale in their own Forever 21 retail stores by purchasing other companies' products through other retail outlets and directing their manufacturers to manufacture the products with little or no design changes.

52.     Upon information and belief, Defendants' regular business practice of copying other companies' products and appropriating the intellectual property of others for their own use, gain and profit has led to them being named as a defendant in over 50 intellectual property cases within the past seven years.  Upon further information and belief, the Changs have knowledge of, supervise and/or control the activities and operations of Forever 21, including the aforesaid business practice of Defendants and the infringing activities complained of herein, and personally benefited from such activities.

53.     Upon information and belief, at all times mentioned herein, the Changs possessed full knowledge that Express was the creator and sole distributor of the Express Plaid Designs and the owner of the Track Jacket Trade Dress. Nevertheless, upon information and belief, the Changs, together with the Forever 21 Defendants, ordered, directed, authorized and/or caused the manufacture and sale by the Forever 21 Defendants of the items depicted in Exhibits J through M, O, and P.

54.     As part of Defendants' intentional copying of the Express Plaid Designs and the Track Jacket Trade Dress, Defendants have painstakingly

BN 3859575v1

13.

**COMPLAINT**

reproduced the same colorways, scale of design and construction detail found in the original Express garments, such that the Infringing Garments are virtually identical in overall appearance to the original Express garments bearing the Express Plaid Designs and the Track Jacket Trade Dress.

55.    Upon information and belief, as a result of Defendants' applications of their own trademarks and house mark names to the Infringing Garments, Defendants have misled customers of Defendants to erroneously assume or believe that the unauthorized copies displayed, advertised, offered for sale and sold by Defendants originate with Defendants, when, in fact, said designs originate with Express.

56.    All of Defendants' acts as averred herein were performed without the permission, license or authority of Express, and/or were performed in deliberate, intentional, or reckless disregard of Express's rights in its copyrighted Express Plaid Designs and its Track Jacket Trade Dress.

57.    As a result of Defendants' acts as averred herein, including but not limited to their manufacture and sale of Defendants' Infringing Plaids and its Infringing Jacket (collectively "Defendants' Infringing Garments"), Express has suffered substantial injury and damage, and has lost gains, profits and/or advantages, which it otherwise would have obtained, but for Defendants' infringements.

## FIRST CAUSE OF ACTION
### (Copyright Infringement)

58.    Express repeats, realleges and incorporates herein by reference the averments set forth in paragraphs 1 through 44, 51 through 57, inclusive, of this Complaint as if fully set forth herein.

59.    As a result of Defendants' manufacture and/or sales of merchandise bearing the designs as shown in Exhibits J through M, which are substantially

14.
**COMPLAINT**

similar, if not identical, to Express's copyrighted Express Plaid Designs, as shown in Exhibits A, C, D, F, and H, Defendants have willfully and intentionally infringed Express's copyright registration in its Express Plaid Designs in violation of the exclusive rights of Express under §106 of the Copyright Law, Title 17 of the United States Code.

## SECOND CAUSE OF ACTION

### (Trade Dress Infringement)

60.     Express repeats, realleges and incorporates herein by reference the allegations in paragraphs 1 through 16 and 45 through 57 of this Complaint as if fully set forth herein.

61.     From at least as early as December 2008 through the present day, Express used its Track Jacket Trade Dress in interstate commerce to identify the source of its products and to distinguish it from others by prominently displaying Express's Track Jacket Trade Dress on its products.  Through such use and association, Express's Track Jacket Trade Dress has acquired a strong consumer awareness and secondary meaning.  Express's Track Jacket Trade Dress is also arbitrary and non-functional.

62.     The Infringing Jacket products are substantially indistinguishable from and a blatant and obvious imitation of Express's Track Jacket Trade Dress. Both the Track Jacket Trade Dress and the trade dress of the Infringing Jacket products create the same general overall impression and have the same "look and feel."

63.     Defendants have, without permission, willfully, and with the intention of benefiting from the reputation and goodwill of Express, contracted with Defendants for the supply of garments that imitate *inter alia* the shape, coloring, font, size, style, layout, design, language, and appearance of each and every one of the Track Jacket Trade Dress elements depicted in Exhibits N and P attached.

64.     There is a substantial likelihood of confusion among consumers between Track Jacket Trade Dress and the Infringing Jacket.

65.     As a consequence, the Infringing Jacket is likely to deceive and divert and has deceived and diverted customers away from genuine Express products.

