1  COLUCCI & UMANS
   FRANK J. COLUCCI (*Pro Hac Vice*)
2  fcolucci@colucci-umans.com
   DAVID M. DAHAN (*Pro Hac Vice*)
3  ddahan@colucci-umans.com
   Janice K. Yoon (*Pro Hac Vice*)
4  jyoon@Colucci-umans.com
   218 East 50th Street
5  New York, New York 10022
   Telephone:  212.935.5700
6  Facsimile:  212.935.5728

7  BUCHALTER NEMER

8  Russell L. Allyn (SBN: 143531)
   rallyn@buchalter.com
9
   1000 Wilshire Boulevard, Suite 1500
10 Los Angeles, California 90017-2457
   Telephone: 213.891.0700
11 Facsimile: 213.896.0400

12
   Attorneys for Plaintiff,
13 EXPRESS, LLC

14               **UNITED STATES DISTRICT COURT**

15               **CENTRAL DISTRICT OF CALIFORNIA**

16

17 EXPRESS, LLC,                          ) **Civil Action No.**
                                          ) **2:09-cv-04514-ODW-VBK**
18         Plaintiff,                      )
                                          )
19      v.                                )
                                          )
20 FOREVER 21, INC.; FOREVER 21           )
   LOGISTICS, LLC; FOREVER 21             )
21 RETAIL, INC.; JIN SOOK CHANG;          ) **PLAINTIFF'S SUPPLEMENTAL**
   DO WON CHANG; and DOES 1               ) **MEMORANDUM IN OPPOSITION**
22 through 10, inclusive,                 ) **TO DEFENDANTS' REQUEST**
                                          ) **FOR A PROTECTIVE ORDER**
23         Defendants.                     )
                                          ) **HONORABLE VICTOR B. KENTON**
24                                         )
                                          )
25                                         )
                                          )
26                                         )
                                          )
27                                         )
                                          )
28

# I.   **PRELIMINARY STATEMENT**

Plaintiff, Express ("Plaintiff" or "Express") respectfully submits this memorandum of law pursuant to Local Rule 37-2.3 to supplement the joint stipulation relating to Defendants' motion for a protective order precluding the depositions of Do Won Chang and Jin Sook Chang that was filed with the Court on October 27, 2009 (the "Joint Stipulation").

The facts underlying this case, which Plaintiff filed to enforce its intellectual property rights against Defendants' intentional infringement of four registered copyrights and one trade dress, are fully set forth in the Complaint, the Joint Stipulation and the supporting Declaration of Frank J. Colucci ("Colucci Decl."). As set forth herein, and as discussed in Express's portion of the Joint Stipulation, Defendants' motion for a protective order to prevent Express from taking the depositions of Jin Sook Chang and Do Won Chang should be denied in its entirety and their depositions should be permitted to proceed forthwith.

# II.   **ARGUMENT**

On September 15, 2009, Express noticed the depositions of Jin Sook Chang and Do Won Chang ("the Changs"), two individually named defendants in this action.  However, Defendants refused to produce the Changs for deposition and seek a protective order foreclosing any deposition testimony from these party-defendants, because, according to declarations prepared for and executed by the Changs, they lack "direct knowledge" regarding the issues in this case.

Defendants' motion for a protective order comes on the heels of their failure to provide any documents whatsoever or provide any substantive information in response to Express's First Sets of Interrogatories and Requests for Production. The parties held a meet and confer to discuss these deficient responses and hopefully resolve them without the intervention of the Court on October 26, 2009. During this meet and confer Defendants' counsel indicated that they would provide documents and supplemental discovery responses.  Despite Defendants'

representations, however, and despite the fact that defendants' responses were due on October 19, 2009, Defendants' have failed to supplement their responses or produce a single document in this case to date.  As a result of Defendants' intentional withholding of discovery and attempt herein to further preclude discovery, plaintiff is without the most basic information in this case, such as the number of units of the allegedly infringing merchandise sold.  Defendants' recalcitrance is particularly unwarranted in light of the Court's instruction to the parties in its Order of August 24, 2009 to begin meaningful discovery forthwith.

Given Fed. R. Civ. P. 30(a)'s broad granting of a party's right to depose any person, including a party, without leave of court, good cause must exist for the Court to issue a protective order barring a deposition pursuant to Rule 26(c). *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.")).  The Ninth Circuit mandates that the party moving for a protective order, *i.e.*, Forever 21, satisfy a "heavy burden" of showing why the discovery should not be conducted. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

As an initial matter, the Changs are individually named defendants in this action and, as such, the "apex deposition" doctrine, which is intended to preclude the depositions of high-ranking corporate executives, does not apply.  Plaintiff alleges that the Changs themselves are directly liable to Plaintiff for the infringements alleged in the Complaint.  Consequently, since the Changs, as individual defendants, have not moved to dismiss themselves from this action, discovery with respect to their involvement with the infringements at hand in this matter is critical.  To preclude Plaintiff from taking their depositions would amount to a *de facto* dismissal of its claims against the Changs since it will be unable to obtain testimony to prove its case against the Changs.

