# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-04514-ODW (VBKx) | Date | November 3, 2009 |
| Title | Express, LLC v. Forever 21, Inc., et al. | | |

| Present: The Honorable | Victor B. Kenton, United States Magistrate Judge | |
|---|---|---|
| Roxanne Horan | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:　　　　　　Attorneys Present for Defendants:

None Present　　　　　　　　　　　　　　None Present

**Proceedings:**　　**DEFENDANTS' REQUEST FOR A PROTECTIVE ORDER WITH RESPECT TO THE DEPOSITIONS OF DO WON CHANG AND JIN SOOK CHANG**

The Court has received and reviewed the following documents: "Defendants' Notice of Motion and Motion for a Protective Order with Respect to the Depositions of Do Won Chang and Jin Sook Chang; "[Proposed] Order Granting Defendants' Motion for a Protective Order with Respect to the Depositions of Do Won Chang and Jin Sook Chang;" "Joint Stipulation re Defendants' Motion for a Protective Order with Respect to the Depositions of Do Won Chang and Jin Sook Chang" and "Stipulated Protective Order." The Court determines that a hearing is not necessary in this matter (see Local Rule 7-15), and consequently, the motion hearing calendared for November 17, 2009 is **HEREBY VACATED**.

This intellectual property action alleges copyright infringement concerning fabric patterns and products. The proposed deponents, Jin Sook Chang ("Jin") and Do Won Chang ("Do") are the founders and majority owners of Defendant Forever 21, Inc. ("Forever 21"). In addition, Do is the Chief Executive Officer ("CEO"), and Jin in the Corporate Secretary. (See Declarations of Jin and Do, attached to the Joint Stipulation ("JS").

In alleging infringement, Express asserts that Forever 21 has a business model called "shop and copy" by which it acquires products resold at its own retail stores by purchasing the competing products of other companies and directing manufacturers to produce those products with little or no design changes. (See JS at 3.) Express takes the position that this "shop and copy" business model was conceived by Jin and Do, put into place by them, and they continue to supervise and manage it on a daily basis.

The Court notes that Express has served a substantial amount and variety of written discovery, including Interrogatories to Forever 21 and to Jin and Do, and Requests for Production of Documents to the same parties. (JS at 5.)

Forever 21 takes the position that Jin and Do do not have first-hand knowledge of the matters concerned in this lawsuit, and if they do, it is cumulative or identical to the knowledge of four identified lower-level employees of Forever 21 who have been made available for deposition. (JS at 6.) Express notes that it is

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04514-ODW (VBKx) | Date | November 3, 2009 |
|---|---|---|---|
| Title | Express, LLC v. Forever 21, Inc., et al. | | |

dissatisfied with the answers of all the Defendants to the First Sets of Interrogatories and Requests for Production, which are not part of any current Motion to Compel. (JS at 7.) Further, while the Defendants assert that Jin and Do are "apex" parties, Express takes the position that Jin and Do are named parties, and the "apex" reasoning is therefore inapplicable.

Finally, the Court notes that Jin and Do have not raised any particular issues of burdensomeness or oppression which would be entailed in the taking of their depositions.

While Jin and Do in their Declarations profess to have "no direct personal knowledge" regarding the garments which are at issue in this case, even if those statements were to be accepted by the Court, that would not be a dispositive factor. Express asserts that the "shop and copy" business model to which it alleges it has fallen victim in this case is in fact the pervasive corporate policy of Forever 21, engineered and managed by Jin and Do. Moreover, Express presents evidence that Forever 21 has been named in a large number of lawsuits which concern similar allegations as are raised in this case by Express, and in those cases, Express has produced evidence tending to show that Jin and Do did have knowledge and control both of the particular fabrics or products involved, and of corporate policy relating to the asserted copyright infringement. (See Declaration of Frank J. Colucci, and exhibits thereto.) For example, Express produces a letter from counsel for Plaintiff in a recent litigation (Anna Sui Corp. v. Forever 21, et al., Case No. 1:07-CV-03235-TPG, Southern District of New York), in which Plaintiff's counsel alleged that through discovery, it was learned that with regard to the selection and purchase of garments sold through Forever 21, both Jin and Do were involved in the decisions and implementations of the purchase and sales of the garments at issue in the case. (See Exhibit 1 to Colucci Declaration.)

The Court sees no reason to prohibit or limit the depositions of Jin and Do by Express, with the following caveat. Absent other Order of Court, Express will be limited to one seven-hour deposition of each of these deponents, taken in their personal capacity. If Express elects to take these depositions prior to receipt of written discovery from the Defendants, or before any Motion to Compel is determined with regard to any asserted inadequacy of the Defendants' responses to the written discovery, it does so at its peril. The Court will not be favorably inclined to extend the taking of these depositions based on a later argument that Express received inadequate discovery responses, or that additional matters were learned through discovery which require further deposition testimony from either of these deponents.

Based on the foregoing, the Defendants' Motion for Protective Order is **HEREBY DENIED**.

**IT IS SO ORDERED**.

|  | : |
|---|---|
| Initials of Preparer | RH |