RUSS, AUGUST & KABAT
Larry C. Russ, State Bar No. 82768
lruss@raklaw.com
Nathan D. Meyer, State Bar No. 239850
nmeyer@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile:(310) 826-6991

Attorneys for Defendants
Forever 21, Inc., Forever 21
Logistics, Inc., Forever 21
Retail, Inc., Jin Sook Chang,
and Do Won Chang

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPRESS LLC,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>FOREVER 21, INC.; FOREVER 21 LOGISTICS, INC.; FOREVER 21 RETAIL, INC.; JIN SOOK CHANG; DO WON CHANG; WHITE OWL CLOTHING, INC.; STEPS APPAREL GROUP, INC. dba STEPS OF CA; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. CV09-04514 ODW (VBK)<br><br>**FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADE DRESS INFRINGEMENT, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: June 23, 2009 |

RUSS, AUGUST & KABAT

2923-003 091221 Answer to FAC.doc

1

Defendants Forever 21, Inc., Forever 21 Logistics, LLC, Forever 21 Retail, Inc., Jin Sook Chang, and Do Won Chang (collectively, "Forever 21 and Chang Defendants"), by and through their undersigned attorneys, answer the First Amended Complaint ("Complaint") for Copyright Infringement, Trade Dress Infringement, and Unfair Competition of Plaintiff Express LLC ("Plaintiff") as follows.   For the Court's convenience, each numbered paragraph of the Complaint is reproduced below, followed by Defendant's response.

**JURISDICTION AND VENUE**

    1.    **COMPLAINT:**

This is an action for: (a) copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. §101 *et seq.*; (b) trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); (c) unfair competition and unlawful and deceptive acts and practices in violation of California Business and Professional Code §17200; and (d) unfair competition under California common law; all of which activities have occurred in this District and elsewhere in interstate commerce, and in commerce with the United States.

**ANSWER TO PARAGRAPH NO. 1**

Forever 21 and Chang Defendants admit that Plaintiff purports to state causes of action for (a) copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. §101 *et seq.*; (b) trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); (c) unfair competition and unlawful and deceptive acts and practices in violation of California Business and Professional Code §17200; and (d) unfair competition under California common law.   Forever 21 and Chang Defendants expressly deny that they have engaged in any of the wrongful or illegal activities alleged in the Complaint in this District or elsewhere in interstate commerce or in commerce with the United States.

RUSS, AUGUST & KABAT

FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR

RUSS, AUGUST & KABAT

1  **2.    COMPLAINT:**

2  This Court has jurisdiction over the claims set forth in this Complaint pursuant

3  to Section 39 of the Lanham Act 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a)

4  and (b).  This Court has supplemental jurisdiction over claims in this Complaint that

5  arise    under    state    statutory    and    common    law    pursuant    to

6  28 U.S.C. § 1367 in that the state law claims are so related to the federal claims that

7  they form part of the same case of controversy and derive from a common nucleus

8  of operative facts.

9  **ANSWER TO PARAGRAPH NO. 2**

10  Forever 21 and Chang Defendants admit that this Court has subject matter

11  jurisdiction over this action.

12  **3.    COMPLAINT:**

13  Defendants, Forever 21, Inc., Forever 21 Logistics, LLC, and Forever 21

14  Retail, Inc. ("the Forever 21 Defendants"), are subject to the personal jurisdiction of

15  this Court pursuant to California Code of Civil Procedure § 410.10 because, upon

16  information and belief, these Defendants either do business throughout this state,

17  including this District, or are incorporated in the State of California.

18  **ANSWER TO PARAGRAPH NO. 3**

19  The allegations in Paragraph 3 of the Complaint state legal conclusions to

20  which no responsive pleading is required.  To the extent a responsive pleading is

21  deemed to be required, Defendants Forever 21, Inc., Forever 21 Logistics, LLC, and

22  Forever 21 Retail, Inc. do not contest personal jurisdiction in this District.

23  **4.    COMPLAINT:**

24  Defendants, Jin Sook Chang and Do Won Chang are subject to personal

25  jurisdiction in this Court pursuant to California Code of Civil Procedure § 410.10

26  because, *inter alia*, upon information and belief, they are individuals residing in

27  this District and are regularly employed within this District by the Forever 21

28

1   Defendants and/or directly, and through agents, regularly create, produce,

2   manufacture, and/or supply clothing in the State of California with the knowledge

3   and purpose of offering their clothing for sale in this state, including this District.

4   Accordingly, these Defendants maintain substantial or continuous and systematic

5   contacts with the State of California and have purposely availed themselves of the

6   economic benefits of transacting business in this State.

7   **ANSWER TO PARAGRAPH NO. 4**

8        The allegations in Paragraph 4 of the Complaint state legal conclusions to

9   which no responsive pleading is required.  To the extent a responsive pleading is

10   deemed to be required, Defendants Jin Sook Chang and Do Won Chang do not

11   contest personal jurisdiction in this District.

12   **5.   COMPLAINT:**

13        Defendant, White Owl Clothing, Inc. ("White Owl Clothing") is subject to the

14   personal jurisdiction of this Court pursuant to California Code of Civil Procedure §

15   410.10 because, upon information and belief, White Owl Clothing either does

16   business throughout this state, including this District, or is incorporated in the State

17   of California.

18   **ANSWER TO PARAGRAPH NO. 5**

19        The allegations in Paragraph 5 of the Complaint state legal conclusions to

20   which no responsive pleading is required. To the extent a responsive pleading is

21   deemed to be required, the Forever 21 and Chang Defendants are without

22   information or knowledge sufficient to form a belief as to the truth of the allegations

23   in Paragraph 5 of the Complaint and on that basis deny those allegations.

24   **6.   COMPLAINT:**

25        Defendant, Steps Apparel Group, Inc. dba Steps of CA ("Steps of CA") is

26   subject to the personal jurisdiction of this Court pursuant to California Code of Civil

27   Procedure § 410.10 because, upon information and belief, Steps of CA either does

28

RUSS, AUGUST & KABAT

2923-003 091221 Answer to FAC.doc

4

business throughout this state, including this District, or is incorporated in the State of California. (White Owl Clothing and Steps of CA are referred to collectively herein as "the Supplier Defendants.")

**ANSWER TO PARAGRAPH NO. 6**

The allegations in Paragraph 6 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, the Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and on that basis deny those allegations.

7.   **COMPLAINT:**

Venue in this Court is proper pursuant to 28 U.S.C. § 1391 in that the parties are located in or transact their affairs in this District, and/or a substantial part of the events or omissions giving rise to the claims occurred in this District, and because all parties are subject to personal jurisdiction in this Court.

