**ORIGINAL**

1   COLUCCI & UMANS
    FRANK J. COLUCCI (*Pro Hac Vice*)
2   fcolucci@colucci-umans.com
    DAVID M. DAHAN (*Pro Hac Vice*)
3   ddahan@colucci-umans.com
    218 East 50th Street
4   New York, New York 10022
    Telephone:  212.935.5700
5   Facsimile:   212.935.5728

6   BUCHALTER NEMER
    Russell L. Allyn (SBN: 143531)
7   rallyn@buchalter.com
    1000 Wilshire Boulevard, Suite 1500
8   Los Angeles, California 90017-2457
    Telephone: 213.891.0700
9   Facsimile: 213.896.0400

10  Attorneys for Plaintiff,
11  EXPRESS, LLC

```
FILED
CLERK, U.S. DISTRICT COURT

AUG ²2 2010
270

CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY
```

12            UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14  EXPRESS, LLC,                          )  **Civil Action No.**
                                           )  **2:09-cv-04514-ODW-VBK**
15            Plaintiff,                    )
                                           )
16       v.                                )
                                           )  **DECLARATION OF FRANK J.**
17  FOREVER 21, INC.; FOREVER 21           )  **COLUCCI IN SUPPORT OF**
    LOGISTICS, LLC; FOREVER 21             )  **PLAINTIFF'S REPLY**
18  RETAIL, INC.; JIN SOOK CHANG;          )  **MEMORANDA RE:**
    DO WON CHANG; WHITE OWL                )  **DEFENDANTS' OPPOSITIONS TO**
19  CLOTHING, INC.; STEPS APPAREL          )  **PLAINTIFF'S MOTION FOR**
    GROUP, INC. dba STEPS OF CA; and       )  **SUMMARY JUDGMENT**
20  DOES 1 through 10, inclusive,          )
                                           )
21            Defendants.                   )
                                           )  Discovery Cutoff: July 5, 2010
22                                         )  Pretrial Conf.: September 13, 2010
                                           )  Trial: October 5, 2010
23                                         )
                                           )
24                                         )  Date: August 16, 2010
                                           )  Time: 1:30 p.m.
25                                         )
                                           )
26                                         )
                                           )
27                                         )  HONORABLE OTIS D. WRIGHT, II
                                           )
28                                         )

DECLARATION OF FRANK J. COLUCCI IN
                                               SUPPORT OF PLAINTIFF'S REPLY
                                               MEMORANDA

## REPLY DECLARATION OF FRANK J. COLUCCI

Pursuant to 28 U.S.C. § 1746, **Frank J. Colucci** declares under penalty of perjury as follows:

1.    I am a member of the law firm of Colucci & Umans, counsel for Plaintiff, Express, LLC ("Express" or "Plaintiff"), and as such I am fully familiar with the facts hereinafter set forth of my own personal knowledge.

2.    Upon inquiry as to whether the Court will accept the lodged garments at issue in this case, I understand that this Court preferred submission of photographs rather than the physical garments themselves, although I note that the Defendants have been lodging certain physical garments with the Court. Plaintiff will have at the hearing of the parties' motions for summary judgment, on August 16th, physical samples of its garments and those of the Defendants for review and inspection by the Court. In the interim, Plaintiff submits the following.

3.    Each of the following demonstratives attached hereto as Exhibits 1-8 were created by having the plaid designs scanned directly from the fabric of the garments at issue as a jpeg file and then printed directly onto clear transparency sheets through a laser printer.

4.    Attached hereto and incorporated herein as Exhibit 1 is a true and accurate color copy of a demonstrative that compares Express's New Bruin Plaid Design to Defendants' copy of the same through the use of overlapping transparency sheets, with Defendants' plaid on top.

5.    Attached hereto and incorporated herein as Exhibit 2 is a true and accurate black and white copy of a demonstrative that compares Express's New Bruin Plaid Design to Defendants' copy of the same through the use of overlapping transparency sheets, with Defendants' plaid on top.

6.    Attached hereto and incorporated herein as Exhibit 3 is a true and accurate color copy of a demonstrative that compares Express's Roth Plaid Design to Defendants' copy of the same through the use of overlapping transparency

1   sheets, with Defendants' plaid on top.

2       7.      Attached hereto and incorporated herein as Exhibit 4 is a true and

3   accurate black and white copy of a demonstrative that compares Express's Roth

4   Plaid Design to Defendants' copy of the same through the use of overlapping

5   transparency sheets, with Defendants' plaid on top.

6       8.      Attached hereto and incorporated herein as Exhibit 5 is a true and

7   accurate color copy of a demonstrative that compares Express's Ocean Plaid Design

8   to Defendants' copy of the same through the use of overlapping transparency

9   sheets, with Defendants' plaid on top.

10       9.      Attached hereto and incorporated herein as Exhibit 6 is a true and

11   accurate black and white copy of a demonstrative that compares Express's Ocean

12   Plaid Design to Defendants' copy of the same through the use of overlapping

13   transparency sheets, with Defendants' plaid on top.

14       10.     Attached hereto and incorporated herein as Exhibit 7 is a true and

15   accurate color copy of a demonstrative that compares Express's Jack Plaid Design

16   to Defendants' copy of the same through the use of overlapping transparency

17   sheets, with Defendants' plaid on top.

18       11.     Attached hereto and incorporated herein as Exhibit 8 is a true and

19   accurate black and white copy of a demonstrative that compares Express's Jack

20   Plaid Design to Defendants' copy of the same through the use of overlapping

21   transparency sheets, with Defendants' plaid on top.

22       12.     Attached hereto and incorporated herein as Exhibit 9 is a true and

23   accurate demonstrative that compares the Express Track Jacket with the Forever 21

24   Jacket.

25       13.     Attached hereto and incorporated herein as Exhibit 10 is a true and

26   accurate copy of pertinent excerpts of "Defendant White Owl Clothing, Inc.'s

27   Responses to Plaintiff's First Set of Interrogatories (Nos. 1-19)," dated March 24,

28   2010.

