1  Robert A. Levinson, Esq. [SBN 82300]
2  Angie S. Lee, Esq. [SBN 254018]
   Levinson Arshonsky & Kurtz, LLP
3  15303 Ventura Blvd., Suite 1650
4  Sherman Oaks, CA 91403
   Telephone:  (818) 382-3434
5  Facsimile:  (818) 382-3433

6  Attorneys for Defendant Steps Apparel Group, Inc.

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11  EXPRESS, LLC,                      )  Case No.  CV09-04514 (ODW) (VBKx)
                                       )
12              Plaintiff,             )  **DEFENDANT STEPS APPAREL
                                       )  GROUP, INC.'S NOTICE OF MOTION
13  vs.                                )  AND MOTION FOR ATTORNEYS'
                                       )  FEES**
14  FOREVER 21, INC.; FOREVER 21       )
    LOGISTICS, LLC; FOREVER 21         )  Date:    November 8, 2010
15  RETAIL, INC.; JIN SOOK CHANG;      )  Time:    1:30 p.m.
    DO WON CHANG; WHITE OWL            )  Ctrm.:  11 (Honorable Otis D. Wright, II)
16  CLOTHING, INC; STEPS APPAREL       )
    GROUP, INC. dba STEPS OF CA; and   )  Complaint Filed:  June 23, 2009
17  DOES 1 through 10, inclusive,      )
                                       )
18              Defendants.            )
                                       )
19                                     )
                                       )
20

21         TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22         PLEASE TAKE NOTICE THAT on November 8, 2010 at 1:30 p.m. before the

23  Honorable Otis D. Wright, II, in Courtroom 11 of the United States District Court for the

24  Central District of California, located at 312 N. Spring St. Los Angeles, California,

25  defendant Steps Apparel Group, Inc. ("Steps" or "Defendant") will and hereby moves

26  for an order granting an award of attorneys' fees and other litigation expenses pursuant

27  to 17 U.S.C. §505, 15 U.S.C. §1117, and Local Rule 54-12.

28

LEVINSON ARSHONSKY & KURTZ, LLP

1   This Motion is made on the grounds that Defendant is the prevailing party on

2   plaintiff's claims for copyright infringement and trade dress infringement.  As the

3   prevailing party, pursuant to 17 U.S.C. §505, 15 U.S.C. §1117, Defendant is entitled to

4   attorneys' fees and related litigation expenses incurred in defending this case.

5        This Motion is based upon this Notice of Motion and Motion, the attached

6   Memorandum of Points and Authorities, the declarations of Robert A. Levinson and

7   Angie S. Lee, filed herewith, all documents on file in this action, and such further or

8   additional evidence or argument as may be presented before or at the time of the hearing

9   on this Motion.

10       This Motion is made following the conference of counsel pursuant to Local Rule

11  7-3 which was initiated by email on September 21, 2010, and concluded by

12  teleconference on September 23, 2010.

13  Dated: September 30, 2010              LEVINSON ARSHONSKY & KURTZ, LLP

14

15                                        By: ___/s/  Angie S. Lee_____
                                              ROBERT A. LEVINSON
16                                            ANGIE S. LEE
                                              Attorneys for Defendant
17                                            STEPS APPAREL GROUP, INC.

18

19

20

21

22

23

24

25

26

27

28

LEVINSON ARSHONSKY & KURTZ, LLP

# TABLE OF CONTENTS

PAGE

I.   **INTRODUCTION** ................................................................................ 1

II.  **BACKGROUND** ................................................................................ 2

   A.   **Express conducted no pre-filing investigation** ........................... 2

   B.   **Express's discovery strategy is revealing of its motives** ........................ 3

   C.   **Defendant prevails on cross-motions for summary judgment** .............. 3

III. **LEGAL ARGUMENT** ................................................................................ 4

   A.   **Steps is entitled to full award of fees and expenses** ................................. 4

   B.   **Steps is entitled to fees under the Copyright Act** ...................................... 5

      1.   Steps was completely successful ........................................... 5

      2.   Express's copyright claims were entirely frivolous. ........................ 5

      3.   Express's motive appears to have been to harass Defendants. .......... 6

      4.   Express lacked objective reasonableness for its claims ................... 6

      5.   The need for compensation and deterrence is strong ........................ 7

   C.   **Steps Is A Prevailing Party Entitled To An Award of Reasonable Attorney's Fees Under the Lanham Act** ................................................... 7

