# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| EXRESS, LLC,<br><br>         Plaintiff/Appellant,<br><br>    v.<br><br>FOREVER 21, INC., FOREVER 21 LOGISTICS, LLC; FOREVER 21 RETAIL, INC; JIN SOOK CHANG; DO WON CHANG; WHITE OWL CLOTHING, INC.; STEPS APPAREL GROUP, INC.,<br><br>         Defendants/Appellees. | No. 10-56554<br><br>D.C. No. 2:09-cv-04514-ODW-VBK<br><br>U.S. District Court for Central California, Los Angeles<br><br>**APPELLANT'S STATEMENT OF ISSUES TO BE RAISED ON APPEAL** |

Pursuant to Circuit Rule 10(b), Appellant Express, LLC certifies that no transcripts will be ordered, and submits the following statement of issues Appellant intends to present on appeal.

PRINCIPAL ISSUES TO BE RAISED ON APPEAL

A.  Judgment ("Judgment") was entered in this action by the Honorable Otis D. Wright on September 20, 2010, granting summary judgment to Defendants Forever 21, Inc., Forever 21 Retail, Inc., Forever 21 Logistics, LLC, Do Won Chang, Jin Sook Chang, White Owl Clothing Company, Inc., and Steps Apparel Group, Inc.  This Judgment of dismissal with prejudice:

1

1. reflects manifest error because (i) Express produced substantial evidence in support of its copyright, trade dress, and unfair competition claims, the weight of which evidence constituted at least issues of fact that should be submitted to the jury; (ii) Express as a matter of law has the right to present additional evidence and testimony, including experts, at trial before a jury which should weigh such evidence, and (iii) the Court has improperly usurped the jury's necessary and integral role in this intellectual property action by electing to weigh the evidence during summary judgment; and

2. demonstrates manifest prejudice due to the Court's wholesale adoption of controverted facts that were either unsupported or objected to by Express that should be submitted to the jury, and instead entering Judgment based thereon.

B. Specific Issues.

Claim 1 for Copyright Infringement

1. Whether the trial court erred in applying the term "pre-existing" as it is legally understood for purposes of copyright registration to the lay testimony of Express's designer, Michael Tower, regarding his design process for the plaid designs at issue, whose deposition transcript does not include any use or citation of the word "preexisting." ("Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendants'", dated September 2, 2010 (D.C. Docket Entry #168) ("Order").)

2. Whether the trial court erred in adopting Defendants' argument that the plaid designs at issue were "based on a pre-existing

|   |   |
|---|---|
|   | design," as the term "preexisting" is legally understood, over Express's objection that what Tower was describing in his testimony was his inspiration which constituted a triable issue of fact that should be submitted to the jury. (Order, at 4:8-9.) |
| 3. | Whether the trial court erred in holding that Express failed to disclose in its copyright applications that the plaid designs "were based on pre-existing designs." (Order, at 12:22-24.) |
| 4. | Whether the trial court erred in holding that Express "failed to amend its registrations during the course of this litigation," when in fact, it could not do so because Express no longer had any record of Tower's inspirations for his plaid designs. (Order, at 12:22-25.) |
| 5. | Whether the trial court erred in holding that, as a matter of law, the plaid designs were "derivative works" based on its erroneous conclusion *sua sponte* that the "original concept" and/or inspiration used by and testified to by Tower constituted an "identifiable preexisting plaid design."  (Order, at 10:16-20.) |
| 6. | Whether the trial court erred in holding that the plaid designs at issue were "derivative works" based on Tower's inability to recall exactly what was used, or in what medium, to begin the design process.  (Order, at 10:20-26.) |
| 7. | Whether the trial court erred in holding that the plaid designs at issue were "derivative works" based on Tower's inability to recall exactly what changes were made, although he did recall that changes were made.  (Order, at 10:26-11:3) |
| 8. | Whether the trial court erred in holding that the plaid designs at issue were "derivative works" based on a negative inference |

        drawn from the fact that the sources of inspiration for the plaid designs at issue were no longer available.  (Order, at 11:3-6.)

9.    Whether the trial court erred in holding that "Express has no proof whatsoever that Express, *i.e.* Tower, made any particular changes to his inspirational material, let alone changes that are sufficiently creative to warrant copyright protection." (Order, at 11:8-11.)

10.    Whether the trial court erred in holding that Express could not prove that the plaid designs at issue possess "a sufficiently creative alteration original to Express."  (Order, at 10:13-15.)

11.    Whether the trial court erred in holding that Tower's declaration submitted with Express's reply brief in support of its motion for summary judgment "contradicts Tower's deposition testimony" and that such declaration constituted "new evidence" without specifying which portions were contradictory or new.  (Order, at p. 11, n.7.)

