COLUCCI & UMANS
FRANK J. COLUCCI (*Pro Hac Vice*)
fcolucci@colucci-umans.com
DAVID M. DAHAN (*Pro Hac Vice*)
ddahan@colucci-umans.com
218 East 50th Street
New York, New York 10022
Telephone:   212.935.5700
Facsimile:   212.935.5728

BUCHALTER NEMER
Russell L. Allyn (SBN: 143531)
rallyn@buchalter.com
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Telephone: 213.891.0700
Facsimile: 213.896.0400

Attorneys for Plaintiff,
EXPRESS, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EXPRESS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FOREVER 21, INC.; FOREVER 21 LOGISTICS, LLC; FOREVER 21 RETAIL, INC.; JIN SOOK CHANG; DO WON CHANG; WHITE OWL CLOTHING, INC.; STEPS APPAREL GROUP, INC. dba STEPS OF CA; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | **Civil Action No.**<br>**2:09-cv-04514-ODW-VBK**<br><br>**PLAINTIFF EXPRESS, LLC'S OPPOSITION MEMORANDUM TO DEFENDANT STEPS APPAREL GROUP, INC.'S MOTION FOR ATTORNEYS' FEES**<br><br>[Declaration of Frank J. Colucci in Support of Plaintiff's Opposition to Defendants' Motions for Attorneys' Fees filed concurrently herewith]<br><br>Hearing Date: November 8, 2010<br>Time: 1:30 p.m.<br>Courtroom: 11<br><br>HONORABLE OTIS D. WRIGHT, II |

Plaintiff Express, LLC ("Express" or "Plaintiff") submits this memorandum in opposition to Defendant Steps Apparel Group, Inc.'s ("Steps") motion for attorneys' fees. For the reasons set forth herein, based on the Court's Opinion and Order dated September 2, 2010 ("the Court's Opinion") an award of attorneys' fees would not be appropriate in this case under either the Copyright Act or the Lanham Act.

I.     **INTRODUCTION**

This civil action involves five garments, four pairs of plaid shorts alleged to be an infringement of Express's copyrights in violation of the Copyright Act, and one track jacket alleged to be an infringement of Express's trade dress in violation of the Lanham Act. In addition, Express's claims allege violation of California's Business & Professions Code §17200 and unfair competition under California's common law.

As a result of Steps' 15 year relationship with Forever 21 as its vendor, it is intimately familiar with Forever 21's "shop and copy" practice. It has previously been Forever 21's co-defendant after supplying Forever 21 with infringing garments.[1] In this case, Steps admitted being instructed by Forever 21 to remove all labels and logos from merchandise destined for Forever 21. Steps further admitted purchasing three of the Express garments at issue in this case from an Express store and sending them to Forever 21 after removing the Express labels and logos. Despite Steps' obvious obligation as Forever 21's vendor to indemnify and hold Forever 21 harmless with respect to any claims against Forever 21 arising out of garments provided by Steps, Forever 21 has not attempted to enforce this indemnification, which is evidenced by the substantial amount of attorney's fees Forever 21 itself has incurred in defending itself in this case. Thus, the relationship

---

[1] Most recently in *Anthropologie, Inc. v. Forever 21, Inc., et al.*, No. 07-CV-7873 (S.D.N.Y.).

is essentially reversed, with Forever 21 assuming the responsibility of a defense for its vendor.

Following the Court's Opinion granting Defendants' motion for summary judgment, Steps, simultaneously with the other defendants, moves the Court to award it attorneys' fees. For the reasons set forth below, we respectfully submit that such an award would not be appropriate in this case.

## II. STEPS IS NOT ENTITLED TO ATTORNEYS' FEES UNDER EITHER THE COPYRIGHT ACT OR THE LANHAM ACT

As Steps' memorandum in support of its motion for attorneys' fees raises the same issues as Forever 21's, Express hereby incorporates by reference its discussion of attorneys' fees under section 505 of the Copyright Act and section 35 of the Lanham Act from its Opposition Memorandum to Forever 21's motion for attorneys' fees. (Opp. Mem., at pp. 4-21.)

## III. STEPS' ATTORNEYS' FEES ARE UNREASONABLE BY VIRTUE OF ITS COMPLETE ADOPTION OF FOREVER 21'S DEFENSE STRATEGY AND LACK OF ANY INDEPENDENT DISCOVERY.

While Express adamantly submits that Steps is not entitled to recover any attorneys' fees in this action, should the Court award Steps its attorneys' fees, the amount recovered should be reduced as Steps' request is completely unreasonable and disproportionate to its efforts in this case.

With respect to the amount of Steps' requested fees, it claims an incredible $48,762.50 for what has essentially been minimal participation throughout this litigation. Indeed, by its own admission, "Steps did not conduct separate discovery from Forever 21 and joined Forever 21's pleadings related to the cross-motion for summary judgment instead of filing a separate motion." (Steps Mem. at 9.) That is, instead of asserting its own defense in this case, Steps chose to rely on Forever

21's defense strategy and arguments in this case, going so far as to copy *verbatim* all of Forever 21's affirmative defenses in its Answer to Express's First Amended Complaint.