66.     The conduct of Defendants, as alleged in the foregoing paragraphs, constitutes trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)), which prohibits the use in commerce in connection with the sale of goods or rendering of any services of any word, term, name, symbol, or device, or any combination thereof that is likely to cause confusion, or to cause mistake, or to deceive as to the source of the goods or services.

67.     As a direct and proximate result of Defendants' willful and wanton conduct, and Defendants' knowing and willful participation thereof, Express has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendants are restrained by this Court from infringing Track Jacket Trade Dress.

68.     Express has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(d).

69.     Express is entitled to recover its actual damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a); treble damages pursuant to 15 U.S.C. § 1117(a) and (b); attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); seizure of all infringing goods pursuant to 15 U.S.C. § 1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. § 1118.

///

///

///

///

///

## THIRD CAUSE OF ACTION

### (Unfair Competition In Violation Of California Business And Professions Code Section 17200)

70.    Express repeats, realleges and incorporates herein by reference the allegations in paragraphs 1 through 16 and 45 through 57 of this Complaint as if fully set forth herein.

71.    The above described wrongful conduct of Defendants, including their trade dress infringement and unfair competition as alleged herein, constitutes unlawful, unfair and/or fraudulent business acts or practices under the Business and Professions Code Section 17200 *et seq.*

72.    Express is informed and believes and thereon alleges that Defendants undertook the acts alleged above willfully, for the purpose of enriching themselves to Express's detriment.

73.    Express is entitled to the disgorgement of profits earned by Defendants as a direct and proximate result of their unlawful and/or unfair business acts or practices.

## FOURTH CAUSE OF ACTION

### (Common Law Unfair Competition)

74.    Express repeats, realleges and incorporates herein by reference the allegations in paragraphs 1 through 16 and 45 through 57 of this Complaint as if fully set forth herein.

75.    Defendants' conduct as alleged herein, including their trade dress infringement and statutory unfair competition was calculated to deceive or confuse the public and to profit Defendants unjustly from the goodwill and reputation of Express.  Defendants' actions constitute unfair competition under the laws of the State of California.

///

76.     As a direct and proximate result of Defendants' unfair competition, Express has incurred and continues to incur substantial damages in an amount according to proof at trial.

77.     As a direct and proximate result of the willful and wanton actions and conduct of Defendants, Express has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendants are restrained by this Court from unfairly competing with Express.

78.     Express has no adequate remedy at law.

79.     In doing the acts alleged herein, Defendants acted with oppression, fraud and malice, and in willful and conscious disregard of the rights of Express, so as to entitle Express to exemplary and punitive damages in an amount according to proof at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Express prays for relief and judgment against Defendants, and each of them, as follows:

1.     Preliminarily, during the pendency of this action, and permanently after final hearing, enjoining Defendants and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them from:

        a.     Copying and/or infringing Express's copyrighted Express Plaid Designs, and from distributing and selling any merchandise bearing any design the same as, substantially similar to or a derivative of Express's said designs;

        b.     Making any unauthorized use or supply of the Express Track Jacket Trade Dress in and to any product, or any reproduction, counterfeit, copy or colorable imitation

thereof, or any trade dress or marks similar thereto, or any other of Track Jacket Trade Dresses, in connection with the sale of any goods or the rendering of any services;

c.     Manufacturing, supplying, distributing, advertising, marketing, promoting, offering for sale, or selling any goods, labels, tags, logos, decals, emblems, signs and other forms of markings, packaging, wrappers, containers and receptacles, catalogs, price lists, promotional materials and the like bearing a reproduction, counterfeit, copy or colorable imitation of the Express Plaid Designs and/or the Track Jacket Trade Dress;

d.     Using any trade dress that may be calculated to falsely represent or that has the effect of falsely representing that the services or products of Defendants are sponsored by, originate with, or are in any way approved by Express;

e.     Falsely representing themselves or their goods or services as affiliated, connected or associated with Express;

f.     Advertising, marketing, promoting, offering for sale, selling, importing, exporting, supplying, distributing, and/or transferring Defendants' Infringing Garments and/or anything substantially similar thereto, or any reproduction, counterfeit, copy or colorable imitation thereof, and/or any other of Express's copyrights or trade dresses;

g.     Advertising, marketing, promoting, offering for sale, selling and/or distributing Defendants' Infringing

Garments and/or anything substantially similar thereto, or any reproduction, counterfeit, copy or colorable imitation thereof, through any means whatsoever, including but not limited to retail, wholesale, mall kiosks, via the internet, mail order, telephone, toll-free or "800" number or any other method of inter- or intrastate commerce; and

h.    Assisting, aiding or abetting any other person or entity from engaging in any of the acts set forth in (a) through (g) above,