1    Furthermore, there is a substantial basis upon which to conclude that the

2 depositions of the Changs will be likely to lead to the discovery of admissible

3 evidence in this action with respect to their own liability as well as that of the

4 company that they co-founded, Forever 21.  As the Southern District of New York

5 held in another infringement action in denying a protective order precluding the

6 depositions of the Changs in that case:

7          Forever 21 has a gargantuan record as a defendant in infringement

8          cases, and it is plainly within the purview of relevant discovery for

9          plaintiff to pursue the question of that defendant's business model,

10          which presumably was developed and/or approved by the two co-

11          founders of the business.

12 (Colucci Decl., Ex.4; *Anthropologie, Inc. v. Forever 21, Inc. et al.*, 07 Civ. 7873

13 (RJS) (MHD), March 10, 2009 Memorandum & Order).

14          Consequently, it is apparent that the Changs have involvement in the day-

15 today operations of Forever 21, which, given this record of alleged infringement, is

16 itself a basis to depose them.  Moreover, given their "gargantuan record" to the tune

17 of over 50 lawsuits over the past several years alleging intellectual property

18 violations, there is a substantial and good faith belief that they are personally

19 knowledgeable with respect to the very infringements at issue in this case.

20          When the foregoing facts are considered, the perfunctory, self-serving

21 statements in the Changs' declarations, which were no doubt drafted by their

22 counsel, that they lack "direct" knowledge of the specific facts at hand in this case,

23 ring hollow.  First, Plaintiff is plainly entitled to probe the Changs with respect to

24 the scope and veracity of the statements in their declarations, particularly given

25 that the Changs have a known history of giving less than accurate attestations in

26 prior infringement actions regarding their lack of knowledge of the relevant issues

27 and deliberately redacting documents so as to conceal Ms. Chang's involvement as

28

1  a buyer in the activities forming the basis of an infringement action. (*See* Colucci
2  Decl., Exs. 4, 6)

3       Moreover, while Ms. Chang claims that "any knowledge that [she] might
4  have," implying that there is, in fact, knowledge, would be "duplicative of the
5  knowledge of lower-level Forever 21 employees." (J.S. Chang Decl., ¶ 4.), this
6  claimed "duplicity" of testimony is not a basis for an order completely precluding
7  discovery with respect to Ms. Chang either as a party-defendant, or as the co-
8  founder of a company that allegedly employs a "shop and copy" business practice,
9  since this alleged practice "presumably was developed and/or approved by the two
10  co-founders of the business." (Colucci Decl., Ex. 4, March 10, 2009
11  Memorandum & Order at 3.)

12       Lastly, Defendants provide no evidence that any harm, undue burden or
13  inconvenience would result from the depositions going forward. Given that there
14  would be no undue burden to the Changs, who have both been deposed and Mrs.
15  Chang testified at trial in recent months, there is no basis to require Plaintiff to seek
16  other methods of discovery prior to deposing the Changs to determine the Changs.
17  The most efficient and direct method of obtaining discovery from the Changs is to
18  take their depositions and Plaintiff should be permitted to do so.

19  **III.  CONCLUSION**

20       For all the reasons set forth above and contained in Plaintiff's portion of the
21  Joint Stipulation, Express respectfully requests the Court to deny Defendants'
22  motion for a protective order precluding the depositions of Do Won Chang and Jin
23  Sook Chang in its entirety.

24
25
26
27
28

Dated:     New York, New York
           November 3, 2009

COLUCCI & UMANS


By: /s/ Frank J. Colucci
Frank J. Colucci (*Pro Hac Vice*)
David M. Dahan (*Pro Hac Vice*)
COLUCCI & UMANS
218 East 50th Street
New York, New York 10022
Telephone: (212) 935-5700
Facsimile: (212) 935-5728
Emails: FColucci@colucci-umans.com
         DDahan@colucci-umans.com

Attorneys for Plaintiff

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on November 3, 2009, the foregoing document described

3 as **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO**

4 **DEFENDANTS' REQUEST FOR A PROTECTIVE ORDER** was filed

5 electronically via the Court's Electronic Case Filing System and automatically

6 served upon all counsel of record through the transmission of the Notice of

7 Electronic Filing.

8

9                                                   /s/ Michael J. Pampalone, III

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28