**ANSWER TO PARAGRAPH NO. 7**

The allegations in Paragraph 7 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants deny that they have committed any acts or omissions that give rise to the claims in the Complaint and further deny that they have interfered with or violated any lawful right of Plaintiff in this District or anywhere else. Notwithstanding the above, Forever 21 and Chang Defendants do not contest jurisdiction in this District.

RUSS, AUGUST & KABAT

**PARTIES**

    **8.**    **COMPLAINT:**

Express is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at One Limited Parkway, Columbus, Ohio 43230.

**ANSWER TO PARAGRAPH NO. 8**

Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and on that basis deny those allegations.

    **9.**    **COMPLAINT:**

Upon information and belief, Defendant Forever 21, Inc. is a Delaware corporation, with its principal place of business and executive offices at 2001 S. Alameda Street, Los Angeles, California 92663. Forever 21, Inc. is doing business throughout the State of California, including this District.

**ANSWER TO PARAGRAPH NO. 9**

Forever 21 and Chang Defendants admit the allegations in Paragraph 9 of the Complaint.

    **10.**    **COMPLAINT:**

Upon information and belief, Defendant Forever 21 Logistics, LLC is a Delaware limited liability company, with its principal place of business and executive offices at 9 East Lookerman Street, Dover, Delaware 19901. Forever 21 Logistics, LLC is doing business throughout the State of California, including this District.

**ANSWER TO PARAGRAPH NO. 10**

Forever 21 and Chang Defendants deny that Forever 21 Logistics, LLC has a principal place of business at 9 East Lookerman Street, Dover, Delaware 19901.

2923-003 091221 Answer to FAC.doc

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

1  Forever 21 and Chang Defendants admit the remaining allegations in Paragraph 10

2  of the Complaint.

3  **11.    COMPLAINT:**

4  Upon information and belief, Defendant Forever 21 Retail, Inc. is a California

5  corporation, with its principal place of business and executive offices at 2001 S.

6  Alameda Street, Los Angeles, California 92663.   Forever 21 Retail, Inc. is doing

7  business throughout the State of California, including this District.

8  **ANSWER TO PARAGRAPH NO. 11**

9  Forever 21 and Chang Defendants admit the allegations in Paragraph 11 of the

10  Complaint.

11  **12.    COMPLAINT:**

12  Upon information and belief, Jin Sook Chang ("Jin Chang") is the co-owner

13  and co-founder of the Forever 21 Defendants.   Upon information and belief, Jin

14  Chang is the Head Buyer of the Forever 21 Defendants and supervises and/or

15  controls the activities and operations of the Forever 21 Defendants.   Upon further

16  information and belief, Jin Chang resides at 2700 Bowmont Drive, Beverly Hills,

17  California 90210, within this District.

18  **ANSWER TO PARAGRAPH NO. 12**

19  Defendants deny that Jin Sook Chang is the co-owner and co-founder of the

20  Forever 21 Defendants.  Defendants further deny that Jin Sook Chang is the Head

21  Buyer of the Forever 21 Defendants and supervises and/or controls the activities

22  and operations of the Forever 21 Defendants.    Forever 21 and Chang Defendants

23  admit that Jin Sook Chang resides in this District.

24  **13.    COMPLAINT:**

25  Upon information and belief, Do Won Chang is the co-owner, co-founder and

26  Chief Executive Officer of the Forever 21 Defendants.   Upon information and

27  belief, Do Won Chang supervises and/or controls the activities and operations of the

28

Forever 21 Defendants.   Upon further information and belief, Do Won Chang resides at 2700 Bowmont Drive, Beverly Hills, California 90210.  (Jin Chang and Do Won Chang are referred to collectively herein as "the Changs.")

**ANSWER TO PARAGRAPH NO. 13**

Forever 21 and Chang Defendants admit that Do Won Chang is the co-owner and co-founder of the Forever 21 Defendants.  Forever 21 and Chang Defendants admit that Do Won Chang resides in this District.   Forever 21 and Chang Defendants deny that Do Won Chang supervises and/or controls the activities and operations of the Forever 21 Defendants.

**14.   COMPLAINT:**

Upon information and belief, Defendant White Owl Clothing is a California corporation, with its principal place of business and executive offices at 2675 Custom House Plaza, Suite H, San Diego, California 92154.  White Owl Clothing is doing business throughout the State of California, including this District.

**ANSWER TO PARAGRAPH NO. 14**

The allegations in Paragraph 14 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, the Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and on that basis deny those allegations.

**15.   COMPLAINT:**

Upon information and belief, Defendant Steps of CA is a company having its principal place of business and executive offices at 2155 East Seventh Street, Suite 125, Los Angeles, California 90023.  Steps of CA is doing business throughout the State of California, including this District.

RUSS, AUGUST & KABAT

FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR

**ANSWER TO PARAGRAPH NO. 15**

The allegations in Paragraph 15 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, the Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and on that basis deny those allegations.

**16.    COMPLAINT:**

Express is presently unaware of the names and true capacities of Defendants, whether individual, corporate, and/or partnership entities names herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Express will seek leave to amend this Complaint when their true names and capacities are ascertained. Express is informed and believes, and based thereon alleges, that at all relevant times herein, the Forever 21 Defendants, the Changs, the Supplier Defendants, and each of the Defendants, including DOES 1 through 10, inclusive, (collectively "Defendants") directed, knew, or reasonably should have known of the acts and behavior alleged herein and the damage caused thereby, and by their actions and/or inactions directed, ratified, and encouraged such acts and behavior. Express further alleges that Defendants and each of them had a non-delegable duty to prevent such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

**ANSWER TO PARAGRAPH NO. 16**

The allegations in Paragraph 12 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants deny the allegations in Paragraph 16 of the Complaint.

RUSS, AUGUST & KABAT

**FACTUAL BACKGROUND**

**EXPRESS'S PRODUCTS AND DEFENDANTS' WRONGFUL CONDUCT**

   **17.   COMPLAINT:**

   Express is a retailer of high quality, fashionable merchandise, including apparel, designed, developed and marketed for women and men.   Since 1980, Express and its predecessors have manufactured and sold merchandise in their eponymous EXPRESS retail store, of which there are currently over 550 locations throughout the United States, including the State of California and this District.   In addition, Express also owns and operates a website located on the internet at www.express.com, which advertises and promotes its merchandise to the public.

   **ANSWER TO PARAGRAPH NO. 17**

   Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and on that basis deny those allegations.