DECLARATION OF FRANK J. COLUCCI IN
                                                                         SUPPORT OF PLAINTIFF'S REPLY
                                                                         MEMORANDA

14. On April 30, 2010, the deposition of Colin Campbell, Executive Vice President of Production of Express, was taken by Forever 21. Attached hereto and incorporated herein as Exhibit 11 are true and accurate copies of pertinent transcript excerpts from Mr. Campbell's deposition testimony.

15. Attached hereto and incorporated herein as Exhibit 12 is a true and accurate copy of pertinent excerpts of Defendants Forever 21, Inc., Forever 21 Retail, Inc., and Forever 21 Logistics, LLC's Responses to Request No. 77 to Plaintiff's First Set of Request for Admission, dated January 21, 2010, in support of Plaintiff's Statement of Uncontroverted Fact # 42 (Docket Entry #132), admitting that "Forever 21 had in its possession, custody or control at one time, one or more Express garments bearing the Express Bruin Plaid."

16. Attached hereto and incorporated herein as Exhibit 13 is a true and accurate copy of pertinent excerpts of "Plaintiff's Responses to Defendant Forever 21, Inc.'s First Set of Interrogatories (Nos. 1-25)."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  New York, New York
        August 2, 2010

                                          *Frank J. Colucci*
                                          Frank J. Colucci

**EXHIBIT 1**



Forever 21 Copy of
Express New Bruin Plaid
(Color)

EXHIBIT "1"

**EXHIBIT  2**



Forever 21 Copy of
Express New Bruin Plaid
(Black & White)

EXHIBIT 3



Forever 21 Copy of
Express Roth Plaid
(Color)

**EXHIBIT  4**



Forever 21 Copy of
Express Roth Plaid
(Black & White)

EXHIBIT "4"

8

**EXHIBIT 5**



Forever 21 Copy of
Express Ocean Plaid
(Color)

EXHIBIT "5"

**EXHIBIT  6**



Forever 21 Copy of
Express Ocean Plaid
(Black & White)

EXHIBIT "6"

**EXHIBIT 7**



Forever 21 Copy of
Express Jack Plaid
(Color)

**EXHIBIT 8**



Forever 21 Copy of
Express Jack Plaid
(Black & White)

**EXHIBIT 9**

FOREVER 21
(FRONT)

EXPRESS
(FRONT)

KEY

FOREVER 21

EXPRESS







"Passport Stamp" emblem and lettering above chest pocket with Express Griffin logo swapped for eagle

Sewn-in large square labels approximately 3" x 3 1/2"







Metallic front zipper with Express and Griffin marks removed

Horizontal, metallic chest pocket zipper with mixed media trim = approximately 4 1/2" in length, without Express mark on zipper



Downwards vertical handwritten numbers and lettering "stamped" outside the right hand jacket pocket

FOREVER 21
Jacket
(FRONT)



Mixed media trim of varying widths stitched along collar, front zipper, chest pocket zipper, side seams and lengths of sleeves

KEY
▨ FOREVER 21
▨ EXPRESS

FOREVER 21
(BACK)

EXPRESS
(BACK)

KEY

FOREVER 21

EXPRESS

Grey, stitched patch with frayed edges and white lettering, as well as grey lettering stamped above the hemline on the lower right

Mixed media trim of varying widths stitched along collar, front zipper, chest pocket zipper, side seams and lengths of sleeves

FOREVER 21
Jacket
(BACK)

KEY

FOREVER 21

EXHIBIT 6

EXHIBIT 10

1  HOLLAND & KNIGHT LLP
     Theresa W. Middlebrook, SBN 89709
2    theresa.middlebrook@hklaw.com
     Kristina S. Azlin, SBN 235238
3    kristina.azlin@hklaw.com
     633 West Fifth Street, 21st Floor
4    Los Angeles, California 90071-2040
     Telephone (213) 896-2400
5    Facsimile (213) 896-2450

6  Attorneys for Defendant
   WHITE OWL CLOTHING, INC.
7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  EXPRESS, LLC,                          )  Civil Action No.
                                           )  2:09-cv-04514-ODW-VBK
12                   Plaintiff,            )
                                           )
13        vs.                              )  **DEFENDANT WHITE OWL CLOTHING,**
                                           )  **INC.'S RESPONSES TO PLAINTIFF'S**
14  FOREVER 21, INC.; FOREVER 21           )  **FIRST SET OF INTERROGATORIES**
    LOGISTICS, LLC; FOREVER 21             )  **(NOS. 1-19)**
15  RETAIL, INC.; JIN SOOK CHANG; DO       )
    WON CHANG; WHITE OWL                   )  HONORABLE OTIS D. WRIGHT II
16  CLOTHING, INC.; STEPS APPAREL          )
    GROUP, INC. dba STEPS OF CA; and       )  HONORABLE VICTOR B. KENTON
17  DOES 1 through 10, inclusive,          )
                                           )
18                   Defendants.           )
                                           )
19

20

21  PROPOUNDING PARTY:          EXPRESS, LLC

22  RESPONDING PARTY:           WHITE OWL CLOTHING, INC.

23  SET NO.:                    ONE (Nos. 1-19)

24

25            <u>**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**</u>

26        1.     White Owl had no involvement whatsoever with any of the garments referenced

27  in Plaintiff's First Amended Complaint other than Model Nos. SW0046B and SW0048B, which

28  White Owl will identify hereafter as "The 46B/48B Shorts." All answers provided hereafter

                                          1
   **DEFENDANT WHITE OWL CLOTHING, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF**
                **INTERROGATORIES (NOS. 1-19**    EXHIBIT "10"    **17**
                                                  [Page 1 of 4]

1 | **INTERROGATORY NO. 14:**

2 | Identify each person who at any time purchased any Express garments bearing the

3 | Express Plaid Designs and/or the Express Track Jacket Trade Dress.

4 | **RESPONSE TO INTERROGATORY NO. 14:**

5 | This Request is objectionable because it is overbroad and seeks information that is clearly

6 | irrelevant. To the extent this Request intended to ask for the identification of any person known

7 | to White Owl that purchased any of these garments within the course and scope of their

8 | employments, White Owl knows of no such persons.