      1.   Express's trade dress claim was both "groundless" and "unreasonable" ................................................................................ 8

      2.   Express's claim was pursued in bad faith and in a vexatious manner 8

   D.   **Apportionment of fees** ................................................................................ 9

   E.   **Defendant's fees and expenses were reasonable** ...................................... 9

      1.   Time spent by counsel was reasonable ............................................. 9

      2.   Counsel's hourly rates are reasonable ............................................. 11

      3.   Other Expenses of Litigation ........................................................... 11

IV.  **CONCLUSION** ................................................................................ 12

LEVINSON ARSHONSKY & KURTZ, LLP

LEVINSON ARSHONSKY & KURTZ, LLP

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Cairns v. Franklin Mint Co.*

   292 F.3d 1139, 1156 (9th Cir. 2002)..............................................................7

*Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*

   122 F.3d 1211 (9th Cir. 1997) ...................................................................5

*Fantasy Inc. v. Fogerty*

   94 F.3d 553, 558 (9th Cir. 1996) ..............................................................5

*Historical Research v. Cabral*

   80 F.3d 377, 378 (9th Cir. 1996) ..............................................................5

*Jackson v. Sturkie*

   225 F.Supp.2d 1096, 1104 (N.D.Cal. 2003) ...........................................5

*Love v. Mail on Sunday*

   2007 U.S. Dist. LEXIS 97061, 3, 16 (C.D.Cal.2007)...........................4, 5

*Maljack Productions, Inc. v. Good-Times Home Video*

   81 F.3d 881, 889, 890 (9th Cir. 1996) ..................................................5, 6

*Stephen W. Boney, Inc. v. Boney Servs., Inc.*

   127 F.3d 821, 827 (9th Cir. 1997) ............................................................7

*Yankee Candle Co., Inc. v. Bridgewater Candle Co., LLC*

   259 F.3d 25, 43 (1st Cir.2001)..................................................................8

## STATUTES

15 U.S.C. §1117 ...........................................................................................4, 7

17 U.S.C. §504(c)(1) .......................................................................................3

17 U.S.C. §505 ................................................................................................4

/ / /

DEFENDANT STEPS APPAREL GROUP, INC.'S NOTICE
OF MOTION AND MOTION FOR ATTORNEYS' FEES

LEVINSON ARSHONSKY & KURTZ, LLP

## I. **INTRODUCTION**

On September 20, 2010, this Court entered judgment against Plaintiff Express, LLC ("Express") and in favor of Defendants Forever 21, Inc., Forever 21 Logistics, Inc., Jin Sook Chang, Do Won Chang, (collectively "Forever 21 Defendants"), White Owl Clothing, Inc. ("White Owl") and Steps Apparel Group, Inc. ("Steps") (collectively "Defendants") on the grounds outlined in the Court's order dated September 3, 2010. Specifically, the Court entered judgment in favor of Defendants on Express's copyright infringement and trade dress infringement claims[1]. As a result, Defendants are prevailing parties under Section 505 of the Copyright Act and Section 35 of the Lanham Act. Defendant Steps timely files this motion seeking to recover its reasonable attorney's fees and expenses incurred in connection with this litigation.