12.    Whether the trial court erred in holding that in addition to Tower's undisputed testimony that he made changes to his inspiration, his selection and arrangement of colors in the plaid designs at issue did not constitute originality or copyrightable subject matter.  (Order, at 11:16-12:1; 12:8-9.)

13.    Whether the trial court erred in holding that Express's copyright registrations were not entitled to *prima facie* validity under 17 U.S.C. § 410(c).  (Order, at 12:25-13:2.)

14.    Whether the trial court erred in holding that Defendants rebutted the presumption of prima facie validity of Express's copyright registrations.  (Order, at 13:7-9.)

Claim 2 for Trade Dress Infringement

15. Whether the trial court erred in holding that Express cannot, as a matter of law, carry its burden of proving secondary meaning in its track jacket at trial in light of the totality of the evidence presented by Express pertaining to its overall sales in over 500 retail stores and online, Express's marketing online and in stores, the fact that the track jacket was designated as a 'Top 15' item for the Spring/Summer '09 season, Express's established place in the market, and Defendants' intentional copying. (Order, at 18:2-4.)

Claims 3 & 4 for Unfair Competition under California's Business and Professions Code § 17200 and California common law

16. Whether the trial court erred in holding that Express's claims for unfair competition solely on the basis of its rejection of Express's trade dress infringement claims, rather than consider Express's separately pleaded claims for passing off and unfair "shop and copy" business practices under California state law. (Order, at 18:6-13.)

17. Whether the trial court erred in failing to consider Express's separate claims for passing off and unfair competition under California state law in light of evidence of Defendants' "shop and copy" business practices, whereby garments are purchased from third party retailers and, without any legal review, subsequently used by Defendants as their own production samples to be copied identically, and sold under Defendants'

       own name and mark, at a substantially lower price for Defendants' profit.

Dated: October 14, 2010       COLUCCI & UMANS

       By: /Frank J. Colucci/
       Frank J. Colucci
       (*Admitted in Ninth Circuit*)
       COLUCCI & UMANS
       218 East 50th Street
       New York, New York 10022
       Telephone: 212.935.5700
       Facsimile: 212.935.5728
       Emails: FColucci@colucci-umans.com

       *Attorneys for Plaintiff/Appellant, Express, LLC*

Co-Counsel for Plaintiff/Appellant Express, LLC:

BUCHALTER NEMER
Efrat M. Cogan
ecogan@buchalter.com
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Telephone: 213.891.0700
Facsimile: 213.896.0400

6

# **CERTIFICATE OF SERVICE**
# **STATE OF NEW YORK – COUNTY OF NEW YORK**

I declare that I am a citizen of the United States and a resident of New York, New York, or employed in the County of New York, State of New York.  I am, and was at the time of service of the document(s) herein referred to, over the age of 18 years, and not a party to the action.  My business address is Colucci & Umans, 218 East 50th Street, New York, New York 10022.

On the date executed below, I served a true copy of the document(s) described as:

## **APPELLANT'S STATEMENT OF ISSUES TO BE RAISED ON APPEAL**

|  |  |
|---|---|
| _x_ | By causing a true and accurate copy of the document(s) to be filed through this Court's Case Management and Electronic Case Filing (CM/ECF) system.  Notice of this filing is automatically generated to all counsel of record, and such service complies with Federal Rule of Civil Procedure 5(d)(3), Local Rules 5-3.3 and 5-4, and General Order 07-08. |

**RUSS AUGUST & KABAT**
Larry Russ, Esq.
Nathan Meyer, Esq.
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Tel: (310) 826-7474
Fax: (310) 826-6991
E-mails:    LRuss@raklaw.com
            NMeyer@raklaw.com
*Attorneys for Defendants/Appellees Forever 21, Inc., Forever 21 Logistics, LLC; Forever 21 Retail, Inc., Jin Sook Chang; and Do Won Chang*

**LEVINSON, ARSHONSKY, & KURTZ, LLP**
Angie Lee, Esq.
15303 Ventura Blvd., #1650
Sherman Oaks, CA 91403
Tel: (818) 382-3434
Fax: (818) 382-3433
E-mail: alee@laklawyers.com
*Attorneys for Defendant/Appellee Steps Apparel Group, Inc.*

**HOLLAND & KNIGHT**
Theresa Middlebrook, Esq.
633 W. Fifth Street, 21st Floor
Los Angeles, California 90071
Tel: (213) 896-2400
Fax: (213) 896-2450
E-mail: theresa.middlebrook@hklaw.com
*Attorneys for Defendant/Appellee White Owl Clothing, Inc.*

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on October 14, 2010, at New York, New York.


| Janice K. Yoon | /Janice K. Yoon/ |
|---|---|
| Printed Name | Signature |