Moreover, Steps' participation in discovery consisted of attending eight depositions, seven of which it did not participate in and merely observed (the exception being that of Steps itself). Steps further responded to two sets each of discovery requests for production of documents and interrogatories, and one set of requests for admissions. These discovery responses, combined with Steps' drafting of a portion of Forever 21's motion for summary judgment (less than 1 page) and its 2-hour mediation attendance, hardly justifies attorneys' fees of almost $50,000. Thus, as Steps' "defense" in this case was almost entirely the product of the efforts of Forever 21's counsel, Steps' fees are clearly excessive and should be vastly reduced to a more reasonable amount. Also interesting to note is that there is no mention of Forever 21 seeking, or Steps having to honor, its alleged indemnification of Forever 21 as a basis for its legal fees—which lends further credence to Express's claim that all the Defendants were part and parcel with one another acting under a shared "shop and copy" business practice.

We also note that Steps asserts a "50/50" allocation between time spent on defendant Express's Copyright Act and Lanham Act claim.[2] However, beyond this blanket "50/50" estimate, Steps does not specify how or why it came to such a neat division of its labors, particularly since it relied on Forever 21's counsel to provide it with a defense in this action. Thus, further doubt is cast on the reasonableness of Steps' fee request.

Steps also seeks reimbursement of its non-taxable costs incurred beyond those costs specifically provided for under Local Rule 54-4, for which Steps has properly filed an Application to the Clerk to Tax Costs, and to which costs Express

---

[2] As set forth at pp. 21-22 of Express's Opp. to Forever 21's motion, Express's Copyright and Lanham Act claims clearly cannot be considered inextricably intertwined for the purposes of a single award.

1  did not object.  However, if this Court determines that any attorneys' fees are
2  warranted under the Copyright Act or Lanham Act, Express submits that the
3  additional costs that Steps seeks through its motion for attorneys' fees in the
4  amount of $2,124.20 should not be granted on the same grounds that its attorneys'
5  fees should be denied.  Steps' additional non-taxable costs are duplicative of
6  Forever 21's efforts, and are wholly unjustified in light of its minimal involvement
7  and failure to formulate or assert any independent defenses.

**IV.   Conclusion**

In light of the foregoing, as well as Express's factual and legal positions described in further detail in its Opposition Memorandum to Forever 21's motion for attorneys' fees, Express respectfully requests this Court to deny Steps' motion for an award of attorneys' fees in its entirety, or alternatively, reduce Steps' requested fees in the event that fees are granted to reflect a reasonable amount.

Dated:   October 18, 2010

COLUCCI & UMANS

By:_____s/Frank J. Colucci/_____
Frank J. Colucci (*Pro Hac Vice*)
David M. Dahan (*Pro Hac Vice*)
COLUCCI & UMANS
218 East 50th Street
New York, New York 10022
Telephone:  212.935.5700
Facsimile:   212.935.5728
Emails: FColucci@colucci-umans.com
             DDahan@colucci-umans.com

Attorneys for Plaintiff Express, LLC

Co-Counsel for Plaintiff Express, LLC:

BUCHALTER NEMER
Russell L. Allyn (SBN:  143531)
rallyn@buchalter.com

1  1000 Wilshire Boulevard, Suite 1500
2  Los Angeles, California 90017-2457
   Telephone: 213.891.0700
3  Facsimile: 213.896.0400
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-5-

PLAINTIFF'S OPPOSITION TO STEPS'
MOTION FOR ATTORNEYS' FEES
CV09-4514 (ODW)(VBKx)

# CERTIFICATE OF SERVICE
## STATE OF NEW YORK – COUNTY OF NEW YORK

I declare that I am a citizen of the United States and a resident of New York, New York, or employed in the County of New York, State of New York. I am, and was at the time of service of the document(s) herein referred to, over the age of 18 years, and not a party to the action. My business address is Colucci & Umans, 218 East 50th Street, New York, New York 10022.

On the date executed below, I served a true copy of the document(s) described as:

**PLAINTIFF EXPRESS, LLC'S OPPOSITION MEMORANDUM TO DEFENDANT STEPS APPAREL GROUP, INC.'S MOTION FOR ATTORNEYS' FEES**

**DECLARATION OF FRANK J. COLUCCI IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES**

  x    By causing a true and accurate copy of the document(s) to be filed through this Court's Case Management and Electronic Case Filing (CM/ECF) system. Notice of this filing is automatically generated to all counsel of record, and such service complies with Federal Rule of Civil Procedure 5(d)(3), Local Rules 5-3.3 and 5-4, and General Order 07-08.

  x    By causing a true and accurate copy of the document(s) to be sent to counsel for defendant(s) at the addresses set forth below via electronic mail. The parties have stipulated that documents transmitted to counsel via electronic means shall be deemed properly served pursuant to the Federal Rules of Civil Procedure.

Larry Russ, Esq.
LRuss@raklaw.com
Nathan Meyer, Esq.
NMeyer@raklaw.com
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

Angie Lee, Esq.
alee@laklawyers.com
Levinson, Arshonsky, & Kurtz, LLP

15303 Ventura Blvd., #1650
Sherman Oaks, CA 91403

–

Theresa Middlebrook, Esq.
theresa.middlebrook@hklaw.com
Holland & Knight
633 W. Fifth Street, 21st Floor
Los Angeles, California 90071

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on October 18, 2010, at New York, New York.

| Janice K. Yoon | s/Janice K. Yoon/ |
|---|---|
| Printed Name | Signature |