(Counts I-IV);

2.    That Defendants be required to effectuate the recall, removal, and return from commercial distribution and/or public display of:

a.    Any product bearing a design substantially similar to the Express Plaid Designs and/or Track Jacket Trade Dress supplied, distributed, imported, exported, advertised, sold, and/or offered for sale by Defendants, their officers, agents, servants, employees, representatives, successors, and assigns, and all persons or entities acting for, with, by, through, or under them; and

b.    Any promotional and/or advertising materials, packaging, labels, or other items bearing designs substantially similar to Track Jacket Trade Dress used or displayed by Defendants, their officers, agents, servants, employees, representatives, successors, and assigns, and all persons and entities acting for, with, by, through, or under them; and

c.    Any pattern or other item used by Defendants, their officers, agents, servants, employees, representatives, successors, and

assigns, and all persons and entities acting for, with, by, through, or under them, to manufacture any product, promotional, and/or advertising materials, packaging, label or other item bearing designs substantially similar to Track Jacket Trade Dress,

(Counts I-IV);

3.      Ordering Defendants to sequester, forfeit and deliver up for destruction all of Defendants' Infringing Garments and components thereof in their possession or control, or in the possession or control of any of their agents, and any and all other goods that infringe the Express Plaid Design and/or Track Jacket Trade Dress (Counts I-IV);

4.      Directing that Defendants deliver up for destruction all catalogues, advertising and promotional materials in their possession, custody or control or in the possession, custody or control of any of their agents that feature any of Defendants' Infringing Garments and any other goods that the court may find infringe the Express Plaid Design and/or Track Jacket Trade Dress (Counts I-IV);

5.      That Defendants, within 30 days after service of Judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Express a written report under oath setting forth the details of how Defendants have complied with Paragraphs 1 through 4 of this Prayer for Relief, above (Counts I-IV);

6.      That Defendants be held liable and be ordered to pay to Express all damages that Express has sustained as a consequence of Defendants' acts of copyright infringement complained of herein, and that Express be awarded the profits of Defendants derived by reason of said acts, or instead of actual damages and profits, an award of statutory damages, pursuant to 17 U.S.C. § 504 (Count I);

7.     For an award of Defendants' gains, profits and advantages derived by them or any of them from their respective trade dress infringement and unfair competition (Counts II-IV);

8.     Ordering Defendants to pay as damages for their conduct alleged herein a sum equal to three times the amount of the actual damages suffered by Express (Count II);

9.     Ordering Defendants to pay an appropriate amount as punitive damages pursuant to California Civil Code § 3294 to deter willful and wanton conduct such as theirs and to avoid future confusion or deception of the public and unfair competition with Track Jacket Trade Dress pursuant to common law (Count IV);

10.    Declaring this case to be an exceptional case within the meaning of 15 U.S.C. § 1117 (Count II);

11.    Awarding Express its costs and attorneys' fees incurred in this action pursuant to 15 U.S.C. § 1117(a) (Count II); and

12.    For such other and further relief as the Court deems just, equitable, and proper (Counts I-IV).

Dated: June 23, 2009            **BUCHALTER NEMER**
                                A Professional Corporation


                                By:_____
                                    RUSSELL L. ALLYN
                                Attorneys for Plaintiff Express, LLC

1

## DEMAND FOR JURY TRIAL

2    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Express,

3    LLC hereby demands a jury trial on all triable issues raised by this Complaint.

4

5    Dated: June 23, 2009

                                            **BUCHALTER NEMER**

6    A Professional Corporation

7

8    By:_____

9    RUSSELL L. ALLYN
                                      Attorneys for Plaintiff Express, LLC

10

11   Co-Counsel for Plaintiff Express, LLC:

12   COLUCCI & UMANS
FRANK J. COLUCCI (*Pending Admission Pro Hac Vice*)
    fcolucci@colucci-umans.com

13   DAVID M. DAHAN (*Pending Admission Pro Hac Vice*)
    ddahan@colucci-umans.com

14   JANICE K. YOON (*Pending Admission Pro Hac Vice*)
    jyoon@colucci-umans.com

15   218 East 50th Street
New York, New York 10022

16

17   Telephone:   212.935.5700
Facsimile:   212.935.5728

18

19

20

21

22

23

24

25

26

27

28

                                        23.
**COMPLAINT**