   **18.   COMPLAINT:**

   Express's products have enjoyed substantial success in the marketplace and enjoy wide recognition amongst the public and the trade, and products sold in EXPRESS retail stores and through its website are renown for being stylistic, distinctive and being of the highest quality.

   **ANSWER TO PARAGRAPH NO. 18**

   Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and on that basis deny those allegations.

   **19.   COMPLAINT:**

   Upon information and belief, Defendants operate a chain of over 400 retail stores throughout the United States through which they sell inexpensively priced apparel and accessories, through their Forever 21, XXI Forever, Heritage 1981, For

RUSS, AUGUST & KABAT

2923-003 091221 Answer to FAC.doc

10

Love 21, Gadzooks, and Reference retail stores, among others.  Defendants also own and operate a website located on the internet at www.forever21.com through which the Forever 21 Defendants sell their merchandise throughout the United States and worldwide.

**ANSWER TO PARAGRAPH NO. 19**

Forever 21 and Chang Defendants admit that Forever 21 Retail, Inc. operates retail stores throughout the United States.   Forever 21 and Chang Defendants further admit that Forever 21 Retail Inc. owns and operates a website that is available at www.forever21.com.  Forever 21 and Chang Defendants deny all of the allegations in Paragraph 15 of the Complaint with respect to Forever 21, Inc., Forever 21 Logistics, Inc., Jin Sook Chang and Do Won Chang.

**20.    COMPLAINT:**

Upon information and belief, Defendants have a net worth in excess of nearly $2 Billion Dollars and are one of the largest privately held corporations in the United States.

**ANSWER TO PARAGRAPH NO. 20**

The allegations in Paragraph 20 of the Complaint are vague with respect to the terms "net worth" and "largest."   Accordingly, Forever 21 and Chang Defendants have no basis to either admit or deny the allegations in Paragraph 20.

**21.    COMPLAINT:**

Upon information and belief, the Supplier Defendants have knowingly and deliberately entered into contracts with the Forever 21 Defendants and the Changs for the manufacture and sale of clothing, at least one of which garments is at issue in this case, to be sold throughout the United States in Forever 21's retail stores and website, including the State of California and this District.

11

FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR

RUSS, AUGUST & KABAT

**ANSWER TO PARAGRAPH NO. 21**

The Forever 21 and Chang Defendants admit that Forever 21, Inc. entered into contracts with the Supplier Defendants for the purchase of certain garments.  Forever 21 and Chang Defendants deny the remaining allegations of Paragraph 21 of the complaint with respect to Forever 21, Inc.  Forever 21 and Chang Defendants deny all of the allegations of Paragraph 21 of the complaint with respect to Forever 21 Retail, Inc., Forver 21 Logistics, LLC, Do Won Chang, and Jin Sook Chang.

**The Express Copyrights**

22.    **COMPLAINT:**

Express created and developed several fabric patterns featuring unique and original plaid designs (collectively "Express Plaid Designs"), which are set forth below.  Color copies of the Express Plaid Designs are annexed hereto and made a part hereof as Plaintiff's Exhibits A,C,D,F and H.

**ANSWER TO PARAGRAPH NO. 22**

Forever 21 and Chang Defendants admit that Plaintiff has attached what purport to be color copies of the Express Plaid Designs as Plaintiff's Exhibits A,C,D,F and H.  With respect to the remaining allegations in Paragraph 22 of the Complaint, Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of those allegations and on that basis deny those allegations.

**The "Bruin" Copyright**

23.    **COMPLAINT:**

Express's Bruin Design was created as a work made for hire on its behalf during the year 2007.  Subsequent to the creation of the Bruin Design, Express began to develop a line of men's shorts bearing the Bruin Design intended for sale in Express retail stores, catalogs and/or internet website.  A color copy of Express's Bruin Design is annexed hereto and made a part hereof as Plaintiff's **Exhibit A.**

2923-003 091221 Answer to FAC.doc

FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR

RUSS, AUGUST & KABAT

**ANSWER TO PARAGRAPH NO. 23**

Forever 21 and Chang Defendants admit that Plaintiff has annexed what purports to be a color copy of Express's Bruin Design to the Complaint as Plaintiff's **Exhibit A.** With respect to the remaining allegations in Paragraph 23 of the Complaint, Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the those allegations and on that basis deny those allegations.

24.    **COMPLAINT:**

Express's Bruin Design contains material wholly original with Express and constitutes copyrightable subject matter under the Copyright Law of the United States.

**ANSWER TO PARAGRAPH NO. 24**

The allegations in Paragraph 24 of the Complaint state legal conclusions to which no responsive pleading is required.  To the degree a responsive pleading is deemed to be required, Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and on that basis deny those allegations.

25.    **COMPLAINT:**

The first publication of the Bruin Design was on or about December 15, 2007, when men's shorts bearing the Bruin Design were first offered for sale in Express retail stores nationwide.

**ANSWER TO PARAGRAPH NO. 25**

Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and on that basis deny those allegations.

**26.   COMPLAINT:**

Since the publication date of the Bruin Design, Express had complied in all respects with the Copyright Revision Act of 1976, Title 17, United States Code, and all other laws governing copyright, has secured the exclusive rights and privileges in and to the copyright of said Bruin Design and has received from the Registrar of Copyrights a Certificate of Registration No. VA 0001668158, dated June 12, 2009. A copy of said certificate is annexed hereto and made part hereof as Plaintiff's **Exhibit B.**

**ANSWER TO PARAGRAPH NO. 26**

Forever 21 and Chang Defendants admit that Plaintiff has annexed what purports to be a copy of Certificate of Registration No. VA 0001668158, dated June 12, 2009 to the Complaint as Plaintiff's **Exhibit B.**   With respect to the remaining allegations in Paragraph 26 of the Complaint, Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the those allegations and on that basis deny those allegations.

**27.   COMPLAINT:**

Express is the sole owner of all right, title and interest in and to the copyright in its Bruin Design and the corresponding Certificate of Registration thereof, No. VA 0001668158.

**ANSWER TO PARAGRAPH NO. 27**

Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and on that basis deny those allegations.

**28.   COMPLAINT:**

In addition, Express has offered men's shorts bearing the Bruin Design in an alternate colorway for sale in Express retail stores nationwide.   A color copy of the

RUSS, AUGUST & KABAT

FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR

Bruin Design in an alternate colorway is annexed hereto and made a part hereof as Plaintiff's **Exhibit C.**

### ANSWER TO PARAGRAPH NO. 28

Forever 21 and Chang Defendants admit that Plaintiff has annexed what purports to be a color copy of the Bruin Design in an alternate colorway to the Complaint as Plaintiff's **Exhibit C.** With respect to the remaining allegations in Paragraph 28 of the Complaint, Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the those allegations and on that basis deny those allegations.