9 | **INTERROGATORY NO. 15:**

10 | State whether White Owl is currently indemnifying Forever 21 in connection with

11 | Express's claims of copyright and trade dress infringement of the Bruin and Roth plaid designs

12 | and Express Track Jacket depicted in Exhibits C, H and M of the First Amended Complaint and,

13 | if so, state whether White Owl is paying for any portion of Forever 21's legal fees and expenses

14 | in connection with its defense of this civil action.

15 | **RESPONSE TO INTERROGATORY NO. 15:**

16 | No.

17 | **INTERROGATORY NO. 16:**

18 | State whether Forever 21 is withholding any payments to White Owl for its sales of the

19 | Infringing Garments or any other payments owed to White Owl by Forever 21.

20 | **RESPONSE TO INTERROGATORY NO. 16:**

21 | White Owl has no knowledge of any garments referenced in the First Amended

22 | Complaint other than The 46B/48B Shorts, and with respect to payments for The 46B/48B

23 | Shorts or any other payments, no.

24 | **INTERROGATORY NO. 17:**

25 | Identify each person having knowledge of White Owl's Affirmative Defenses to

26 | Plaintiff's First Amended Complaint.

27 | **RESPONSE TO INTERROGATORY NO. 17:**

28 | To the extent those affirmative defenses are based upon facts within the personal

7

1    knowledge of employees of White Owl, Isaac Saul Flores and Moises Guakil.   Investigation is

2    ongoing.

3    **INTERROGATORY NO. 18:**

4       Identify each person who participated in the preparation of defendant's responses to the

5    foregoing interrogatories, specifying the interrogatory response to which each such person

6    participated and who furnished any information in response thereto.

7    **RESPONSE TO INTERROGATORY NO. 18:**

8       Isaac Saul Flores, for all interrogatories. The information provided in response to

9    Interrogatory No. 10 was furnished by Hector Duran, an employee of White Owl.

10    Date:  March 24, 2010          HOLLAND & KNIGHT LLP

11

12                              By:

13                                 Theresa A. Middlebrook

14                                 Attorneys for Defendant
                                WHITE OWL CLOTHING, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

I, ISAAC SAUL FLORES, declare that I am the President of White Owl Clothing, Inc., that I am authorized to make this verification for and on behalf of White Owl Clothing, Inc., and I make this verification for that reason. I have read the foregoing WHITE OWL CLOTHING, INC.'s RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO WHITE OWL CLOTHING, INC. (Nos. 1-19) and know its contents. To the best of my knowledge, information and belief, the matters stated herein are true. I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 24, 2010

# 9208737_v1

9

DEFENDANT WHITE OWL CLOTHING, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-19)

EXHIBIT "10"   20
[Page 4 of 4]

**EXHIBIT 11**

**Page 1**

```
 1
 2   UNITED STATES DISTRICT COURT
 3   CENTRAL DISTRICT OF CALIFORNIA
 4   --------------------------------)
 5   EXPRESS LLC,
 6              Plaintiff,
 7
 8   vs.
 9
10   FOREVER 21, INC.; FOREVER 21 RETAIL,INC.;
11   FOREVER 21 LOGISTICS LLC; JIN SOOK CHANG;
12   DO WON CHANG; WHITE OWL CLOTHING, INC.;
13   STEPS APPAREL GROUP,INC. dba STEPS OF CA;
14   and DOES 1 through 10, inclusive,
15
16              Defendants.
17   --------------------------------)
18        DEPOSITION OF COLIN CAMPBELL
19             New York, New York
20            Friday, April 30, 2010
21
22   Reported by:
23   William Byrne
24   Job No. 301801
25
```

**Page 3**

```
 1
 2
 3   A P P E A R A N C E S:
 4
 5   COLUCCI & UMANS
 6   Attorneys for Plaintiff
 7      218 East 50th Street
 8      New York, New York  10022
 9   BY: FRANK COLUCCI, ESQ.
10         -and-
11      MICHAEL PAMPALONE, III
12
13   RUSS AUGUST & KABAT
14   Attorneys for Defendants
15   Forever 21, Inc.; Forever 21 Retail,
16   Inc.; Forever 21 Logistics Llc; Jin
17   Sook Chang; Do Won Chang
18      12424 Wilshire Boulevard, 12th Floor
19      Los Angeles, California 90025
20   BY: NATHAN D. MEYER, ESQ.
21
22
23
24
25
```

**Page 2**

```
 1
 2
 3
 4          April 30, 2010
 5          9:20 a.m.
 6
 7       DEPOSITION of COLIN CAMPBELL,
 8   held at the offices of Colucci &
 9   Umans, 218 East 50th Street, New
10   York, New York, New York, pursuant
11   to Order, before William Byrne, a
12   Notary Public of the State of New
13   York.
14
15
16
17
18
19
20
21
22
23
24
25
```

**Page 4**

```
 1
 2
 3      IT IS HEREBY STIPULATED AND AGREED, by
 4   and between counsel for the respective
 5   parties hereto, that the filing, sealing and
 6   certification of the within deposition shall
 7   be and the same are hereby waived;
 8      IT IS FURTHER STIPULATED AND AGREED
 9   that all objections, except as to the form of
10   the question, shall be reserved to the time
11   of the trial;
12      IT IS FURTHER STIPULATED AND AGREED
13   that the within deposition may be signed
14   before any Notary Public with the same force
15   and effect as if signed and sworn to before
16   the Court.
17
18
19
20
21
22
23
24
25
```

EXHIBIT "11"
[Page 1 of 5]

21

C. Campbell

2    A.    No.

3    Q.    Why not?

4    A.    Because effectively we would
5    ask multiple mills and manufacturers of
6    multiple colors to conform to our
7    standards rather than provide us with
8    their own.

9    Q.    What intellectual property
10   training are designers of wovens given?

11   A.    Our company has a
12   comprehensive intellectual property
13   training program ongoing in which all
14   designers, merchants, production people
15   and technical associates are given
16   training once every six months biannually,
17   I believe.