From the date Express filed its first amended complaint against Steps to the present, Steps has been forced to incur substantial attorney's fees in order to defend itself against Express's wholly unsupported and baseless claims. An award of attorney's fees to Steps is justified because Express filed this frivolous and groundless lawsuit without conducting a reasonable investigation as to whether it had any evidence, let alone sufficient evidence, to support its copyright infringement and Lanham Act claims.

In defending against Express's groundless copyright and Lanham Act claims, Steps incurred attorney's fees in the amount of not less than $48,762.50 and litigation-related expenses in the amount of not less than $2,124.20. This amount is reasonable in light of the issues in this case and the manner in which Express conducted its litigation. Accordingly, Steps respectfully requests that the Court grant its motion seeking to recover its reasonable attorney's fees and expenses incurred in defending this case.

/ / /

/ / /

---

[1] Judgment was entered in favor of Defendants for Express's unfair competition claims as well, but Steps is not seeking recovery of attorney's fees and costs related to those claims.

1815-001/86006

1

## II.    BACKGROUND

### A.    Express conducted no pre-filing investigation.

On May 29, 2009, Express discovered that Forever 21 was selling four pairs of plaid shorts and a track jacket similar to garments sold by Express. Shortly thereafter, on June 10, 2009, Express's counsel, Colucci & Umans, signed and filed copyright registrations on the four plaids. Less than two weeks later, the instant case was filed against Forever 21 and was amended to include Steps and another vendor defendant, White Owl, on December 4, 2009.

Express and its counsel moved quickly but without any regard for copyright rules or well-regarded law as to what can by copyrightable. Neither Express nor its counsel bothered to perform any investigation as to whether Express was the rightful copyright owner of the plaids. Either Express or its counsel could have easily communicated with the purported creator of the plaids (who at all relevant times was employed by Express) prior to filing the copyright registrations or the instant lawsuit but chose not to do so.[2] Instead, Express's counsel asserted on the registrations that the plaids were original without any basis for the assertion whatsoever. In fact, the opposite was true.

As for the track jacket, a bare modicum of due diligence would have revealed that there was no basis for trade dress protection. There was no evidence of exceptional sales, special advertising, or consumer confusion. MSJ Ruling at 16:2-13.

Despite the lack of factual basis to support its claims, Express pressed on, hastily and aggressively, against Forever 21 and its small-business vendors. Express's lawsuit ultimately resulted in a summary judgment in favor of the Defendants, but not without the Defendants incurring immense fees and expenses to defend themselves from the warrantless claims. This costly matter could have been avoided if Express had evaluated

---

[2] Express's Statement of Genuine Issues in Opposition to Forever 21 and Steps' Motion, Filed Under Seal 7/27/10, at 12 (Express does not dispute that Mr. Tower cannot recall being consulted prior to filing).

LEVINSON ARSHONSKY & KURTZ, LLP

1 the factual bases of its claims before commencing suit.

2  **B.**   **Express's discovery strategy is revealing of its motives.**

3  Express's discovery strategy as to Forever 21 made clear that Express wanted to

4 make this case about much more than just the five garments at issue.  First, the

5 extensiveness of Express's discovery was unwarranted in light of the amount in

6 controversy.  Because Express had not timely filed its copyright registrations, Express,

7 in the event that it prevailed, would not have been entitled to statutory damages and

8 would have only been eligible for actual damages and profits.  *See,* 17 U.S.C.

9 §504(c)(1).  Forever 21's gross profit on all garments, including the track jacket which

10 was not part of the copyright claim, was merely $75,000 and Steps's was less than

11 $6,000.  Express's extensive discovery was not warranted in light of the minimal profits

12 by the Defendants.  Second, the subject-matter of Express's discovery extended far

13 beyond the five garments at issue.  Six of the eleven individuals deposed by Express had

14 not even seen the garments before this case began.  Considering that Forever 21 and

15 Steps both admitted access and substantial similarity from the outset, Express could have

16 conducted its discovery in a more focused manner.  Instead, Express insisted on

17 deposing Jin Sook Chang and Do Won Chang, the founders of Forever 21 who had not

18 been involved with the garments in this case, and propounded written discovery requests

19 that were irrelevant to the five garments at issue.  Express's discovery tactics in light of

20 the fact that this case was filed less than a month after Express's counsel had just

21 finished trial in another case where his client sued Forever 21 and the Changs[3] makes

22 apparent that Express was out to tar and feather Forever 21 and was dragging Forever

23 21's small-business vendors, Steps and White Owl, along for the ride.