### The "Ocean" Copyright

**29.**   **COMPLAINT:**

Express's Ocean Design was created as a work made for hire on its behalf during the year 2007. Subsequent to the creation of the Ocean Design, Express began to develop a line of men's shorts bearing the Ocean Design intended for sale in Express retail stores, catalogs and/or internet website. A color copy of Express's Ocean Design is annexed hereto and made a part hereof as Plaintiff's **Exhibit D.**

### ANSWER TO PARAGRAPH NO. 29

Forever 21 and Chang Defendants admit that Plaintiff has annexed what purports to be a color copy of Express's Ocean Design to the Complaint as Plaintiff's **Exhibit D.** With respect to the remaining allegations in Paragraph 29 of the Complaint, Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the those allegations and on that basis deny those allegations.

**30.**   **COMPLAINT:**

Express's Ocean Design contains material wholly original with Express and constitutes copyrightable subject matter under the Copyright Law of the United States.

FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

**ANSWER TO PARAGRAPH NO. 30**

The allegations in Paragraph 30 of the Complaint state legal conclusions to which no responsive pleading is required.  To the degree a responsive pleading is deemed to be required, Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and on that basis deny those allegations.

**31.    COMPLAINT:**

The first publication of the Ocean Design was on or about April 5, 2008, when men's shorts bearing the Ocean Design were first offered for sale in Express retail stores nationwide.

**ANSWER TO PARAGRAPH NO. 31**

Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and on that basis deny those allegations.

**32.    COMPLAINT:**

Since the publication date of the Ocean Design, Express had complied in all respects with the Copyright Revision Act of 1976, Title 17, United States Code, and all other laws governing copyright, has secured the exclusive rights and privileges in and to the copyright of said Ocean Design and has received from the Registrar of Copyrights a Certificate of Registration No. VA 0001668156, dated June 12, 2009. A copy of said certificate is annexed hereto and made part hereof as Plaintiff's **Exhibit E.**

**ANSWER TO PARAGRAPH NO. 32**

Forever 21 and Chang Defendants admit that Plaintiff has annexed what purports to be a copy of Certificate of Registration No. VA 0001668156, dated June 12, 2009 to the Complain as Plaintiff's **Exhibit E.**  With respect to the remaining allegations in Paragraph 32 of the Complaint, Forever 21 and Chang Defendants are

1 without information or knowledge sufficient to form a belief as to the truth of the

2 those allegations and on that basis deny those allegations.

3     **33.    COMPLAINT:**

4     Express is the sole owner of all right, title and interest in and to the copyright

5 in its Ocean Design and the corresponding Certificate of Registration thereof, No.

6 VA 0001668156.

7     **ANSWER TO PARAGRAPH NO. 33**

8     Forever 21 and Chang Defendants are without information or knowledge

9 sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the

10 Complaint and on that basis deny those allegations.

11 **The "Jack" Copyright**

12     **34.    COMPLAINT:**

13     Express's Jack Design was created as a work made for hire on its behalf

14 during the year 2007.  Subsequent to the creation of the Jack Design, Express began

15 to develop a line of men's shorts bearing the Jack Design intended for sale in

16 Express retail stores, catalogs and/or internet website.  A color copy of Express's

17 Jack Design is annexed hereto and made a part hereof as Plaintiff's **Exhibit F.**

18     **ANSWER TO PARAGRAPH NO. 34**

19     Forever 21 and Chang Defendants admit that Plaintiff has annexed what

20 purports to be a color copy of Express's Jack Design to the Complaint as Plaintiff's

21 **Exhibit F.** With respect to the remaining allegations in Paragraph 34 of the

22 Complaint, Forever 21 and Chang Defendants are without information or

23 knowledge sufficient to form a belief as to the truth of the those allegations and on

24 that basis deny those allegations.

25

26

27

28     <sub></sub>2923-003 091221 Answer to FAC.doc

17

**35. COMPLAINT:**

Express's Jack Design contains material wholly original with Express and constitutes copyrightable subject matter under the Copyright Law of the United States.

**ANSWER TO PARAGRAPH NO. 35**

The allegations in Paragraph 30 of the Complaint state legal conclusions to which no responsive pleading is required. To the degree a responsive pleading is deemed to be required, Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and on that basis deny those allegations.

**36. COMPLAINT:**

The first publication of the Jack Design was on or about January 12, 2008, when men's shorts bearing the Jack Design were first offered for sale in Express retail stores nationwide.

**ANSWER TO PARAGRAPH NO. 36**

Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and on that basis deny those allegations.

**37. COMPLAINT:**

Since the publication date of the Jack Design, Express had complied in all respects with the Copyright Revision Act of 1976, Title 17, United States Code, and all other laws governing copyright, has secured the exclusive rights and privileges in and to the copyright of said Jack Design and has received from the Registrar of Copyrights a Certificate of Registration No. VA 0001668162, dated June 12, 2009. A copy of said certificate is annexed hereto and made part hereof as Plaintiff's **Exhibit G.**

RUSS, AUGUST & KABAT

**ANSWER TO PARAGRAPH NO. 37**

Forever 21 and Chang Defendants admit that Plaintiff has annexed what purports to be a copy of Certificate of Registration No. VA 0001668162, dated June 12, 2009 to the Complain as Plaintiff's **Exhibit G.**   With respect to the remaining allegations in Paragraph 37 of the Complaint, Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the those allegations and on that basis deny those allegations.

**38.    COMPLAINT:**

Express is the sole owner of all right, title and interest in and to the copyright in its Jack Design and the corresponding Certificate of Registration thereof, No. VA 0001668162.

**ANSWER TO PARAGRAPH NO. 38**

Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and on that basis deny those allegations.

**The "Roth" Copyright**

**39.    COMPLAINT:**

Express's Roth Design was created as a work made for hire on its behalf during the year 2007.   Subsequent to the creation of the Roth Design, Express began to develop a line of men's shorts bearing the Roth Design intended for sale in Express retail stores, catalogs and/or internet website.   A color copy of Express's Roth Design is annexed hereto and made a part hereof as Plaintiff's **Exhibit F.**

**ANSWER TO PARAGRAPH NO. 39**

Forever 21 and Chang Defendants admit that Plaintiff has annexed what purports to be a color copy of Express's Jack Design to the Complaint as Plaintiff's **Exhibit F.** With respect to the remaining allegations in Paragraph 39 of the Complaint, Forever 21 and Chang Defendants are without information or

**FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR**

RUSS, AUGUST & KABAT

1  knowledge sufficient to form a belief as to the truth of the those allegations and on

2  that basis deny those allegations.