18   Q.    Are designers told that if
19   they are going to base a design on a
20   single piece of inspiration, they must
21   disclose that inspiration?

22   A.    At the training, is that what
23   you mean?

24   Q.    Yes.

25   A.    The training covers all

C. Campbell

2    aspects and very comprehensive aspects of
3    intellectual property and the laws and
4    guidelines that we seek to follow within
5    our culture at Express. I believe seeking
6    legal advice when in doubt is part of that
7    training.

8    Q.    But does the training require
9    that if, let's say, this Roth plaid was
10   based on a prior plaid, there should be a
11   notation in the file stating as such?

12   A.    I don't believe we advocate to
13   that level of specificity.

14   Q.    And this biannual training,
15   about how long is it?

16   A.    It can be most of a day or
17   half to three quarters of a day long.

18   Q.    On IP alone or all legal
19   issues?

20   A.    On IP alone.

21   Q.    And is that here in New York
22   for New York employees or do they fly to
23   Columbus?

24   A.    We are both training in New
25   York for New York employees and in

C. Campbell

2    Columbus for the Columbus associates.

3    Q.    Let's move on to category
4    number 2.

5    A.    Yes.

6    Q.    The manufacture of the plaid
7    shorts, what did you do to prepare for
8    this category?

9    A.    I believe we discussed this
10   earlier when with talked about categories
11   1, 2 and 11, my response earlier about the
12   people I spoke to and the time I spent
13   would be the same.

14   Q.    So as to category 2, it's
15   nobody other than Ms. Ward Beam?

16   A.    Yes.

17   Q.    Looking at Exhibit 11, did
18   this originally have a belt?

19   A.    We sell some of our shorts
20   with belts and some without, It's
21   depending on the final price we are trying
22   to achieve. I'm not sure whether this
23   originally had a belt or not.

24   Q.    It is Exhibit 11 --

25   A.    Yes.

C. Campbell

2    Q.    -- who manufactured these
3    plaid shorts?

4    A.    The plaid shorts were
5    manufactured by two companies. Let me
6    back up. We bought all of the shorts from
7    Mast Industries who in turn manufactured
8    them with two companies.

9    Q.    How do you spell that?

10   A.    M-A-S-T.

11   Q.    What is Mast Industries?

12   A.    Mast Industries is a
13   production and sourcing company owned by
14   Limited Brands whom we utilize as of our
15   major suppliers.

16   Q.    Are they based in Columbus?

17   A.    Yeah, I think they would be
18   based in Columbus, but they do have
19   offices in New York and around the world.

20   Q.    This goes into category 11,
21   but other than the fact -- is Mast
22   Industries a wholly owned subsidiary of
23   Express?

24   A.    No.

25   Q.    What is its affiliation with

EXHIBIT "11"                    22
[Page 2 of 5]

Case 2:09-cv-04514-ODW-VBK   Document 162   Filed 08/02/10   Page 34 of 54   Page ID
#:3449
Express LLC v.
Forever 21, Inc.

Colin Campbell
April 30, 2010

Page 77

1          C. Campbell
2      A.    It would indicate as a fashion
3  brand which changes or product offering
4  model, and most certainly seasonally the
5  chances are this jacket was no longer
6  offered for sale and migrated through.
7       When I say no longer offered
8  for a full product sale, but would be
9  migrated through until it was exited from
10  the stores.
11     Q.    Do you know when that date
12  would be? I'm looking and I see January
13  22 and February 9 and March 5; do you know
14  when the next date would be?
15     A.    For a floor set?
16     Q.    Yes.
17     A.    It would be in April.
18     Q.    Early April or late April or
19  mid-April?
20     A.    I would have to refer to when
21  Easter was in that particular year because
22  we tend to organize our sets to optimize
23  the holidays in the United States; so we
24  would move it depending when the Easter
25  break and spring breaks occurred that

Page 78

1          C. Campbell
2  year.
3      Q.    If I were to quickly look up
4  when Easter was in 2009, would this
5  refresh your recollection?
6      A.    No. I would actually have to
7  look with specificity to when we targeted
8  the floor set change for 2009; I would
9  have to refer back to that.
10     Q.    Would it be before or after
11  April 15, or would you not know?
12     A.    I wouldn't know I would have
13  to refer.
14     RQ   MR. MEYER: We would like to
15       know the date of the next floor set.
16       MR. COLUCCI: Take it under
17       advisement.
18     Q.    Would it be accurate to say
19  that by the end of 2009 the track jacket
20  at issue in this case was on sale or not
21  offered for sale anymore?
22     A.    That would be a deduction.
23     Q.    Do you have any reason to
24  believe that is not the case?
25     A.    No.

Page 79

1          C. Campbell
2      Q.    So as of late 2009 would the
3  track jacket be considered a vital part of
4  the Express sale process or was it on the
5  tail end of its fashion cycle?
6       MR. COLUCCI: I object to the
7       form of the question.
8      A.    The vast majority of the
9  products both in the men's and women's
10  area we sell are fashion apparel. We
11  change our floors monthly, and we change
12  our seasons every quarter and we move
13  through styles in such a selling period as
14  you mentioned.
15     Q.    Isn't it true that at the end
16  of 2009 the track jacket was at the tail
17  end of its cycle?
18     A.    I would imagine so.
19     Q.    Isn't it true that at the end
20  of 2009, Express was no longer selling the
21  track jacket at full price?
22     A.    I don't know that for certain.
23     Q.    Do you know what price it was
24  being sold at the end of 2009?
25     A.    Not without referring to the

Page 80

1          C. Campbell
2  documents.
3      Q.    Take a look at Exhibit 85,
4  does that refresh your recollection at all
5  as to price; can you tell anything from
6  that?
7      A.    This is Exhibit 85?
8      Q.    Yes.
9      A.    No, because this is not sales
10  on a dollar basis not on a unit basis I
11  can't tell.
12     RQ   MR. MEYER: I will be
13       requesting the changes of the unit
14       price over the course of 2009.
15       MR. COLUCCI: Take it under
16       advisement.
17     Q.    Let's go back to Exhibit 84.
18     A.    Yes.
19     Q.    Are any of the elements you
20  described as aspects of Express trade
21  dress on the jacket functional?
22     A.    Functional as in?
23     Q.    They make it more comfortable
24  or fit better, they make it lighter, they
25  make it not cause a rash like that?