24  **C.**   **Defendant prevails on cross-motions for summary judgment.**

25  After the close of discovery, the parties filed cross motions for summary judgment.

26

27  _____
[3]   Trovata, Inc. v. Forever 21, et al. USDC 8:07-cv-01196-JVS-MLG.

28  1815-001/86006                                3

DEFENDANT STEPS APPAREL GROUP, INC.'S NOTICE
                                               OF MOTION AND MOTION FOR ATTORNEYS' FEES

LEVINSON ARSHONSKY & KURTZ, LLP

1   After the close of briefing, the parties engaged in an unsuccessful mediation and prepared
2   pre-trial filings.  The Court ruled in favor of Defendants on September 3, 2010.
3   Judgment was entered on September 20, 2010.

## III.   LEGAL ARGUMENT

### A.   Steps is entitled to full award of fees

6   As the prevailing party, Steps is eligible for an award of fees under both the
7   Copyright Act and the Lanham Act.  *See,* 17 U.S.C. §505 and 15 U.S.C. §1117.
8   However, where a plaintiff's claims are 'inextricably intertwined' in that they are all
9   based on common allegations, no apportionment is required.  *See, Love v. Mail on*
10  *Sunday,* 2007 U.S. Dist. LEXIS 97061, 3 (C.D.Cal.2007) ("These claims were therefore
11  'inextricably intertwined' and the Court will not apportion costs between them.")  As a
12  result, entitlement to fees under any authorizing statute warrants an award of all fees
13  reasonably incurred.

14  By its own allegations, all of Express's claims are based on the common theory
15  that Forever 21's business model is somehow an unlawful 'shop and copy' practice.  As
16  the Court noted, "copying" was the constant refrain of Express in this case.  MSJ Ruling
17  at 16:22-28.  The case was, at least from Express's point of view, about Forever 21's
18  business model.  Because all of Express's claims are based on this common theory,
19  Steps is entitled to a full award of fees and expenses under each of the relevant statutes,
20  without any apportionment.

21  Notwithstanding the foregoing, Steps acknowledges that there are some
22  differences between Express's copyright and trade dress claims.  Accordingly, and in an
23  abundance of caution, Steps has apportioned its fees among the three claims as set for
24  the below.  Steps respectfully requests a full award of its fees and expenses as they are
25  warranted both individually and collectively under relevant statutes.

26  / / /
27  / / /
28

4

DEFENDANT STEPS APPAREL GROUP, INC.'S NOTICE
OF MOTION AND MOTION FOR ATTORNEYS' FEES

LEVINSON ARSHONSKY & KURTZ, LLP

**B.     Defendant is entitled to fees under the Copyright Act.**

In determining whether to award attorney's fees to the prevailing party under the Copyright Act, "the district court should consider the degree of success obtained by the moving party, the frivolousness of any claims, the motivation for the claims, the objective reasonableness of the factual and legal arguments advanced in support of them and the need for compensation and deterrence." *Jackson v. Sturkie,* 225 F.Supp.2d 1096, 1104 (N.D.Cal. 2003) (citing *Fantasy Inc. v. Fogerty,* 94 F.3d 553, 558 (9th Cir. 1996); *Maljack Productions, Inc. v. Good-Times Home Video,* 81 F.3d 881, 889 (9th Cir. 1996)). "Exceptional circumstances are not a prerequisite to an award of attorney fees and costs; district courts may freely award fees, so long as they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's objectives." *See, id.* (citing *Historical Research v. Cabral,* 80 F.3d 377, 378 (9th Cir. 1996); *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211 (9th Cir. 1997).