3  **40.    COMPLAINT:**

4  Express's Roth Design contains material wholly original with Express and

5  constitutes copyrightable subject matter under the Copyright Law of the United

6  States.

7  **ANSWER TO PARAGRAPH NO. 40**

8  The allegations in Paragraph 40 of the Complaint state legal conclusions to

9  which no responsive pleading is required.  To the degree a responsive pleading is

10  deemed to be required, Forever 21 and Chang Defendants are without information

11  or knowledge sufficient to form a belief as to the truth of the allegations in

12  Paragraph 40 of the Complaint and on that basis deny those allegations.

13  **41.    COMPLAINT:**

14  The first publication of the Roth Design was on or about November 29, 2008,

15  when men's shorts bearing the Roth Design were first offered for sale in Express

16  retail stores nationwide.

17  **ANSWER TO PARAGRAPH NO. 41**

18  Forever 21 and Chang Defendants are without information or knowledge

19  sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the

20  Complaint and on that basis deny those allegations.

21  **42.    COMPLAINT:**

22  Since the publication date of the Roth Design, Express had complied in all

23  respects with the Copyright Revision Act of 1976, Title 17, United States Code, and

24  all other laws governing copyright, has secured the exclusive rights and privileges

25  in and to the copyright of said Roth Design and has received from the Registrar of

26  Copyrights a Certificate of Registration No. VA 0001668155, dated June 12, 2009.

27

28  2923-003 091221 Answer to FAC.doc

RUSS, AUGUST & KABAT

20

1  A copy of said certificate is annexed hereto and made part hereof as Plaintiff's
2  **Exhibit I.**
3        **ANSWER TO PARAGRAPH NO. 42**
4        Forever 21 and Chang Defendants admit that Plaintiff has annexed what
5  purports to be a copy of Certificate of Registration No. VA 0001668155, dated June
6  12, 2009 to the Complain as Plaintiff's **Exhibit I.**   With respect to the remaining
7  allegations in Paragraph 42 of the Complaint, Forever 21 and Chang Defendants are
8  without information or knowledge sufficient to form a belief as to the truth of the
9  those allegations and on that basis deny those allegations.
10       **43.     COMPLAINT:**
11       Express is the sole owner of all right, title and interest in and to the copyright
12 in its Roth Design and the corresponding Certificate of Registration thereof, No.
13 VA 0001668155.
14       **ANSWER TO PARAGRAPH NO. 43**
15       Forever 21 and Chang Defendants are without information or knowledge
16 sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the
17 Complaint and on that basis deny those allegations.
18       **44.     COMPLAINT:**
19       As a result of the artistic contributions of Express and Express's promotion of
20 the aforesaid designs, the Express Plaid Designs have become well and favorably
21 known, have met with substantial commercial success, and have become uniquely
22 associated with Express.
23       **ANSWER TO PARAGRAPH NO. 44**
24       Forever 21 and Chang Defendants are without information or knowledge
25 sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the
26 Complaint and on that basis deny those allegations.
27
28

RUSS, AUGUST & KABAT

2923-003 091221 Answer to FAC.doc

21

45. **COMPLAINT:**

Subsequent to the creation and/or publication by Express of its copyrighted Express Plaid Designs, Defendants infringed Express's copyrights in said designs by reproducing, displaying, manufacturing, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising said Express Plaid Designs or by causing and/or participating in such reproducing, displaying, manufacturing, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising thereof or by preparing derivative works based upon said copyrighted design.

**ANSWER TO PARAGRAPH NO. 45**

Forever 21 and Chang Defendants deny the allegations in Paragraph 45 of the Complaint.

46. **COMPLAINT:**

Subsequent to the creation and/or publication by Express of its copyrighted Express Plaid Designs, Defendants, with full knowledge that Express is the author of the Express Plaid Designs, intentionally infringed Express's copyright in said designs by reproducing, displaying, manufacturing, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising said Express Plaid Designs or by causing and/or participating in such reproducing, displaying, manufacturing, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising thereof or by preparing derivative works based upon said copyrighted design. Color copies of Defendants' infringing copies of Plaintiff's Express Plaid Designs is [sic] annexed hereto and made a part hereof as Plaintiff's **Exhibit J** (Bruin), **Exhibit K** (Ocean), **Exhibit L** (Jack) and **Exhibit M** (Roth) (collectively "Defendant's Infringing Plaids").

RUSS, AUGUST & KABAT

**ANSWER TO PARAGRAPH NO. 46**

Forever 21 and Chang Defendants admit that Plaintiff has annexed what Plaintiff purports to be color copies of Forever 21 and Chang Defendants' infringing copies of Plaintiff's Express Plaid Designs to the Complaint as Exhibits J through M.   The remaining allegations in Paragraph 46 of the Complaint state legal conclusions to which no responsive pleading is required.   To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants deny the allegations in Paragraph 46.

**47.   COMPLAINT:**

Moreover, Defendants intentional copying includes the replication of Express's Bruin Design in its alternate colorway (Exhibit C), which further evidences Defendants' scrupulous copying of Express's intellectual property.

**ANSWER TO PARAGRAPH NO. 47**

The allegations in Paragraph 47 of the Complaint state legal conclusions to which no responsive pleading is required.   To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants deny the allegations in Paragraph 47.

**48.   COMPLAINT:**

Upon information and belief, Defendants' merchandise bearing copies of Express's copyrighted Express Plaid Designs have been advertised, offered for sale, sold and distributed throughout the United States including this District.

**ANSWER TO PARAGRAPH NO. 48**

The allegations in Paragraph 48 of the Complaint state legal conclusions to which no responsive pleading is required.   To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants deny the allegations in Paragraph 48.

RUSS, AUGUST & KABAT

2923-003 091221 Answer to FAC.doc

23

RUSS, AUGUST & KABAT

**49.    COMPLAINT:**

Express is the original and exclusive publisher of the Express Plaid Designs, and has manufactured reproductions of such designs on men's apparel, including shorts, for sale to the public.  At all times herein mentioned, Express has controlled the quality, quantity and distribution of merchandise bearing its aforesaid designs, within this district and elsewhere throughout the United States, in such a manner so as to maintain the integrity and market value thereof.

**ANSWER TO PARAGRAPH NO. 49**

The allegations in Paragraph 49 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and on that basis deny them.