EXHIBIT "11"
[Page 3 of 5]
23

Page 81

```
 1              C. Campbell
 2     A.    Clearly there are functional
 3   limits on this product as in the zipper
 4   opens and allows you to put it on and the
 5   pockets open an allow you to gain access,
 6   but none of this was designed for
 7   function, it was designed for appearance.
 8     Q.    In the mixed media are the
 9   different fabrics designed for function?
10     A.    No.
11     Q.    Would you please take a look
12   at Exhibit 84, take a look right under the
13   price --
14     A.    Yes.
15     Q.    -- where it says "Super soft
16   cotton and sleek nylon combined to for
17   ultra wearable comfort and modern casual
18   style?
19          MR. COLUCCI:  Is that a
20   question?
21     Q.    Yes.  Can you make that out?
22     A.    Yes.
23     Q.    Isn't it true that Express was
24   stating that at least in part the mixed
25   media had a functional basis?
```

Page 82

```
 1              C. Campbell
 2     A.    I don't think so.
 3     Q.    What does ultra wearable
 4   comfort mean?
 5     A.    Ultra wearable comfort, it
 6   sounds like a product designed to be worn
 7   that it's wearable.
 8     Q.    Comfort doesn't go to the feel
 9   of the jacket rather than the look?
10     A.    I'm not quite sure what the
11   question is.  I think this garment was
12   designed to be worn as a track jacket
13   intended to be suitable to be worn as a
14   track jacket and was appealing as such in
15   its form and design.
16          It is not a tuxedo, not a
17   sweater, it is not an overcoat but it is a
18   track jacket designed to be worn for
19   occasions and with other products, and it
20   is demonstrated on the website in a casual
21   informal way and provides you that
22   aesthetic.
23     Q.    I believe I asked you this,
24   but when did Express begin selling the
25   track jacket nationwide?
```

Page 83

```
 1              C. Campbell
 2     A.    I believe in January of '09.
 3     Q.    And do you know how many
 4   stores in total Express sold the jacket?
 5   A ballpark is fine.
 6     A.    I believe it was sold in all
 7   of our stores that carry our men's wear.
 8     Q.    About how many stores is that?
 9     A.    Somewhere north of 500.
10     Q.    How many track jackets did
11   Express sell of these track jackets?
12     A.    I would refer you to the
13   documents you probably already found in
14   discovery that tell you that.
15     Q.    Is it correct it was somewhere
16   between 16 and 17,000 garments?
17     A.    That sounds about right.
18     Q.    You can see from Exhibit 84
19   there is a white one and a gray one?
20     A.    Yes.
21     Q.    How did the white track jacket
22   sell relative to the gray track jacket, if
23   you know?
24     A.    I don't know.
25     Q.    You have no idea what the mix
```

Page 84

```
 1              C. Campbell
 2   was?
 3     A.    I believe we sold more white
 4   than gray, but I don't know specifically.
 5     Q.    What makes you believe you
 6   sold more white than gray?
 7     A.    My recollection of when I
 8   reviewed the numbers.
 9     Q.    How long was the track jacket
10   on sale nationwide?
11     A.    I believe the track jacket was
12   on sale for four or five months.
13     Q.    Would the last few be on the
14   sale rack after late April?
15     A.    I would expect that's probably
16   true.
17     Q.    Would it be correct to say
18   that the bulk of Express sales of the
19   track jacket happened between mid-January
20   and sometime in April 2009?
21     A.    I think that would be
22   accurate.
23     Q.    For a hot seller in a given
24   store how many garments do you expect to
25   sell on a given day.
```

EXHIBIT "11"
[Page 4 of 5]

24

1                       C. Campbell

2                C E R T I F I C A T E

3    STATE OF NEW YORK     )

4                       : ss.

5    COUNTY OF NEW YORK  )

6

7                  I, WILLIAM BYRNE, a Notary

8    Public within and for the State of New

9    York, do hereby certify:

10      That the within is a true and

11    accurate statement of the proceedings

12    herein.

13      I further certify that I am not

14    related to any of the parties to this

15    action by blood or marriage, and that

16    I am in no way interested in the

17    outcome of this matter.

18      IN WITNESS WHEREOF, I have hereunto

19    set my hand this 17th day of May

20    2010.

21

22          WILLIAM BYRNE

23

24

25

128

BARKLEY
Court Reporters

EXHIBIT "11"
[Page 5 of 5]
25

**EXHIBIT 12**

RUSS, AUGUST & KABAT
Larry C. Russ, State Bar No. 82768
lruss@raklaw.com
Nathan D. Meyer, State Bar No. 239850
nmeyer@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone:   (310) 826-7474
Facsimile:    (310) 826-6991

Attorneys for Defendants
Forever 21, Inc., Forever 21
Logistics, Inc., Forever 21
Retail, Inc., Jin Sook Chang,
and Do Won Chang

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPRESS LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>FOREVER 21, INC.; FOREVER 21 LOGISTICS, INC.; FOREVER 21 RETAIL, INC.; JIN SOOK CHANG; DO WON CHANG; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. CV09-04514 ODW (VBK)<br><br>**DEFENDANT FOREVER 21 INC'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSION**<br><br>Complaint Filed:  June 23, 2009 |