Each of the above mentioned factors establishes than an award of reasonable attorney's fees to Steps is appropriate in this case.

1.     Steps was completely successful.

Steps completely prevailed on Express's infringement claims at the summary judgment stage. Steps' degree of success weighs heavily in favor of an award. *See, Love,* 2007 U.S. Dist. LEXIS 97061 at 16.

2.     Express's copyright claims were entirely frivolous.

As discussed above, Express conducted no pre-litigation investigation before its litigation counsel filed its copyright registrations and before filing the instant lawsuit. Even a cursory investigation, i.e., a quick interview of the purported creator, would have shown that Express's plaids did not qualify for copyright protection. Unsurprisingly, Express was unable to provide any evidence of even a minimal degree of creativity contributed to the plaids. Steps should be awarded its attorneys' fees and costs incurred

LEVINSON ARSHONSKY & KURTZ, LLP

1  | to defend Express's frivolous claims.

2  |                3.     Express's motive appears to have been to harass Defendants.

3  |       Instead of conducting even a cursory investigation, Express's litigation counsel

4  | rushed to file the copyright registrations and the instant lawsuit without even speaking

5  | with the purported creator of the plaids. Steps will never know when exactly Express

6  | realized that its plaids did not qualify for copyright protection. However, Express should

7  | have known by at least April 22, 2010, the date that the purported creator was deposed.

8  | However, even after that deposition made clear that Express's copyright claim was

9  | frivolous, Express did not withdraw its claim. Instead, Express charged on with full

10 | force. Express attempted, even at the summary judgment stage, to keep its baseless

11 | claim alive by filing a last minute declaration by the purported designer of the plaids

12 | contradicting his deposition testimony. The only explanation for Express's stubborn

13 | persistence is that it was hoping that it could distract a jury with extraneous information

14 | regarding past litigation and supposed bad business practices by Forever 21.

15 |       Further, Express's discovery that had nothing to do with the garments at issue and

16 | its insistence on deposing the Changs, who had not even seen the garments at issue prior

17 | to this lawsuit, four separate times make clear that Express cared less about the merits of

18 | the case and more concerned with its efforts to harass the Forever 21 Defendants.

19 |                4.     Express lacked objective reasonableness for its claims.

20 |       A fee award is appropriate here because Express's conduct "forced Defendants to

21 | incur substantial cost, time and effort to defend a claim for which Plaintiff had no

22 | legitimate basis." *Maljack Prods. v. Goodtimes Home Video Corp.,* 81 F.3d 881, 890

23 | (9th Cir. 1996).

24 |       The objective unreasonableness of Express's factual and legal arguments weighs

25 | in favor of awarding Steps' attorney's fees. Express relied heavily on its allegations of

26 | Forever 21's "shop and copy" practice in order to distract from the fatal flaw of its

27 | copyright claim—that their purported creator based the plaids of pre-existing works and

28 |

LEVINSON ARSHONSKY & KURTZ, LLP

1   he could not identify what changes, if any, were made. And despite that the registrations

2   contradicted the sworn testimony of the purported creator of plaids, Express insisted that

3   the Court give the copyright registrations presumptive effect. Because Express's

4   copyright claims lacked objective reasonableness, Steps should be awarded its attorney's

5   fees and costs incurred to defend those claims.

6           5.      The need for compensation and deterrence are strong.

7           The need for compensation here is strong. Steps was forced to incur what it

8   considers to be a large amount of attorney's fees while defending itself against a plaintiff

9   with comparatively endless resources who had no evidentiary or legal support for its

10  claims. Because Express (1) failed to investigate whether its plaids were even entitled to

11  copyright protection and (2) failed to withdraw its claim after the deposition of the

12  purported creator of the plaids made crystal clear that its claim was baseless, Steps was

13  required to expend $48,762.50 in legal fees. The award of fees is appropriate in this case.