**The Express Track Jacket Trade Dress**

**50.    COMPLAINT:**

Since in or about December 2008 and continuously to date, Express has adopted, used, and is using in interstate commerce throughout the United States, a unique and distinctive trade dress for one of its men's "track jacket" products, which consists of the following features:

1)  Metallic, front zipper and metallic, horizontal chest pocket zipper;

2)  "Passport stamp" emblem and lettering above chest pocket;

3)  Downward vertical, handwritten numbers and lettering outside the right hand jacket pocket;

4)  Grey, stitched patch with white lettering over typed and handwritten numbers and lettering just above the hemline on the right rear of the jacket; and

FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR

5) Stitched satiny strips of varying widths accenting collar, front zipper, horizontal chest pocket zipper, down side seams and length of sleeves.

(hereinafter the "Track Jacket Trade Dress").   A color copy of Express's Track Jacket Trade Dress is annexed hereto and made a part hereof as Plaintiff's Exhibit N.

**ANSWER TO PARAGRAPH NO. 50**

Forever 21 and Chang Defendants admit that Plaintiff has annexed what purports to be a color copy of Express's Track Jacket Trade Dress to the Complaint as Plaintiff's Exhibit N.  The remaining allegations in Paragraph 50 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and on that basis deny them.

**51.    COMPLAINT:**

The features which comprise the Track Jacket Trade Dress are inherently distinctive and have acquired secondary meaning by virtue of which the public and trade have come to identify the source and origin of such products with Express and to distinguish them from similar products of others.

**ANSWER TO PARAGRAPH NO. 51**

The allegations in Paragraph 51 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and on that basis deny them.

RUSS, AUGUST & KABAT

52.   **COMPLAINT:**

The distinctive Track Jacket Trade Dress is widely recognized as originating from Express.  Since its inception in December 2008, garments bearing the Track Jacket Trade Dress have sold well in Express retail stores.

**ANSWER TO PARAGRAPH NO. 52**

The allegations in Paragraph 52 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and on that basis deny them.

53.   **COMPLAINT:**

After Express introduced its Track Jacket Trade Dress on the market and after it had become well and favorably known to the public and trade, including Defendants, Defendants adopted and began using a trade dress for Defendants which is virtually identical to and/or a colorable imitation of Express's Track Jacket Trade Dress (hereinafter the "Infringing Jacket").  Color copies of photographs of the Infringing Jacket are annexed hereto and incorporated herein by reference as Plaintiff's **Exhibit O**.

**ANSWER TO PARAGRAPH NO. 53**

Forever 21 and Chang Defendants admit that Plaintiff has annexed what purports to be a color copy of a photograph to the Complaint as Plaintiff's Exhibit O.  Forever 21 and Chang Defendants deny the remaining allegations in Paragraph 53 of the Complaint.

54.   **COMPLAINT:**

Upon information and belief, Defendants deliberately and intentionally copied Express's Track Jacket Trade Dress.  Color copies of photographs of the distinctive

RUSS, AUGUST & KABAT

FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR

Track Jacket Trade Dress alongside the virtually indistinguishable Infringing Jacket products are annexed hereto and incorporated here in by reference as **Exhibit P**.

### ANSWER TO PARAGRAPH NO. 54

Forever 21 and Chang Defendants admit that Plaintiff has annexed what purports to be a color copy of photographs to the Complaint as Plaintiff's Exhibit P. Forever 21 and Chang Defendants deny the remaining allegations in Paragraph 49 of the Complaint.

**55.    COMPLAINT:**

Upon information and belief, Defendants' Infringing Jacket is intended to deliberately trade off the goodwill that Express has established for its Track Jacket Trade Dress.

### ANSWER TO PARAGRAPH NO. 55

Forever 21 and Chang Defendants deny the allegations in Paragraph 55 of the Complaint.

**56.    COMPLAINT:**

Upon information and belief, Defendants do not have any in-house design department to create their own garments.  Rather, upon further information and belief, Defendants utilize a "shop and copy" practice whereby they acquire products for sale in their own Forever 21 retail stores by purchasing other companies' products through other retail outlets and directing their manufacturers to manufacture the products with little or no design changes.

### ANSWER TO PARAGRAPH NO. 56

Forever 21 and Chang Defendants deny the allegations in Paragraph 56 of the Complaint.

**57.    COMPLAINT:**

Upon information and belief, Defendants' regular business practice of copying other companies' products and appropriating the intellectual property of others for

27

FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR

their own use, gain and profit has let to them being named as a defendant in over 50 intellectual property cases within the past seven years.  Upon further information and belief, the Changs have knowledge of, supervise and/or control the activities and operations of Forever 21, including the aforesaid business practice of Defendants and the infringing activities complained of herein, and personally benefited from such activities.

**ANSWER TO PARAGRAPH NO. 57**

Forever 21 and Chang Defendants deny the allegations in Paragraph 57 of the Complaint.

**58.   COMPLAINT:**

Upon information and belief, at all times mentioned herein, the Changs possessed full knowledge that Express was the creator and sold distributor of the Express Plaid Designs and the owner of the Track Jacket Trade Dress. Nevertheless, upon information and belief, the Changs, together with the Forever 21 Defendants and Supplier Defendants, ordered directed, authorized or caused the manufacture and sale by the Forever 21 Defendants of the items depicted in Exhibits J through M, O, and P.

**ANSWER TO PARAGRAPH NO. 58**

Forever 21 and Chang Defendants deny the allegations in Paragraph 58 of the Complaint.

**59.   COMPLAINT:**

As part of Defendants' intentional copying of the Express Plaid Designs and Track Jacket Trade Dress, Defendants have painstakingly reproduced the same colorways, scale of design and construction detail found in the original Express garments, such that the Infringing Garments are virtually identical in overall appearance to the original Express garments bearing the Express Plaid Designs and the Track Jacket Trade Dress.

RUSS, AUGUST & KABAT

2923-003 091221 Answer to FAC.doc

28

**ANSWER TO PARAGRAPH NO. 59**

Forever 21 and Chang Defendants deny the allegations in Paragraph 59 of the Complaint.

**60.    COMPLAINT:**

Upon information and belief, as a result of Defendants' applications of their own trademarks and house mark names to the Infringing Garments, Defendants have misled customers of Defendants to erroneously assume of believe that the unauthorized copies displayed, advertised, offered for sale and sold by Defendants originate with Defendants, when, in fact, said designs originate with Express.

**ANSWER TO PARAGRAPH NO. 60**

Forever 21 and Chang Defendants deny the allegations in Paragraph 60 of the Complaint.