RUSS, AUGUST & KABAT

1  **REQUEST NO. 74:**

2      Forever 21 has no document(s) that refer or relate to any originality of the

3  Forever 21 Jack Design.

4  **RESPONSE TO REQUEST NO. 74:**

5      Admit.

6  **REQUEST NO. 75:**

7      Forever 21 has no document(s) that refer or relate to any originality of the

8  Forever 21 Roth Design.

9  **RESPONSE TO REQUEST NO. 75:**

10      Admit.

11  **REQUEST NO. 76:**

12      Forever 21 had in its possession, custody or control at one time, one or more

13  Express garments bearing the Express Track Jacket Trade Dress.

14  **RESPONSE TO REQUEST NO. 76:**

15      Forever 21 objects to the term Express Track Jacket Trade Dress as

16  implying that the track jacket contains protectable trade dress.  Forever 21 admits

17  that it had an Express Track Jacket, with fabric swatches removed.  That jacket is

18  currently in the possession of Forever 21's attorneys, and has been provided to

19  Express for inspection.

20  **REQUEST NO. 77:**

21      Forever 21 had in its possession, custody or control at one time, one or more

22  Express garments bearing the Express Bruin Design.

23  **RESPONSE TO REQUEST NO. 77:**

24      Admit.

25  **REQUEST NO. 78:**

26      Forever 21 had in its possession, custody or control at one time, one or more

27  Express garments bearing the Express Ocean Design.

28

RUSS, AUGUST & KABAT

2923-03 100121 RespRFA#1-F21.doc

19

**EXHIBIT "12"**
**[Page 2 of 9]**

27

1  **RESPONSE TO REQUEST NO. 126:**

2      Forever 21 has insufficient information to admit or deny this request, and

3  on that grounds denies the request.

4  **REQUEST NO. 127:**

5      Forever 21's garments that are copies of, or similar to genuine third party

6  garments are sold at a lower price than the genuine garments.

7  **RESPONSE TO REQUEST NO. 127:**

8      Forever 21 objects to this request as argumentative, vague and ambiguous,

9  and overbroad, and assuming that Forever 21's garments are copies of or similar to

10  genuine garments.  Without waiving that objection, deny.

11  DATED: January 21, 2010                    RUSS, AUGUST & KABAT

12                                             Larry C. Russ
                                               Nathan D. Meyer

13

14                                             By: /s/ Nathan D. Meyer
                                                   Attorneys for Defendants

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUSS, AUGUST & KABAT

2923-03 100121 RespRFA#1-F21.doc

30

1   RUSS, AUGUST & KABAT
    Larry C. Russ, State Bar No. 82768
2   lruss@raklaw.com
    Nathan D. Meyer, State Bar No. 239850
3   nmeyer@raklaw.com
    12424 Wilshire Boulevard, 12th Floor
4   Los Angeles, California 90025
    Telephone: (310) 826-7474
5   Facsimile: (310) 826-6991

6   Attorneys for Defendants
    Forever 21, Inc., Forever 21
7   Logistics, Inc., Forever 21
    Retail, Inc., Jin Sook Chang,
8   and Do Won Chang

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  EXPRESS LLC,                        Case No. CV09-04514 ODW (VBK)

14              Plaintiff,              **DEFENDANT FOREVER 21
                                        RETAIL, INC'S, RESPONSES**
15         v.                           **TO PLAINTIFF'S FIRST SET OF
                                        REQUEST FOR ADMISSION**
16  FOREVER 21, INC.; FOREVER 21
    LOGISTICS, INC.; FOREVER 21         Complaint Filed: June 23, 2009
17  RETAIL, INC.; JIN SOOK CHANG; DO
    WON CHANG; and DOES 1 through 50,
18  inclusive,

19              Defendants.

20

21

22

23

24

25

26

27

28  2923-03 100121 RespRFA#1-Retail.doc

                              1

DEFENDANT FOREVER 21 RETAIL, INC'S, RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR

RUSS, AUGUST & KABAT

1  **REQUEST NO. 74:**

2      Forever 21 has no document(s) that refer or relate to any originality of the

3  Forever 21 Jack Design.

4  **RESPONSE TO REQUEST NO. 74:**

5      Admit.

6  **REQUEST NO. 75:**

7      Forever 21 has no document(s) that refer or relate to any originality of the

8  Forever 21 Roth Design.

9  **RESPONSE TO REQUEST NO. 75:**

10      Admit.

11  **REQUEST NO. 76:**

12      Forever 21 had in its possession, custody or control at one time, one or more

13  Express garments bearing the Express Track Jacket Trade Dress.

14  **RESPONSE TO REQUEST NO. 76:**

15      Forever 21 objects to the term Express Track Jacket Trade Dress as

16  implying that the track jacket contains protectable trade dress. Forever 21 admits

17  that it had an Express Track Jacket, with fabric swatches removed. That jacket is

18  currently in the possession of Forever 21's attorneys, and has been provided to

19  Express for inspection.

20  **REQUEST NO. 77:**

21      Forever 21 had in its possession, custody or control at one time, one or more

22  Express garments bearing the Express Bruin Design.

23  **RESPONSE TO REQUEST NO. 77:**

24      Admit.

25  **REQUEST NO. 78:**

26      Forever 21 had in its possession, custody or control at one time, one or more

27  Express garments bearing the Express Ocean Design.

28  2923-03 100121 RespRFA#1-Retail.doc                     19

RUSS, AUGUST & KABAT

1  **RESPONSE TO REQUEST NO. 126:**

2      Forever 21 has insufficient information to admit or deny this request, and

3  on that grounds denies the request.

4  **REQUEST NO. 127:**

5      Forever 21's garments that are copies of, or similar to genuine third party

6  garments are sold at a lower price than the genuine garments.

7  **RESPONSE TO REQUEST NO. 127:**

8      Forever 21 objects to this request as argumentative, vague and ambiguous,

9  and overbroad, and assuming that Forever 21's garments are copies of or similar to

10  genuine garments.  Without waiving that objection, deny.