14          The need for deterrence here is also strong. An award of fees in this case will

15  deter Express from filing frivolous and baseless claims in the future. Further, an award

16  of fees will also encourage Express to withdraw future claims when it discovers that the

17  claims are no longer viable.

18      **C.    Steps Is A Prevailing Party Entitled To An Award Of Reasonable**

19              **Attorney's Fees Under the Lanham Act.**

20          The Lanham Act authorizes an award of attorney's fees to the prevailing party on

21  a Lanham Act claim "in exceptional cases." 15 U.S.C. §1117. A trade dress claim is

22  exceptional when the case is "either 'groundless, unreasonable, vexatious, or pursued in

23  bad faith'". *See, Cairns v. Franklin Mint Co.,* 292 F.3d 1139, 1156 (9th Cir. 2002).

24  Cases are "groundless" or "unreasonable" when they raise no colorable issue of law or

25  fact. *Stephen W. Boney, Inc. v. Boney Servs., Inc.,* 127 F.3d 821, 827 (9th Cir. 1997).

26  The analysis of "groundlessness" and "unreasonableness" focuses on the objective

27  merits of the case. *Id.*

28

LEVINSON ARSHONSKY & KURTZ, LLP

1      1. Express's trade dress claim was both "groundless" and
2                "unreasonable"

3      There were no objective facts to support Express's claim that its track jacket
4  deserved trade dress protection. Express did not even attempt to present any direct
5  evidence that its track jacket had attained secondary meaning. *See, Yankee Candle Co.,*
6  *Inc. v. Bridgewater Candle Co., LLC,* 259 F.3d 25, 43 (1st Cir.2001) ("The only direct
7  evidence probative of secondary meaning is consumer surveys and testimony by
8  individual consumers.") And the circumstantial evidence of secondary meaning
9  presented by Express was paltry at best. The track jacket was sold for a period of less
10 than 5 months, the last few weeks of which the jacket was sold at a discount, there were
11 no efforts to specially promote the jacket, and the sales volume was substantially lower
12 than of other garments sold by Express. Express's case relied entirely on evidence of
13 copying and the fact that Express is a large nationwide retailer. If Express's position was
14 correct, then every single garment that it sells, regardless of whether the garment has
15 secondary meaning, would be given trade dress protection. Steps should be awarded its
16 fees incurred to defend against Express's groundless and unreasonable trade dress claim.

17     2. Express's claim was pursued in bad faith and in a vexatious manner
18     Again, Express performed no pre-litigation investigation before filing its trade
19 dress claim. A cursory investigation would have shown that the track jacket did not
20 qualify for trade dress protection. Express's counsel, who specializes in trade dress law,
21 must have been aware of the jacket's lack of secondary meaning. Express's conduct
22 throughout the litigation seems to indicate that it was so aware. For example, Express
23 chose not to conduct a consumer survey, which other than individual consumer
24 testimony, is the only form of direct evidence of secondary meaning. *See, Yankee*
25 *Candle,* 259 F.3d at 43. If Express truly believed that its track jacket had secondary
26 meaning, then why did it not seek survey evidence which would have been strong
27 support for its claim? Further, Express attempted to prevent discovery of relevant

LEVINSON ARSHONSKY & KURTZ, LLP

28  1815-001/86006                                                    8

1 | information regarding the existence of secondary meaning, specifically the relative sales
2 | of the track jacket compared to other Express garments. As it turned out, the relative
3 | sales ended up showing just how weak the sales of the track jacket were in comparison
4 | to the sales of other Express merchandise. And finally, Express skirted the issue of
5 | secondary meaning in its pleadings in connection with the cross-motions for summary
6 | judgment by failing to address all the factors in determining secondary meaning and
7 | instead relied solely on evidence of copying and the fact that it is a large nationwide
8 | retailer. Express's litigation conduct and the paltriness of the evidence presented
9 | indicate that Express's trade dress claim was pursued in bad faith.