**61.    COMPLAINT:**

All of Defendants' acts as averred herein were performed without the permission, license or authority of Express, and/or were performed in deliberate, intentional, or reckless disregard of Express's rights in its copyrighted Express Plaid Designs and its Track Jacket Trade Dress.

**ANSWER TO PARAGRAPH NO. 61**

Forever 21 and Chang Defendants deny that they committed any acts that required the permission, license of authority of Express.  Forever 21 and Chang Defendants further deny that they violated or disregarded any lawful right of Express.

**62.    COMPLAINT:**

As a result of Defendants' acts averred herein, including but not limited to their manufacture and sale of Defendants' Infringing Plaids and its Infringing Jacket (collectively "Defendant' Infringing Garments"), Express had suffered substantial

RUSS, AUGUST & KABAT

1   injury and damage and has lost gains, profits and/or advantages, which it otherwise

2   would have obtained, but for Defendants' infringements.

3       **ANSWER TO PARAGRAPH NO. 62**

4       Forever 21 and Chang Defendants deny infringing any lawful right of Express.

5   Forever 21 and Chang Defendants further deny that Express has been injured or

6   damaged or has lost gains, profits or advantages as a result of any actions taken by

7   Forever 21 and Chang Defendants.

8   **FIRST CAUSE OF ACTION**

9   (Copyright Infringement)

10      **63.    COMPLAINT:**

11      Express repeats, realleges and incorporates herein by reference the averments

12  set forth in paragraphs 1 through 49, 56 through 62, inclusive, of this Complaint as

13  if fully set forth herein.

14      **ANSWER TO PARAGRAPH NO. 63**

15      Forever 21 and Chang Defendants admit that paragraphs 1 through 49, 56

16  through 62, inclusive, of this Complaint are incorporated by reference, and Forever

17  21 and Chang Defendants incorporate their responses to those paragraphs as if fully

18  set forth herein.

19      **64.    COMPLAINT:**

20      As a result of Defendants' manufacture and/or sales of merchandise bearing

21  the designs as shown in Exhibits J through M, which are substantially similar , if

22  not identical, to Express's copyrighted Express Plaid Designs, as shown in Exhibits

23  A, C, D, F, and H, Defendants have willfully and intentionally infringed Express's

24  copyright registration in its Express Plaid Designs in violation of the exclusive

25  rights of Express under §106 of the Copyright Law, Title 17 of the United States

26  Code.

27

28

2923-003 091221 Answer to FAC.doc

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

**ANSWER TO PARAGRAPH NO. 64**

The allegations in Paragraph 64 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and on that basis deny them.

**SECOND CAUSE OF ACTION**

(Trade Dress Infringement)

**65.   COMPLAINT:**

Express repeats, realleges and incorporates herein by reference the averments set forth in paragraphs 1 through 21 and 50 through 62 of this Complaint as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 65**

Forever 21 and Chang Defendants admit that paragraphs 1 through 21 and 50 through 62 of this Complaint are incorporated by reference, and Forever 21 and Chang Defendants incorporate their responses to those paragraphs as if fully set forth herein.

**66.   COMPLAINT:**

From at least as early as December 2008 through the present day, Express used its Track Jacket Trade Dress in interstate commerce to identify the source of its products and to distinguish it from others by prominently displaying Express's Track Jacket Trade Dress on its products. Through such use and association, Express's Track Jacket Trade Dress has acquired a strong consumer awareness and secondary meaning. Express's Track Jacket Trade Dress is also arbitrary and non-functional.

**ANSWER TO PARAGRAPH NO. 66**

The allegations in Paragraph 66 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and on that basis deny them.

**67.    COMPLAINT:**

The Infringing Jacket products are substantially indistinguishable from and a blatant and obvious imitation of Express's Track Jacket Trade Dress. Both the Track Jacket Trade Dress and the trade dress of the Infringing Jacket products create the same general overall impression and have the same "look and feel."

**ANSWER TO PARAGRAPH NO. 67**

The allegations in Paragraph 67 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants deny the allegations in Paragraph 67 of the Complaint.

**68.    COMPLAINT:**

Defendants have, without permission, willfully and with the intention of benefiting from the reputation and goodwill of Express, contracted with Defendants for the supply of garments that imitate *inter alia* the shape, coloring, font, size, style, layout, design, language, and appearance of each and every one of the Track Jacket Trade Dress elements depicted in Exhibits N and P attached.

**ANSWER TO PARAGRAPH NO. 68**

Forever 21 and Chang Defendants deny the allegations in Paragraph 68 of the Complaint.

FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR

RUSS, AUGUST & KABAT

**69.    COMPLAINT:**

There is a substantial likelihood of confusion among consumers between Track Jacket Trade Dress and the Infringing Jacket.

**ANSWER TO PARAGRAPH NO. 69**

Forever 21 and Chang Defendants deny the allegations in Paragraph 69 of the Complaint.

**70.    COMPLAINT:**

As a consequence, the Infringing Jacket is likely to deceive and divert and has deceived and diverted customers away from genuine Express products.

**ANSWER TO PARAGRAPH NO. 70**

Forever 21 and Chang Defendants deny the allegations in Paragraph 70 of the Complaint.

**71.    COMPLAINT:**

The conduct of Defendants, as alleged in the foregoing paragraphs, constitutes trade dress infringement in violation of section 43(a) of the Lanham Act (15 U.S.C. §1125(a)), which prohibits the use in commerce in connection with the sale of goods or rendering of any word, term, name, symbol, or device, or any combination thereof that is likely to cause confusion, or to cause mistake, or to deceive as to the source of the goods or services.

**ANSWER TO PARAGRAPH NO. 71**

The allegations in Paragraph 71 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants deny the allegations in Paragraph 71 of the Complaint.

**72.    COMPLAINT:**

As a direct and proximate result of Defendants' willful and wanton conduct, and Defendants' knowing and willful participation thereof, Express has been

FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR

injured and will continue to suffer irreparable injury to its business and reputation unless Defendants are restrained by this Court from infringing Track Jacket Trade Dress.

**ANSWER TO PARAGRAPH NO. 72**

The allegations in Paragraph 72 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants deny the allegations in Paragraph 72 of the Complaint.

**73.   COMPLAINT:**

Express had no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(d).

**ANSWER TO PARAGRAPH NO. 73**

The allegations in Paragraph 73 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants deny the allegations in Paragraph 73 of the Complaint.

**74.   COMPLAINT:**

Express is entitled to recover its actual damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a); treble damages pursuant to 15 U.S.C. §(a) and (b); attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); seizure of all infringing goods pursuant to 15 U.S.C. § 1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. § 1118.