11  DATED: January 21, 2010            RUSS, AUGUST & KABAT
                                       Larry C. Russ
12                                     Nathan D. Meyer

13

14                                     By: /s/ Nathan D. Meyer
                                           Attorneys for Defendants
15

16

17

18

19

20

21

22

23

24

25

26

27

28  2923-03 100121 RespRFA#1-Retail.doc          30

DEFENDANT FOREVER 21 RETAIL, INC'S. RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR

RUSS, AUGUST & KABAT
Larry C. Russ, State Bar No. 82768
lruss@raklaw.com
Nathan D. Meyer, State Bar No. 239850
nmeyer@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Defendants
Forever 21, Inc., Forever 21
Logistics, Inc., Forever 21
Retail, Inc., Jin Sook Chang,
and Do Won Chang

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPRESS LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>FOREVER 21, INC.; FOREVER 21 LOGISTICS, INC.; FOREVER 21 RETAIL, INC.; JIN SOOK CHANG; DO WON CHANG; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No. CV09-04514 ODW (VBK)<br><br>**DEFENDANT FOREVER 21 LOGISTICS, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSION**<br><br>Complaint Filed: June 23, 2009 |

2923-03 100121 RespRFA#1-Logis.doc

1

DEFENDANT FOREVER 21 LOGISTICS, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR

**REQUEST NO. 74:**

Forever 21 has no document(s) that refer or relate to any originality of the Forever 21 Jack Design.

**RESPONSE TO REQUEST NO. 74:**

Admit.

**REQUEST NO. 75:**

Forever 21 has no document(s) that refer or relate to any originality of the Forever 21 Roth Design.

**RESPONSE TO REQUEST NO. 75:**

Admit.

**REQUEST NO. 76:**

Forever 21 had in its possession, custody or control at one time, one or more Express garments bearing the Express Track Jacket Trade Dress.

**RESPONSE TO REQUEST NO. 76:**

Forever 21 objects to the term Express Track Jacket Trade Dress as implying that the track jacket contains protectable trade dress. Forever 21 admits that it had an Express Track Jacket, with fabric swatches removed. That jacket is currently in the possession of Forever 21's attorneys, and has been provided to Express for inspection.

**REQUEST NO. 77:**

Forever 21 had in its possession, custody or control at one time, one or more Express garments bearing the Express Bruin Design.

**RESPONSE TO REQUEST NO. 77:**

Admit.

**REQUEST NO. 78:**

Forever 21 had in its possession, custody or control at one time, one or more Express garments bearing the Express Ocean Design.

19

DEFENDANT FOREVER 21 LOGISTICS, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR

RUSS, AUGUST & KABAT

**RESPONSE TO REQUEST NO. 126:**

Forever 21 has insufficient information to admit or deny this request, and on that grounds denies the request.

**REQUEST NO. 127:**

Forever 21's garments that are copies of, or similar to genuine third party garments are sold at a lower price than the genuine garments.

**RESPONSE TO REQUEST NO. 127:**

Forever 21 objects to this request as argumentative, vague and ambiguous, and overbroad, and assuming that Forever 21's garments are copies of or similar to genuine garments.  Without waiving that objection, deny.

DATED: January 21, 2010                    RUSS, AUGUST & KABAT
                                           Larry C. Russ
                                           Nathan D. Meyer


                                           By: /s/ Nathan D. Meyer
                                               Attorneys for Defendants

RUSS, AUGUST & KABAT

2923-03 100121 RespRFA#1-Logis.doc                    30

DEFENDANT FOREVER 21 LOGISTICS, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR

**EXHIBIT "12"**
**[Page 9 of 9]**

34

**EXHIBIT 13**

1    Frank J. Colucci (*Admitted Pro Hac Vice*)
     fcolucci@colucci-umans.com
2    David M. Dahan (*Admitted Pro Hac Vice*)
     ddahan@colucci-umans.com
3    Janice K. Yoon (*Admitted Pro Hac Vice*)
     jyoon@colucci-umans.com
4    COLUCCI & UMANS
     218 East 50th Street
5    New York, New York 10022
     Telephone:  (212) 935-5700
6    Facsimile:  (212) 935-5728

7
8    Russell Allyn (State Bar No. 143531)
     rallyn@buchalter.com
9    BUCHALTER NEMER
     1000 Wilshire Boulevard, Suite 1500
10   Los Angeles, California 90017-2457
     Telephone: (213) 891-0700
11   Facsimile: (213) 896-0400

12   Attorneys for Plaintiff,
     EXPRESS, LLC
13

14

15              UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17                    WESTERN DIVISION

18   EXPRESS, LLC,                          )
                                            )   Civil Action No.
19              Plaintiff,                   )   2:09-cv-04514-ODW (VBKx)
                                            )
20         v.                               )
                                            )   **PLAINTIFF'S RESPONSES
21   FOREVER 21, INC., FOREVER 21           )   TO DEFENDANT
     LOGISTICS, LLC, FOREVER 21             )   FOREVER 21, INC'S
22   RETAIL, INC., JIN SOOK CHANG, DO       )   FIRST SET OF
     WON CHANG and DOES 1 through 10,       )   INTERROGATORIES
23   inclusive,                             )   (NOS. 1-25)**
                                            )
24              Defendants.                 )   Honorable Otis D. Wright  II
                                            )
25                                          )
                                            )
26                                          )
                                            )
27

28
                       **EXHIBIT "13"**
                       [Page 1 of 6]

                                                              35

1 **RESPONSE:**

2     Express objects to this Interrogatory on the ground that Express's profit

3 calculations with respect to its garments bearing its copyrighted EXPRESS PLAID

4 DESIGNS are irrelevant to Express's copyright infringement claims against

5 defendants and as such are not likely to lead to the discovery of admissible

6 evidence.

7 **INTERROGATORY NO. 6:**

8     Set forth the number of units of each of the garments containing the

9 EXPRESS PLAID DESIGN [*sic*] that EXPRESS has sold.

10 **RESPONSE:**

11     Express objects to this Interrogatory on the ground that the number of units

12 of its garments bearing its copyrighted EXPRESS PLAID DESIGNS that it has

13 sold is irrelevant to Express's copyright infringement claims against defendants

14 and as such is not likely to lead to the discovery of admissible evidence.  Without

15 waiving its objections, see Express's CONFIDENTIAL document production

16 bates-stamped EXP 0123 - 0175.

17 **INTERROGATORY NO. 7:**

18     Set forth the number of units of each of the garments containing the

19 EXPRESS PLAID DESIGNS that EXPRESS has in inventory and on order.

20 **RESPONSE:**

21     Express objects to this Interrogatory on the ground that the number of units

22 of its garments bearing its copyrighted EXPRESS PLAID DESIGNS that it has in

23 inventory is irrelevant to Express's copyright infringement claims against

24 defendants and as such are not likely to lead to the discovery of admissible

25 evidence.

26 **INTERROGATORY NO. 8:**

27     IDENTIFY the stores and their locations through which EXPRESS has sold

28

1  and is currently selling the garments containing the EXPRESS PLAID DESIGNS.

2  **RESPONSE:**

3        The garments bearing the EXPRESS PLAID DESIGNS were offered for

4  sale and sold in over 500 EXPRESS retail stores located throughout the United

5  States and through the EXPRESS website at www.express.com. See Express's

6  document production bates-stamped EXP 0176 - 0185 and CONFIDENTIAL

7  document production bates-stamped EXP 0123 - 0175.

8  **INTERROGATORY NO. 9**

9        For each store identified in response to interrogatory No. 8, set forth the

10  monthly sales for the garments containing the EXPRESS PLAID DESIGN.

11  **RESPONSE:**

12        Express objects to this Interrogatory on the ground that the specific sales of

13  its garments bearing its copyrighted EXPRESS PLAID DESIGNS are irrelevant to

14  Express's copyright infringement claims against defendants and as such are not

15  likely to lead to the discovery of admissible evidence. Without waiving its

16  objections, see Express's CONFIDENTIAL document production bates-stamped

17  EXP 0123 - 0175.

18  **INTERROGATORY NO. 10:**

19        IDENTIFY the person(s) having the most knowledge or information

20  concerning EXPRESS's offering for sale and sale of the EXPRESS TRACK

21  JACKET.

22  **RESPONSE:**

23        Without knowing the specific information about Express's offering for sale

24  and sale of the EXPRESS TRACK JACKET that defendant seeks, the person

25  believed to have the most knowledge or information on the subject is Randy Pyles.

26  Mr. Pyles was identified in Express's Initial Disclosures.

27

28

**EXHIBIT "13"**
**[Page 3 of 6]**

-4-

37

1  **RESPONSE:**

2      None.

3  **INTERROGATORY NO. 25:**

4      IDENTIFY all private label suppliers of jackets used by EXPRESS between

5  January 1, 2007 and the present.

6  **RESPONSE:**

7      None.

8  Dated:      New York, New York

9              November 30, 2009

10                                  COLUCCI & UMANS

11                          By:  _Frank J. Colucci_

12                               Frank J. Colucci

13                               (*Admitted Pro Hac Vice*)
                                 David M. Dahan
14                               (*Admitted Pro Hac Vice*)
                                 218 East 50th Street
15                               New York, New York 10022
16                               Telephone:  212.935.5700
17                               Facsimile:  212.935.5728
                                 *Attorneys for Plaintiff*
18                               *EXPRESS, LLC*

19  *Of counsel:*

20

21  Russell Allyn (State Bar No. 143531)
    rallyn@buchalter.com
22  BUCHALTER NEMER
    1000 Wilshire Boulevard, Suite 1500
23  Los Angeles, California 90017-2457
    Telephone: (213) 891-0700
24  Facsimile: (213) 896-0400

25

26

27                          **EXHIBIT "13"**
                            **[Page 4 of 6]**
28

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing "Plaintiff's Responses to Defendant Forever 21, Inc.'s First Set of Interrogatories (Nos. 1-25)" has been forwarded via electronic mail to defendant's attorney of record, Robert Gookin, rgookin@raklaw.com, Larry Russ, lruss@raklaw.com, Nathan Meyer, nmeyer@raklaw.com, Russ August & Kabat, 12424 Wilshire Boulevard, 12th Floor, Los Angeles, CA 90025, on this 30th day of November 2009.

EXHIBIT "13"
[Page 5 of 6]

-10-

**VERIFICATION**

STATE OF OHIO                    :

                                :ss.

COUNTY OF FRANKLIN               :

I, Matthew Moellering, being duly sworn, depose and say:

1.   I am currently the Chief Administrative Officer of Express, LLC, and am authorized to execute this Verification on behalf of Express, LLC.

2.   I have read the foregoing Plaintiff's Responses to Defendant Forever 21, Inc.'s First Set of Interrogatories (Nos. 1-25) and certify that the responses set forth therein, excluding objections, are true and accurate to the best of my personal knowledge, information and belief or upon information provided to me by others and the books and records of Express, LLC.

_____
Matthew Moellering

Sworn to and subscribed before me

this 24th day of November, 2009

_____
Notary Public.

EXHIBIT "13"
[Page 6 of 6]

-11-

40

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 1000 Wilshire Boulevard, Suite 1500, Los Angeles, California 90017-2457.

On the date set forth below, I served the foregoing document described as:

**DECLARATION OF FRANK J. COLUCCI IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDA RE DEFENDANTS' OPPOSITIONS TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof in a sealed envelope as follows:

Larry C. Russ
Russ, August & Kabat
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
nmeyer@rakaw.com
lruss@raklaw.com

Angie Lee
Levinson Arshonsky & Kurtz, LLP
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403
alee@laklawyers.com

Theresa Middlebrook
Holland & Knight
633 West Fifth Street, 21st Floor
Los Angeles, CA 90017
Theresa.middlebrook@hklaw.com

**BY OVERNIGHT DELIVERY** On August 2, 2010, I placed the Federal Express packages for overnight delivery in a box or location regularly maintained by Federal Express at my office. The documents were placed in sealed envelopes designated by Federal Express with delivery fees provided, addressed to the persons on whom they are to be served at the addresses shown above, as last given by that person on any document filed in the cause.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on August 2, 2010, at Los Angeles, California.

Kellie C. Brandon

(Signature)

BN 6690153v1

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

PROOF OF SERVICE