### D. Apportionment of fees

Casework was divided 50/50 between copyright and trade dress. Four hours of unique time was spent on unfair competition and the amount of attorney's fees sought has been reduced accordingly.

### E. Defendant's fees and expenses were reasonable.

#### 1. Time spent by counsel was reasonable

Overall, as of September 3, 2010, Steps expended 225.3 attorney hours defending Express's copyright and trade dress claims. *See,* Lee Declaration, Exhibit A and Levinson Declaration, Exhibit B. Steps' counsel was able to keep the amount of hours expended at a minimum by being mindful to not duplicate efforts made by Forever 21, whose interests with Steps were closely aligned.[4] Steps' counsel collaborated with Forever 21's counsel whenever appropriate. For example, Steps did not conduct separate discovery from Forever 21 and joined Forever 21's pleadings related to the cross-motion for summary judgment instead of filing a separate motion.

A summary of facts justifying the time spent by Steps' counsel is as follows:

---

[4] Steps and Forever 21 were defending against the same claims and Steps agreed to indemnify Forever 21 in the case.

1815-001/86006

9

LEVINSON ARSHONSKY & KURTZ, LLP

- Steps attended the depositions of the following deponents noticed by Express: Jin Sook Chang, Do Won Chang, Larry Meyer, Derrick Klunchoo, Jenny Kim, Ann Cadier-Kim, Tanya Blair, and Key Chu.
- Steps responded to two sets of requests for production, two sets of special interrogatories and one set of requests for admission propounded by Express.
- Steps drafted portions of the summary judgment motion filed jointly with Forever 21[5] and also contributed to the editing and content of the motion and other pleadings related to the cross-motions for summary judgment.
- Steps prepared for and attended mediation.
- Steps prepared for trial, including the drafting motions in limine.
- Steps committed substantial time to the monitoring and review of the discovery and filings in the case.
- Steps committed substantial time to correspondence with co-defendants' counsel.

As reflected in the detailed time records attached to the declarations of Robert A. Levinson ("Levinson Declaration") and Angie S. Lee ("Lee Declaration"), Steps' counsel endeavored to assign tasks to the attorney with the appropriate background and level of experience. Steps used only a two person staff on this case. *See,* Levinson Declaration, ¶18. A single associate, Angie S. Lee, responded to discovery, attended depositions[6], drafted all the motions and pleadings, and prepared for trial. *Id.* A single senior partner, Robert A. Levinson, defended the deposition of Steps[7] and supervised and reviewed the work of Ms. Lee. *Id.* The result of Steps' efforts was that Steps

---

[5] Steps initially began drafting a separate summary judgment motion on the issues of contributory and vicarious liability, but ultimately decided, in the interest of conserving resources, to insert its arguments into the motion filed jointly with Forever 21.

[6] Yoonmi Ko, an attorney at Steps' former counsel, Lee Lau & Ko, attended one of the depositions early on in the case.

[7] Although Ms. Lee attended the deposition of Steps, Steps was not billed for her time.

1815-001/86006

10

DEFENDANT STEPS APPAREL GROUP, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES

LEVINSON ARSHONSKY & KURTZ, LLP

1 | prevailed entirely on summary judgment.

2 |        2.    Counsel's hourly rates are reasonable.

3 |     Robert A. Levinson is a founding partner of Levinson Arshonsky & Kurtz with

4 | thirty-two years of litigation experience. *See,* Levinson Declaration, ¶20. Mr. Levinson

5 | spent 47 hours defending Express's copyright and trademark infringement claims. *See,*

6 | Levinson Declaration, ¶18. LA&K charged $300 per hour for Mr. Levinson's time.

7 | *See,* Levinson Declaration, ¶20.

8 |     Angie S. Lee is an associate and has three years of litigation experience and two

9 | years of experience defending apparel-related copyright infringement claims. *See,*

10 | Levinson Declaration, ¶20. Ms. Lee spent 176 hours defending Express's copyright and

11 | trade dress infringement claims. *See,* Levinson Declaration, ¶18 and Lee Declaration,

12 | ¶11. LA&K charged $200 per hour for Ms. Lee's time. *See,* Levinson Declaration, ¶20.

13 | All time was billed individually down to tenth's of an hour and no block billing

14 | occurred. *See,* Levinson Declaration, **Exhibit B.**

15 |     Lee, Lau & Ko, Steps' prior counsel charged a regular billing rate of $200 for Ms.

16 | Lee's time and a billing rate of $160 for time spent attending depositions. *See,* Lee

17 | Declaration, ¶14. All time was billed individually down to the minute and no block

18 | billing occurred. *See,* Lee Declaration, **Exhibit A.**

19 |     Steps' hourly rates are certainly reasonable when considering Colucci & Umans

20 | charges $375-$450 for partners and $275 for associates and Buchalter Nemer, Express's

21 | local counsel, charges $260-$600 for partners and $225-$450 for associates. *See,*

22 | Levinson Declaration, **Exhibit F.**

23 |        3.    Other Expenses of Litigation.

24 |     Each of the statutes and rules above also authorizes an award of the prevailing

25 | party's costs. By this motion, Steps seeks recovery of its other expenses of litigation in

26 | the amount of $2,124.20, which were reasonable and necessary to the successful defense

27 | of this case. *See,* Levinson Declaration, ¶22 and Lee Declaration, ¶15.

LEVINSON ARSHONSKY & KURTZ, LLP

28 | 1815-001/86006

These expenses, which are summarized below, are detailed in paragraphs 24-33 of the Levinson Declaration and paragraphs 17-19 of the Lee Declaration.

- Attorney service charges: $36.21 (*see,* Levinson Declaration, ¶24)
- Messenger charges: $41.13 (*see,* Levinson Declaration, ¶25)
- Mileage charges: $66.55 (*see,* Levinson Declaration, ¶26)
- Overnight mail charges: $27.13 (*see,* Levinson Declaration, ¶27)
- Parking charges: $216.00 (*see,* Levinson Declaration, ¶28 and Lee Declaration, ¶19)
- Photocopy charges: $204.40 (*see,* Levinson Declaration, ¶29)
- Online research charges: $430.39 (*see,* Levinson Declaration, ¶30)
- Pacer charges: $89.44 (*see,* Levinson Declaration, ¶31 and Lee Declaration, ¶18)
- Conference call charges: $86.63 (*see,* Levinson Declaration, ¶32)
- Mediation charges: $925.00 (*see,* Levinson Declaration, ¶33)
- Postage charges: $1.32 (*see,* Lee Declaration, ¶17).

## IV. CONCLUSION

For the foregoing reasons, Steps respectfully requests that the Court award it $48,762.50 in attorney's fees and $2,124.20 in expenses.

Dated: September 30, 2010          LEVINSON ARSHONSKY & KURTZ, LLP


By: ___*/s/ Angie S. Lee*___
ROBERT A. LEVINSON
ANGIE S. LEE
Attorneys for Defendant
STEPS APPAREL GROUP, INC.

LEVINSON ARSHONSKY & KURTZ, LLP

# CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2010 the foregoing document described as **DEFENDANT STEPS APPAREL GROUP, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES** was filed electronically via the Court's Electronic Case Filing System (ECF).  Notice of the filing is being served upon all counsel of record automatically through Notice of Electronic Filing.

*/s/   Angie S. Lee*

1815-001/86006

1

Case No. 2:09-cv-04514 ODW (VBKx)                                    CERTIFICATE OF SERVICE