**ANSWER TO PARAGRAPH NO. 74**

The allegations in Paragraph 74 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants deny the allegations in Paragraph 74.

RUSS, AUGUST & KABAT

FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR

RUSS, AUGUST & KABAT

**THIRD CAUSE OF ACTION**

**(Unfair Competition In Violation Of California Business And Professions Code Section 17200)**

**75.    COMPLAINT:**

Express repeats, realleges and incorporates herein by reference the averments set forth in paragraphs 1 through 21 and 50 through 62 of this Complaint as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 75**

Forever 21 and Chang Defendants admit that paragraphs 1 through 21 and 50 through 62 of this Complaint are incorporated by reference, and Forever 21 and Chang Defendants incorporate their responses to those paragraphs as if fully set forth herein.

**76.    COMPLAINT:**

The above described wrongful conduct of Defendants, including their trade dress infringement and unfair competition as alleged herein, constitutes unlawful, unfair and/or fraudulent business acts of practices under the Business and Professions Code Section 17200 *et seq.*

**ANSWER TO PARAGRAPH NO. 76**

The allegations in Paragraph 76 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants deny the allegations in Paragraph 71 of the Complaint.

**77.    COMPLAINT:**

Express is informed and believes and thereon alleges that Defendants undertook the acts alleged above willfully, for the purpose of enriching themselves to Express's detriment.

2923-003 091221 Answer to FAC.doc

35

**ANSWER TO PARAGRAPH NO. 77**

The allegations in Paragraph 77 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants deny the allegations in Paragraph 77 of the Complaint.

**78.    COMPLAINT:**

Express is entitled to the disgorgement of profits earned by Defendants as a direct and proximate result of their unlawful and/or unfair business acts or practices.

**ANSWER TO PARAGRAPH NO. 78**

The allegations in Paragraph 78 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants deny the allegations in Paragraph 78 of the Complaint

**FOURTH CAUSE OF ACTION**

(Common Law Unfair Competition)

**79.    COMPLAINT:**

Express repeats, realleges and incorporates herein by reference the averments set forth in paragraphs 1 through 21, 50 through 62, and 65 through 78 of this Complaint as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 79**

Forever 21 and Chang Defendants admit that paragraphs 1 through 21, 50 through 62, and 65 through 78 of this Complaint are incorporated by reference, and Forever 21 and Chang Defendants incorporate their responses to those paragraphs as if fully set forth herein.

**80.    COMPLAINT:**

Defendants' conduct as alleged herein, including their trade dress infringement and statutory unfair competition was calculated to deceive or confuse

RUSS, AUGUST & KABAT

the public and to profit Defendants unjustly from the goodwill and reputation of Express. Defendants' actions constitute unfair competition under the laws of the State of California.

**ANSWER TO PARAGRAPH NO. 80**

The allegations in Paragraph 80 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants deny the allegations in Paragraph 80 of the Complaint.

**81.    COMPLAINT:**

As a direct and proximate result of Defendants' unfair competition, Express has incurred and continues to incur substantial damages in an amount according to proof at trial.

**ANSWER TO PARAGRAPH NO. 81**

The allegations in Paragraph 81 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants deny the allegations in Paragraph 81 of the Complaint.

**82.    COMPLAINT:**

As a direct and proximate result of the willful and wanton actions and conduct of Defendants, Express has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendants are restrained by this Court from unfairly competing with Express.

**ANSWER TO PARAGRAPH NO. 82**

The allegations in Paragraph 82 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants deny the allegations in Paragraph 82 of the Complaint.

RUSS, AUGUST & KABAT

37

FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR

**83.   COMPLAINT:**

Express has no adequate remedy at law.

**ANSWER TO PARAGRAPH NO. 83**

The allegation in Paragraph 83 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants deny the allegation in Paragraph 83 of the Complaint.

**84.   COMPLAINT:**

In doing the acts alleged herein, Defendants acted with oppression, fraud and malice, and in willful and conscious disregard of the rights of Express, so as to entitle Express to exemplary and punitive damages in an amount according to proof at trial.

**ANSWER TO PARAGRAPH NO. 84**

The allegations in Paragraph 84 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Forever 21 and Chang Defendants deny the allegations in Paragraph 84 of the Complaint.

**PRAYER FOR RELIEF**

Forever 21 and Chang Defendants deny that Plaintiff is entitled to any relief requested in the Prayer for Relief in its Complaint, or any other relief whatsoever.

**AFFIRMATIVE DEFENSES**

Forever 21 and Chang Defendants further allege the following separate and distinct affirmative defenses to the Complaint:

**First Affirmative Defense**

Each and every cause of action fails to state facts sufficient to constitute a claim or cause of action upon which relief may be granted.

RUSS, AUGUST & KABAT

**Second Affirmative Defense**

Some or all of Plaintiff's claims are barred or subject to dismissal because Plaintiff has failed to comply with renewal, notice, and/or registration requirements, or with other necessary formalities.

**Third Affirmative Defense**

Some or all of Plaintiff's works of portions thereof constitute unprotectable ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries.

**Fourth Affirmative  Defense**

Some or all of Plaintiff's works or portions thereof are not original.

**Fifth Affirmative Defense**

Some or all of Plaintiff's claims or some of all of the relief sought for such claims are barred by the doctrines of waiver, estoppel, laches or acquiescence.

**PRAYER FOR RELIEF**

WHEREFORE, Forever 21 and Chang Defendants pray for judgment as follows:

1.      That the Court dismiss the Complaint for failure to state a claim upon which relief can be granted;

2.      That Plaintiff takes nothing by way of its Complaint;

2.      That Forever 21 and Chang Defendants recover attorneys' fees;

3.      That Forever 21 and Chang Defendants recovers costs of suit; and

4.      For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), The Forever 21 and Chang Defendants hereby demand a jury trial on all issues so triable.

RUSS, AUGUST & KABAT

FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR

RUSS, AUGUST & KABAT

DATED: December 21, 2009

RUSS, AUGUST & KABAT
Larry C. Russ
Nathan D. Meyer

By: /s/ Nathan D. Meyer
Attorneys for Forever 21 and Chang
Defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2923-003 091221 Answer to FAC.doc

40

FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RUSS, AUGUST & KABAT

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2009 the foregoing document described as **FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADE DRESS INFRINGEMENT, AND UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL** was filed electronically via the Court's Electronic Case Filing System (ECF).  Notice of the filing is being served upon all counsel of record automatically through Notice of Electronic Filing.

/s/ Nathan D. Meyer

2923-003 091221 Answer to FAC.doc

41

FOREVER 21 AND CHANG DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR