1   COLUCCI & UMANS
    FRANK J. COLUCCI (*Pro Hac Vice*)
2   fcolucci@colucci-umans.com
    DAVID M. DAHAN (*Pro Hac Vice*)
3   ddahan@colucci-umans.com
    218 East 50th Street
4   New York, New York 10022
    Telephone:   212.935.5700
5   Facsimile:   212.935.5728

6   BUCHALTER NEMER
    Russell L. Allyn (SBN:  143531)
7   rallyn@buchalter.com
    1000 Wilshire Boulevard, Suite 1500
8   Los Angeles, California 90017-2457
    Telephone: 213.891.0700
9   Facsimile: 213.896.0400

10  Attorneys for Plaintiff,
11  EXPRESS, LLC

12          **UNITED STATES DISTRICT COURT**

13          **CENTRAL DISTRICT OF CALIFORNIA**

14  EXPRESS, LLC,                          ) **Civil Action No.**
                                           ) **2:09-cv-04514-ODW-VBK**
15          Plaintiff,                     )
                                           )
16      v.                                 ) **DECLARATION OF FRANK J.**
                                           ) **COLUCCI IN SUPPORT OF**
17  FOREVER 21, INC.; FOREVER 21           ) **PLAINTIFF'S OPPOSITION TO**
    LOGISTICS, LLC; FOREVER 21             ) **DEFENDANTS' MOTIONS FOR**
18  RETAIL, INC.; JIN SOOK CHANG;          ) **ATTORNEY'S FEES**
    DO WON CHANG; WHITE OWL                )
19  CLOTHING, INC.; STEPS APPAREL          )
    GROUP, INC. dba STEPS OF CA; and       ) HONORABLE OTIS D. WRIGHT, II
20  DOES 1 through 10, inclusive,          )
                                           )
21          Defendants.                    )
                                           )
22                                         )
                                           )
23                                         )
                                           )
24                                         )
                                           )
25                                         )
                                           )
26                                         )
                                           )
27                                         )
                                           )
28                                         )

DECLARATION OF FRANK J. COLUCCI IN
SUPPORT OF PLAINTIFF'S OPPOSITION
TO MOTIONS FOR ATTORNEY'S FEES

## DECLARATION OF FRANK J. COLUCCI

Pursuant to 28 U.S.C. § 1746, **Frank J. Colucci** declares under penalty of perjury as follows:

1.      I am a member of the law firm of Colucci & Umans, counsel for Plaintiff, Express, LLC ("Express" or "Plaintiff"), and as such I am fully familiar with the facts hereinafter set forth of my own personal knowledge.

2.      Attached hereto and incorporated herein as Exhibit 1 is a true and accurate copy of the letter, dated June 18, 2010, to counsel for White Owl enclosing Plaintiff's privilege log. The privilege log specifies the communications I and members of my firm had with Express's designer, Michael Tower, Express's CAD operator, Ed Field, and Express's legal department, in the course of applying to register with the Copyright Office the Express Plaid Designs. This correspondence also contains the Express "color-up forms" requested by White Owl, which were not produced by Express until June due to White Owl's ongoing refusal to sign the protective order in this case.

3.      Attached hereto and incorporated herein as Exhibit 2 are true and accurate copies of excerpts of Plaintiff's Responses and Objections to Defendant Forever 21, Inc.'s Request for Admissions (Nos. 1-76), served on Defendants on July 6, 2010. In these responses, Express denies that it did not consult with Michael Tower or Ed Field, or investigate whether the Express Plaid Designs were derivative works, prior to filing the copyright registration applications at issue in this case.

4.      Attached hereto and incorporated herein as Exhibit 3 are true and accurate copies of excerpts of Plaintiff's Statement of Disputed Facts and Conclusions of Law in Opposition to Forever 21 and Steps' Motion for Summary Judgment, filed on July 26, 2010. In these excerpts, Express disputes that the Express Plaid Designs were created beginning with a "pre-existing plaid" that was required to be disclosed on a copyright application.

DECLARATION OF FRANK J. COLUCCI IN
SUPPORT OF PLAINTIFF'S OPPOSITION
TO MOTIONS FOR ATTORNEY'S FEES

1        5.      Attached hereto and incorporated herein as Exhibit 4 are true and

2    accurate copies of excerpts of Plaintiff Express, LLC's Statement of Disputed Facts

3    and Conclusions of Law in Opposition to White Owl Clothing, Inc.'s Motion for

4    Summary Judgment.  In these excerpts, Express disputes that any "pre-existing

5    work or works" existed upon which the Express Plaid Copyrights were based, or

6    any "derivative works" that would have required identification, and objects to

7    White Owl's statement that Express did not ask Michael Tower "how he created"

8    the Express Plaid Designs.

9        6.      Attached hereto and incorporated herein as Exhibit 5 is a true and

10    accurate copy of the email correspondence, dated March 5, 2010, from counsel for

11    Forever 21 representing that Forever 21 has in its possession "numerous" plaids, in

12    response to Express's discovery requests.  Notwithstanding this communication,

13    Forever 21 never produced to Express any third-party or public domain plaids.

14        7.      Attached hereto and incorporated herein as Exhibit 6 are true and

15    accurate copies of print-outs from the United States Copyright Office's public

16    catalog setting forth the copyright registration information for various plaid designs

17    that were registered by the Copyright Office without any statement of "New

18    Matter."  At page 5 of his Second Supplemental Expert Report (MSJ Colucci Decl.

19    II, Ex. 4),[1] Ralph Oman, Express's expert, explains the Copyright Act's standard

20    for authorship.  At page 3 of this same report, Mr. Oman states that, where an

21    author is inspired by multiple sources the author is not expected to list on Screen

22    Four of the copyright application "all of the multiple sources of inspiration that

23    resulted in the new work"; in such a case, it would be misleading to identify a

24    single "preexisting work" on the copyright registration application.  At page 4 of

25    his Second Supplemental Report, Mr. Oman explains that there are few plaid

26    registrations that would reference "source plaids" in their corresponding copyright

---

[1] The Declaration of Frank J. Colucci in Opposition to Defendants' Motions for Summary Judgment (Docket Entry #143), filed on July 26, 2010, is referred to herein as "MSJ Colucci Decl. II."

1   applications, even if those registered plaid designs had been "inspired" in some way

2   by preexisting plaid designs.  Accordingly, Exhibit 6 sets forth various plaid

3   registrations that do not reference source plaids or new matter.

4       8.    On April 22, 2010, the deposition of Michael Tower, Senior Designer

5   of Express, was taken by Forever 21.  Attached hereto and incorporated herein as

6   Exhibit 7 is a true and accurate copy of the transcript of Mr. Tower's deposition

7   testimony, as well as the word index to the Tower deposition.  At no point during

8   the deposition was the word "preexisting" mentioned; however, the word

9   "inspiration" or "inspirations" was referenced 18 times.

10       9.    On June 29, 2010, the deposition of Ralph Oman was taken by Forever

11   21.  Attached hereto and incorporated herein as Exhibit 8 are true and accurate

12   copies of pertinent transcript excerpts from Mr. Oman's deposition testimony.

13

14                 *     *     *

15

16   **Forever 21's Discovery Disputes & Basis for Attorney's Fees**

17       10.    On October 27, 2009, the Forever 21 Defendants filed a Motion for a

18   Protective Order with Respect to the Depositions of Do Won Chang and Jin Sook

19   Chang (Docket Entry #26).

20       11.    In recognition of Express's unfair competition claims, Judge Kenton

21   held that Express was entitled to take the depositions of the Changs, and denied this

22   motion in its entirety.[2]

23       12.    On January 15, 2010, Defendants sent Express a letter setting forth

24

25   [2] "Express asserts that the "shop and copy" business model to which it alleges it has fallen victim
in this case is in fact the pervasive corporate policy of Forever 21, engineered and managed by Jin

26   and Do.  Moreover, Express presents evidence that Forever 21 has been named in a large number
of lawsuits which concern similar allegations as are raised in this case by Express, and in those

27   cases, Express has produced evidence tending to show that Jin and Do did have knowledge and
control . . . . The Court sees no reason to prohibit or limit the depositions of Jin and Do by

28   Express."  (Order, dated November 3, 2009 (Docket Entry #31)).

1   what they believed to be the evidence in this case and the reasons why Express no

2   longer had the right to take the depositions of the Changs and other individuals.  On

3   Saturday, January 16th, Defendants sent Express an email canceling the January

4   27th deposition of Jin Chang—which had been noticed as of December 18, 2009—

5   due to an emergency in China.[3]  Therefore, on January 19, 2010, Express filed an *ex*

6   *parte* Motion to Compel the Depositions of the Changs, Derrick Klunchoo, and

7   Donna Hampton to go forward as ordered by this Court.  (Docket Entry #44).

8       13.   On January 19, 2010, Forever 21 filed its own *ex parte* Motion to

9   Quash the Notice of Taking Deposition of Derrick Klunchoo, Donna Hampton, Jin

10  Sook Chang, Do Won Chang, and Certain 30(b)(6) Categories.  (Docket Entry

11  #46).

12      14.   On January 21, 2010, Judge Kenton denied Forever 21's *ex parte*

13  motion for "no showing of good cause."  (Order, dated January 21, 2010) (Docket

14  Entry #54).  On January 25, 2010, Express's Motion to Compel was granted by

15  Judge Kenton.  (Order, dated January 25, 2010) (Docket Entry #55).

16      15.   Defendants' counsel continued to withhold documents and obstructed

17  Express's depositions of the Changs and Forever 21's Executive Vice President,

18  Larry Meyer.  On March 23, 2010, Express filed a Motion to Compel for

19  Defendants' Failure to Provide Discovery and moved for sanctions (Docket Entry

20  ## 61, 73).  Judge Kenton granted virtually all of Express's motion, thus

21  compelling substantial production of documents,[4] and an additional four hours of

22  deposition for each deponent.[5]

23  _____

24  [3] Notably, Mrs. Chang refused to bring her passport to her deposition despite the explicit request
    to do so in the later issued Notice of Deposition, and no explanation was ever provided as the
25  basis for her emergency in China "*with no access to electronic communication.*" (Forever 21's
    Opposition to Ex Parte Motion, Docket Entry #53.)

26  [4] Judge Kenton explicitly overruled Defendants' objections based on attorney-client and work
    product privilege.

27  [5] In fact, upon review of Forever 21's counsel's conduct during Express's depositions, Judge
    Kenton noted that "[t]he extent of this conduct is sufficient to require the re-taking of these
28  depositions *without this obstreperous behavior.*" (Order, dated April 13, 2010 (Docket Entry
    #79).)

DECLARATION OF FRANK J. COLUCCI IN
SUPPORT OF PLAINTIFF'S OPPOSITION
TO MOTIONS FOR ATTORNEY'S FEES

16.   On March 23, 2010, Forever 21 filed a Cross-Motion for a Protective

Order to Limit Express's Discovery Regarding Prior Litigation (Docket Entry #63).

Again, Judge Kenton denied Forever 21's motion for a protective order in its

entirety.  (Order, dated April 1, 2010 (Docket Entry #74).)

17.   In May 2010, Forever 21 served a facially defective subpoena on

Express to compel the deposition of Express's lead trial counsel that would

undoubtedly delve into attorney-client privileged communication and violate the

"advocate-witness" rule prohibiting such depositions where no compelling need

was demonstrated.

18.   On May 28, 2010, Forever 21 sent a letter to Express in which Forever

21 asserted that Express had waived its privilege to the extent of the representations

made to the Copyright Office, and that, in any event, a deposition of Express's

counsel was necessary to further its newly formulated defense of "fraud on the

Copyright Office," although no such affirmative defense was ever pled.

19.   On June 4, 2010, Express filed a Motion to Quash the Subpoena of

Plaintiff's Trial Counsel in the Southern District of New York.  Forever 21 soon

withdrew its subpoena and ceased its efforts to depose Express's lead trial counsel.

Notwithstanding this withdrawal, Express was required to expend time and money

in preparing its Motion to Quash.

**White Owl's Discovery Dispute & Basis for Attorney's Fees**

20.   While Express believes that White Owl is not entitled to any attorneys'

fees under either the Copyright Act or Lanham Act, in the event that the Court

disagrees, Express further submits the following points for consideration regarding

the reasonableness of White Owl's request of fees in the amount of $143,148.

21.   White Owl was named as a Defendant in this civil action as of

December 7, 2009.  However, White Owl served its only set of discovery requests

for production of documents on April 27, 2010, nearly five months later.

22.   White Owl's counsel attended only one deposition out of the 21 that

1    were taken among the parties, and retained no experts of its own.

2      23. On June 24, 2010 (less than 2 weeks from the close of discovery on

3    July 5, 2010), White Owl informed Express of its intention to file a motion to

4    compel, despite the untimeliness of such a motion under the plain language of the

5    local rules of this District, as well as this Court's Scheduling Order.  However,

6    White Owl served its portions to a joint stipulation for a motion to compel,

7    although Express attempted to persuade otherwise, and Express was forced to

8    prepare its responses.  Subsequently, on June 29, 2010, White Owl advised that it

9    would seek an extension of discovery on an *ex parte* basis.

10     24. White Owl's *ex parte* motion, filed on June 30, 2010 (Docket Entry

11   #84), was subsequently denied on its face by this Court on July 9, 2010.  (Order,

12   dated July 9, 2010 (Docket Entry #87).)

13     25. Attached hereto and incorporated herein as Exhibit 9 are true and

14   accurate copies of print-outs from the White Owl website.  The White Owl website

15   featured shorts bearing style number MW9107, and which used a plaid design

16   apparently identical to the New Bruin Plaid Design.  When questioned by Express,

17   White Owl claimed not to have any knowledge of these shorts or the style number

18   in question, and requested Express to send samples of the White Owl garment.

19   Subsequently, the shorts with the style number MW9107 were removed from White

20   Owl's website.

21   **Steps's Basis for Attorney's Fees**

22     26. While Express also believes that Steps is not entitled to any attorneys'

23   fees under either the Copyright Act or Lanham Act, in the event that the Court

24   disagrees, Express further submits the following points for consideration regarding

25   the reasonableness of Steps' request of fees in the amount of $143,148.

26     27. Steps, by its own admission, "did not conduct separate discovery from

27   Forever 21 and joined Forever 21's pleadings related to the cross-motion for

28   summary judgment instead of filing a separate motion." (Steps Mem. at 9.)  Thus,

DECLARATION OF FRANK J. COLUCCI IN
SUPPORT OF PLAINTIFF'S OPPOSITION
TO MOTIONS FOR ATTORNEY'S FEES

1  Steps's participation in discovery primarily consisted of attending depositions and

2  responding to two sets each of discovery requests for production of documents and

3  interrogatories, and one set of requests for admissions.

4

5                          *        *        *

6

7        28.    Attached hereto and incorporated herein as Exhibit 10 is a true and

8  accurate copy of a print-out of the docket in this case, obtained from the U.S.

9  Party/Case Index at http://pacer.uspci.uscourts.gov/.

10

11  Dated:   New York, New York

12              October 18, 2010

13

14                                                _Frank J. Colucci_

15                                                Frank J. Colucci

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF FRANK J. COLUCCI IN
SUPPORT OF PLAINTIFF'S OPPOSITION
TO MOTIONS FOR ATTORNEY'S FEES

# EXHIBIT 1

## COLUCCI & UMANS

218 EAST 50TH STREET
NEW YORK, NEW YORK 10022-7681

FRANK J. COLUCCI, P.C.
COURTNEY WILSON MONAHAN, P.C.
W. BRANT MOSSOP, P.C.
GREGORY J. COLUCCI, P.C.
RICHARD P. JACOBSON, P.C.
DAVID M. DAHAN, P.C.
SUSAN B. JACOBSON
KATHLEEN M. McGANN
GEORGANN M. CALLAGHAN
MICHAEL J. PAMPALONE, III
MARY G. FONTENOT
JANICE K. YOON

OF COUNSEL

NOTARO & MICHALOS P.C.

TELEPHONE (212) 935-5700
FACSIMILE (212) 935-5728
email@colucci-umans.com
www.colucci-umans.com

KENNETH R. UMANS
(1944-1998)

WESTCHESTER OFFICE

670 WHITE PLAINS ROAD
SCARSDALE, NEW YORK 10583-5025
TELEPHONE (914) 472-1500
FACSIMILE (914) 472-1551
scarsdale@colucci-umans.com

June 18, 2010

**VIA EMAIL AND FEDEX**
**theresa.middlebrook@hklaw.com**

Theresa W. Middlebrook, Esq.
Holland & Knight LLP
633 West Fifth Street
Los Angeles, California 90071

Re:   Express LLC. v. Forever 21, Inc. *et al.*,
Case No. CV09-04514 ODW (VBK)
Our File: C703-239

Dear Ms. Middlebrook:

We write in response to your email of June 10th and further to our telephonic meet and confer held earlier the same day.

Requests 2, 4, 6 and 8

Your position regarding these requests appears to be founded in your admission that, despite presumably having reviewed Mr. Tower's deposition prior to propounding the requests at issue, you had not actually ever reviewed the exhibits marked at the Tower deposition and did not even possess copies. However, given that we have clarified what you are seeking, as we indicated during the conference call, we would be happy to provide you with copies of the relevant exhibits from the Tower deposition, which we were unaware that you did not possess. Enclosed for your review please find Exhibit 80 from the Tower deposition, which are the documents I was referring to during our call and were originally produced in this case on November 30, 2009 (Bates-stamped CONFIDENTIAL EXP 0064 – 0069).

While these documents address what White Owl appears to be seeking through these Requests, please note that we maintain our objection to the Requests as propounded given the convoluted definition of "Color Up Forms," which, *inter alia*, seems to suggest that such documents were "sources of inspiration" either as defined in your requests or in the deposition of Michael Tower. They are not. (See Deposition of Michael Tower at pp. 56 – 60)

9

COLUCCI & UMANS

Theresa W. Middlebrook, Esq.                    -2-                    June 18, 2010

Requests 13 - 16

        You are correct in your characterization of our position.  All non-privileged documents have been produced and we maintain our privilege objections.  As you requested, enclosed please find Express's privilege log.

Requests 20, 21 and 22

        While we appreciate your offer to limit your requests to "catalogs," we maintain our position that the documents sought are unduly burdensome (going back 10 years!) and not likely to lead to the discovery of admissible evidence, and do not find your non-specific and perfunctory assertions of relevance persuasive.[1]  Additionally, please do not let apparently confusing syntax used during the conference mislead you -- be assured that "our" representations are collective and inclusive of the client.  Thus, by way of clarification, "we" have no catalogs, *i.e.*, Express has none.

                              *      *      *

        Lastly, with respect to your assertion that Express's responses were "untimely," since you did not raise it during our meet and confer and never responded to this issue as explained in our June 9th letter, we assume you have withdrawn your objection.  Please confirm.

                                        Very truly yours,

                                        Frank J. Colucci

FJC/DMD:
Enc.

cc:    Russell Allyn, Esq.
       Nathan Meyer, Esq.
       Angie Lee, Esq.

---

[1] We ask you to review the testimony of Mr. Tower and Mr. Vaipana, which makes clear that none of the documents you seek, were involved in any way with the designs at issue in this case.

(0

## PRIVILEGE LOG

*Express, LLC v. Forever 21, Inc., et al.*
Case No. CV09-04514 (C.D. Cal.)

| | Description of Document | Date(s) | Author | Recipient(s) | Subject | Privilege | Location |
|---|---|---|---|---|---|---|---|
| 1. | Email | 6/1/09, 6:01pm | Colucci & Umans, Janice Yoon | Express Legal Department, Kathy Hamilton; Colucci & Umans, Frank Colucci, David Dahan | Copyright applications | Attorney-client | Colucci & Umans |
| 2. | Email | 6/2/09, 9:52am | Express Legal Department, Kathy Hamilton | Express Staff, Michael Tower, Jamie Schisler, Marissa Jacobs, Mary Ellen Duprey, Esq. (Express Legal Department); Colucci & Umans, Janice Yoon | Copyright applications | Attorney-client | Colucci & Umans |
| 3. | Email | 6/2/09, 4:44pm | Express staff Michael Tower | Express Legal Department, Kathy Hamilton; Colucci & Umans, Janice Yoon | Copyright applications | Attorney-client | Colucci & Umans |
| 4. | Email | 6/4/09, 4:35pm | Express Legal Dept, Kathy Hamilton | Colucci & Umans, Janice Yoon | Copyright applications | Attorney-client | Colucci & Umans |

1

| 5. | Email | 6/4/09, 4:53pm | Express staff, Marissa Jacobs | Express Legal Dept., Kathy Hamilton; Colucci & Umans, Janice Yoon | Copyright applications | Attorney-client | Colucci & Umans |
| 6. | Email | 6/5/09, 11:29am | Express staff, Ed Field | Express Legal Dept., Kathy Hamilton; Colucci & Umans, Janice Yoon | Copyright applications | Attorney-client | Colucci & Umans |

2

12



TS6318
13W

chalk m759     apple jelly 2111 comet m900

horizon m1208 officer m1437

CONFIDENTIAL

13



TS7072          6W

stone 1306          khaki m966          stormy blue 1325 50ft

stormy blue 1325          new navy m720a

CONFIDENTIAL

14



TS7072          2W

stone 1306      biscuit 261      tarragon m1412

Gremlin M-723   espresso 158b

CONFIDENTIAL



TS7072        13W

stone m701    gale m1591    tango 2151

caravan m873    new navy m720a

CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL

# EXHIBIT 2

Frank J. Colucci (*Admitted Pro Hac Vice*)
fcolucci@colucci-umans.com
David M. Dahan (*Admitted Pro Hac Vice*)
ddahan@colucci-umans.com
COLUCCI & UMANS
218 East 50th Street
New York, New York 10022
Telephone:  (212) 935-5700
Facsimile:  (212) 935-5728

Russell Allyn (State Bar No. 143531)
rallyn@buchalter.com
BUCHALTER NEMER
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Plaintiff,
EXPRESS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| EXPRESS, LLC,, <br><br> Plaintiff, <br><br> v. <br><br> FOREVER 21, INC., FOREVER 21 RETAIL, INC.; FOREVER 21 LOGISTICS LLC; JIN SOOK CHANG; DO WON CHANG; WHITE OWL CLOTHING, INC.; STEPS APPAREL GROUP, INC. dbs STEPS OF CA; and DOES 1 through 10, inclusive, <br><br> Defendants. | Civil Action No. 2:09-cv-09-04514 ODW (VBKx) <br><br> **PLAINTIFF EXPRESS, LLC'S RESPONSES AND OBJECTIONS TO DEFENDANT FOREVER 21, INC.'S REQUEST FOR ADMISSIONS (NOS. 1-76)** <br><br> Honorable Otis D. Wright  II <br><br> Honorable Victor B. Kenton |

19

1   **RESPONSE:**

2          Express objects to this request on the grounds that sales information

3   relating to style no. 4934014C is irrelevant and has no bearing on any issues

4   involved in the present civil action and that the request is vague and ambiguous

5   and does not specify a relevant period of time.  Without waiving Express's

6   objections to this request, admitted.

7   **REQUEST NO. 24:**

8          EXPRESS sold more units of style no. 4934014 than of the EXPRESS

9   TRACK JACKET.

10  **RESPONSE:**

11         Express objects to this request on the grounds that sales information

12  relating to style no. 4934014C is irrelevant and has no bearing on any issues

13  involved in the present civil action and that the request is vague and ambiguous

14  and does not specify a relevant period of time.  Without waiving Express's

15  objections to this request, admitted.

16  **REQUEST NO. 25:**

17         Michael Tower was not consulted with respect to the nature and extent

18  of his participation in the creation of the EXPRESS PLAID DESIGNS prior to

19  filing the COPYRIGHTS.

20  **RESPONSE:**

21         Express objects to this request on the grounds that it is vague and

22  ambiguous with respect to the term "consulted."  Without waiving Express's

23  objections to this request, denied.

24  **REQUEST NO. 26:**

25         Ed Field was not consulted with respect to the nature and extent of his

26  participation in the creation of the EXPRESS PLAID DESIGNS prior to filing the

27  COPYRIGHTS.

28

20

1  **RESPONSE:**

2        Express objects to this request on the grounds that it is vague and

3  ambiguous with respect to the term "consulted."  Without waiving Express's

4  objections to this request, denied.

5  **REQUEST NO. 27:**

6        EXPRESS did not investigate whether or not the BRUIN PLAID was a

7  derivative work prior to filing a copyright registration application for the BRUIN

8  PLAID.

9  **RESPONSE:**

10        Express objects to this request on the grounds that it is vague and

11  ambiguous with respect to the term "investigate."  Without waiving Express's

12  objections to this request, denied.

13  **REQUEST NO. 28:**

14        EXPRESS did not investigate whether or not the JACK PLAID was a

15  derivative work prior to filing a copyright registration application for the JACK

16  PLAID.

17  **RESPONSE:**

18        Express objects to this request on the grounds that it is vague and

19  ambiguous with respect to the term "investigate."  Without waiving Express's

20  objections to this request, denied.

21  **REQUEST NO. 29:**

22        EXPRESS did not investigate whether or not the OCEAN PLAID was

23  a derivative work prior to filing a copyright registration application for the

24  OCEAN PLAID.

25  ///

26  ///

27  ///

28

**RESPONSE:**

Express objects to this request on the grounds that it is vague and ambiguous with respect to the term "investigate." Without waiving Express's objections to this request, denied.

**REQUEST NO. 30:**

EXPRESS did not investigate whether or not the ROTH PLAID was a derivative work prior to filing a copyright registration application for the ROTH PLAID.

**RESPONSE:**

Express objects to this request on the grounds that it is vague and ambiguous with respect to the term "investigate." Without waiving Express's objections to this request, denied.

**REQUEST NO. 31:**

In *Express LLC v. Fetish Group, Inc.*, at Docket No. 41, EXPRESS took the position that "intentional failure to disclose pre-existing materials to the Copyright Office jeopardizes the validity of a copyright registration."

**RESPONSE:**

Express objects to this request on the grounds that the *Express LLC v. Fetish Group, Inc.* case involved different parties, different copyrights, different legal issues and different facts; thus any statements or claims it may have made in that litigation are completely irrelevant and not likely to lead to the discovery of admissible evidence with respect to any of the issues involved in the present case. Moreover, Express does not recall making the statement quoted in this request, however, Express admits taking the position that Fetish Group, Inc.'s all copyright constituted public domain material which Express obtained and was made of record along with supporting declarations of manufacturers and third parties who

-10-

22

# EXHIBIT 3

1  COLUCCI & UMANS
2  FRANK J. COLUCCI (*Pro Hac Vice*)
   fcolucci@colucci-umans.com
3  DAVID M. DAHAN (*Pro Hac Vice*)
   ddahan@colucci-umans.com
4  218 East 50th Street
   New York, New York 10022
5  Telephone:  212.935.5700
   Facsimile:  212.935.5728

6  BUCHALTER NEMER
7  Russell L. Allyn (SBN:  143531)
   rallyn@buchalter.com
8  1000 Wilshire Boulevard, Suite 1500
   Los Angeles, California 90017-2457
9  Telephone: 213.891.0700
   Facsimile: 213.896.0400

10
11 Attorneys for Plaintiff,
   EXPRESS, LLC

12          UNITED STATES DISTRICT COURT
13          CENTRAL DISTRICT OF CALIFORNIA

14 EXPRESS, LLC,                      ) Civil Action No.
15          Plaintiff,                ) 2:09-cv-04514-ODW-VBK
16          v.                        )
                                      ) PLAINTIFF'S STATEMENT OF
17 FOREVER 21, INC.; FOREVER 21       ) DISPUTED FACTS AND
   LOGISTICS, LLC; FOREVER 21         ) CONCLUSIONS OF LAW IN
18 RETAIL, INC.; JIN SOOK CHANG;      ) OPPOSITION TO FOREVER 21
   DO WON CHANG; WHITE OWL            ) AND STEPS' MOTION FOR
19 CLOTHING, INC.; STEPS APPAREL      ) SUMMARY JUDGMENT
   GROUP, INC. dba STEPS OF CA; and   )
20 DOES 1 through 10, inclusive,      )
                                      )
21          Defendants.               ) Hearing: August 16, 2010
22                                    ) Time: 1:30 P.M.
23                                    ) Discovery Cutoff: July 5, 2010
                                      ) Pretrial Conf.: September 13, 2010
24                                    ) Trial: October 5, 2010
25                                    )
                                      ) HONORABLE OTIS D. WRIGHT, II
26
27
28

09-CV-4514 ODW (VBKx)                    PLAINTIFF'S STATEMENT OF DISPUTED
                                         FACTS AND CONCLUSIONS OF LAW

23

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| | Trade Dress; otherwise, undisputed. |
| 20.    Forever 21 only sold the Forever 21 Jacket in Forever 21, XXI and Heritage branded stores, and on the Forever 21 website | Cadier Kim Decl. at ¶3; Deposition of Donna Hampton ("Hampton Depo") at 26:1-9, [*Ex. P to Meyer Decl.*].<br><br>Express's Response and Supporting Evidence:<br>Undisputed, assuming that this proposed fact includes Forever 21, XXI and Heritage branded stores operated by Forever 21's franchisees and international Forever 21 websites. |
| 21.    Forever 21 only sold the Forever 21 Jacket with a "Heritage" hang tag and label. | Cadier Kim Decl. at ¶4; Hampton Depo. at 26:1-9, [*Ex. P to Meyer Decl.*]; Forever 21 Jacket [*Ex. N to Meyer Decl*]<br><br>Express's Response and Supporting Evidence:<br>Disputed to the extent that the Forever 21 Jacket bears the Express Track Jacket Trade Dress; otherwise, undisputed. |
| 22.    Express only sold the Express Jacket in Express stores and on the Express website | Undisputed. |
| **Express' First Cause of Action for Copyright Infringement as to the Roth** | |

24

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| **Plaid** | |
| 23.    The creation of the Roth Plaid began with a pre-existing plaid from the market place, either an actual garment, a photograph, or a fabric swatch ("Source Plaid"), procured by Michael Tower; each plaid at issue in this case was designed in the same manner. | Deposition of Michael Tower ("Tower Depo.") at 47:1-22; 53:7-54:17; 60:12-63:3; 64:5-65:6 (each plaid the same); 65:19-66:5; 75:3-8, [*Ex. Q to Meyer Decl.*].

Express's Response and Supporting Evidence:
Disputed as to Defendants' use of "Source Plaid" and to the extent that no "pre-existing" plaid exists, although there were visual inspirations; otherwise, undisputed. |
| 24.    Mr. Tower then scanned, or caused a CAD operator to scan, the Source Plaid into a computer. | Tower Depo. 60:12-63:3; 67:19-68:12, [*Ex. Q to Meyer Decl.*].

Express's Response and Supporting Evidence:
See Express's response to Defendants' proposed fact # 23. |

25

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 25. The Source Plaid for the Roth Plaid was not retained by Express. | Tower Depo 75:9-76:13 [*Ex. Q to Meyer Decl.*]; Express' response to no. 7 of Defendant White Owl Clothing, Inc.'s First Requests for Production Documents, [*Ex. R to Meyer Decl.*] at 5-6; Express' response to request no. 52 of Defendant Forever 21, Inc.'s Requests for Admission, [*Ex. B to Meyer Decl.*] at 9.<br><br>Express's Response and Supporting Evidence:<br>Disputed to the extent that no "Source Plaid" exists, though there were visual inspirations, and to the extent that this proposed fact suggests spoliation of evidence and/or that Express was required to maintain visual inspirations at the time the Express Plaid Designs were created. |
| 26. Mr. Tower cannot recall any specific non-color changes made to the Source Plaid in creating the Roth Plaid. | Undisputed, except as to Defendants' use of "Source Plaid" since no "Source Plaid" exists. |
| 27. The only change Mr. | Undisputed, except as to Defendants' use |

26

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| Tower can remember is changing the Source Plaid to conform to Express' color story. | of "Source Plaid" since no "Source Plaid" exists. |
| 28.   Express has no record of any specific color changes made by Mr. Tower. | Undisputed as to the fact that no record exists. |
| 29.   Mr. Tower cannot recall being consulted prior to the filing of the copyright application for the Roth Plaid on June 10, 2009. | Undisputed that he could not recall. |

27

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 30.    The Roth Plaid copyright application does not disclose the existence of the Roth Plaid Source Plaid. | EXP 0049-0058, [*Ex. S to Meyer Decl.*].<br><br>Express's Response and Supporting Evidence:<br>Disputed to the extent that no "Roth Plaid Source Plaid" exists that would require any disclosure on a copyright application, though there was a visual inspiration; otherwise, undisputed. *See also* Express's response to proposed fact # 34. |
| 31.    The Roth Plaid copyright application does not disclose any information in section 4, "Limitation of Copyright Claim."   That section was left blank. | EXP 0051-0052, [*Ex. S to Meyer Decl.*] at 3-4.<br><br>Express's Response and Supporting Evidence:<br>See Express's response to Defendants' proposed fact #30; otherwise undisputed. |
| 32.    The Roth Plaid application was filed on or about June 10, 2009. | Undisputed. |
| 33.    The copyright issued shortly thereafter. | Undisputed. |
| 34.    The Copyright Office would not have registered the Roth Plaid if had been made aware of facts | Expert Report of Bernard Dietz dated May 26, 2010 at pp. 179-181, [*Ex. U to Meyer Decl.*]; Copyright Office Circular |

PLAINTIFF'S STATEMENT OF DISPUTED FACTS RE: FOREVER 21 AND STEPS' MOTION FOR SUMMARY JUDGMENT

28

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 23 through 33. | 14 [*Ex BB to Meyer Decl.*] at 3.<br><br>Express's Response and Supporting Evidence:<br>Disputed.  Second Supplemental Expert Report of Ralph Oman, at 3-5 (Colucci Decl. II, Ex. 4).  *See generally*, Expert Report of Ralph Oman (Colucci Decl. II, Ex. 1); Supplemental and Rebuttal Expert Report of Ralph Oman (Colucci Decl. II, Ex. 2). |
| 35.    Express has not submitted an amended registration certificate for the Roth Plaid to the Copyright Office. | Meyer Decl. ¶ 28.<br><br>Express's Response and Supporting Evidence:<br>Disputed to the extent that no amendment is required; otherwise, undisputed. |

**Express' First Cause of Action for Copyright Infringement as to the Ocean Plaid**

SACV09-4514 ODW (VBKx)                -14-

29

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 36.   The creation of the Ocean Plaid began with a pre-existing plaid from the market place, either an actual garment, a photograph, or a fabric swatch ("Source Plaid"), procured by Michael Tower; each plaid at issue in this case was designed in the same manner. | Deposition of Michael Tower ("Tower Depo.") at 47:1-22; 53:7-54:17; 60:12-63:3; 64:5-65:6 (each plaid the same); 65:19-66:5; 75:3-8, [*Ex. Q to Meyer Decl.*].<br><br>Express's Response and Supporting Evidence:<br>Disputed as to Defendants' use of "Source Plaid" and to the extent that no "pre-existing" plaid exists, although there were visual inspirations; otherwise, undisputed. |
| 37.   Mr. Tower then scanned, or caused a CAD operator to scan, the Source Plaid into a computer. | Tower Depo. 60:12-63:3; 67:19-68:12, [*Ex. Q to Meyer Decl.*].<br><br>Express's Response and Supporting Evidence:<br>See Express's response to Defendants' proposed fact # 36. |

PLAINTIFF'S STATEMENT OF DISPUTED FACTS RE: FOREVER 21 AND STEPS' MOTION FOR SUMMARY JUDGMENT

30

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 38.   The Source Plaid for the Ocean Plaid was not retained by Express. | Tower Depo. 75:9-76:13 [*Ex. Q to Meyer Decl.*]; Express' response to no. 5 of White Owl Clothing, Inc.'s First Requests for Production Documents, [*Ex. R to Meyer Decl.*] at 5; Express' response to request no. 55 of Defendant Forever 21, Inc.'s Requests for Admission, [*Ex. B to Meyer Decl.*] at 10.<br><br>Express's Response and Supporting Evidence:<br>Disputed to the extent that no "Source Plaid" exists, though there were visual inspirations, and to the extent that this proposed fact suggests spoliation of evidence and/or that Express was required to maintain visual inspirations at the time the Express Plaid Designs were created; otherwise, undisputed. |
| 39.   Mr. Tower cannot recall any specific non-color changes made to the Source Plaid in creating the Ocean Plaid. | Undisputed, except as to Defendants' use of "Source Plaid" since no "Source Plaid" exists. |
| 40.   The only change Mr. Tower can remember is changing the | Undisputed, except as to Defendants' use of "Source |

PLAINTIFF'S STATEMENT OF DISPUTED
FACTS RE: FOREVER 21 AND STEPS'
MOTION FOR SUMMARY JUDGMENT

31

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| Source Plaid to conform to Express' color story. | Plaid" exists. |
| 41. Express has no record of any specific color changes made by Mr. Tower. | Undisputed as to the fact that no record exists. |
| 42. Mr. Tower cannot recall being consulted prior to the filing of the copyright application for the Ocean Plaid on June 10, 2009. | Undisputed that he could not recall. |

32

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 43.   The Ocean Plaid copyright application does not disclose the existence of the Ocean Plaid Source Plaid. | EXP 0029-0038, [Ex. W to Meyer Decl.].<br><br>Express's Response and Supporting Evidence:<br>Disputed to the extent that no "Ocean Plaid Source Plaid" exists that would require any disclosure on a copyright application, though there was a visual inspiration; otherwise, undisputed. *See also* Express's response to proposed fact # 47. |
| 44.   The Ocean Plaid copyright application does not disclose any information in section 4, "Limitation of Copyright Claim."   That section was left blank. | EXP 0031-0032, [Ex. W to Meyer Decl.] at 3-4.<br><br>Express's Response and Supporting Evidence:<br>See Express's response to Defendants' proposed fact #43; otherwise undisputed. |
| 45.   The Ocean Plaid application was filed on or about June 10, 2009. | Undisputed. |
| 46.   The copyright issued shortly thereafter. | Undisputed. |
| 47.   The Copyright Office | Expert Report of Bernard Dietz dated |

PLAINTIFF'S STATEMENT OF DISPUTED FACTS RE: FOREVER 21 AND STEPS' MOTION FOR SUMMARY JUDGMENT

33

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| would not have registered the Ocean Plaid if had been made aware of facts 36 through 46. | May 26, 2010 at pp. 179-181, [*Ex. U to Meyer Decl.*];<br><br>Express's Response and Supporting Evidence:<br>Disputed.  Second Supplemental Expert Report of Ralph Oman, at 3-5 (Colucci Decl. II, Ex. 4).  *See generally*, Expert Report of Ralph Oman (Colucci Decl. II, Ex. 1); Supplemental and Rebuttal Expert Report of Ralph Oman (Colucci Decl. II, Ex. 2). |
| 48.    Express has not submitted an amended registration certificate for the Roth Plaid to the Copyright Office. | Meyer Decl. ¶ 28.<br><br>Express's Response and Supporting Evidence:<br>Disputed to the extent that no amendment is required; otherwise, undisputed. |
| **Express' First Cause of Action for Copyright Infringement as to the New Bruin** | |

34

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 49.   The creation of the Bruin Plaid began with a pre-existing plaid from the market place, either an actual garment, a photograph, or a fabric swatch ("Source Plaid"), procured by Michael Tower; each plaid at issue in this case was designed in the same manner. | Deposition of Michael Tower ("Tower Depo.") at 47:1-22; 53:7-54:17; 60:12-63:3; 64:5-65:6 (each plaid the same); 65:19-66:5; 75:3-8, [*Ex. Q to Meyer Decl.*].<br><br>Express's Response and Supporting Evidence:<br>Disputed as to Defendants' use of "Source Plaid" and to the extent that no "pre-existing" plaid exists, although there were visual inspirations; otherwise, undisputed. |
| 50.   Mr. Tower then scanned, or caused a CAD operator to scan, the Source Plaid into a computer. | Tower Depo. 60:12-63:3; 67:19-68:12, [*Ex. Q to Meyer Decl.*].<br><br>Express's Response and Supporting Evidence:<br>See Express's response to Defendants' proposed fact # 49. |

PLAINTIFF'S STATEMENT OF DISPUTED FACTS RE: FOREVER 21 AND STEPS' MOTION FOR SUMMARY JUDGMENT

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 51. The Source Plaid for the Bruin Plaid was not retained by Express. | Tower Depo. 75:9-76:13 [*Ex. Q to Meyer Decl.*]; Express' response to no. 3 of Defendant White Owl Clothing, Inc.'s First Requests for Production Documents, [*Ex. R to Meyer Decl.*]; Express' response to request no. 53 of Defendant Forever 21, Inc.'s Requests for Admission, [*Ex. B to Meyer Decl.*] at 9.<br><br>Express's Response and Supporting Evidence:<br>Disputed to the extent that no "Source Plaid" exists, though there were visual inspirations, and to the extent that this proposed fact suggests spoliation of evidence and/or that Express was required to maintain visual inspirations at the time the Express Plaid Designs were created; otherwise, undisputed. |
| 52. Mr. Tower cannot recall any specific non-color changes made to the Source Plaid in creating the Bruin Plaid. | Undisputed, except as to Defendants' use of "Source Plaid" since no "Source Plaid" exists. |
| 53. The only change Mr. | Undisputed, except as to Defendants' use |

36

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| Tower can remember is changing the Source Plaid to conform to Express' color story. | of "Source Plaid" since no "Source Plaid" exists. |
| 54.    Express has no record of any specific color changes made by Mr. Tower. | Undisputed as to the fact that no record exists. |
| 55.    Mr. Tower cannot recall being consulted prior to the filing of the copyright application for the Bruin and New Bruin Plaids on June 10, 2009. | Undisputed that he could not recall. |

37

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 56. The Bruin and New Bruin Plaid copyright application does not disclose the existence of the New Bruin Plaid Source Plaid. | EXP 0009-0028, [Ex. Y to Meyer Decl.].<br><br>Express's Response and Supporting Evidence:<br>Disputed to the extent that no Bruin or "New Bruin Plaid Source Plaid" exists that would require any disclosure on a copyright application, though there was a visual inspiration; otherwise, undisputed. *See also* Express's response to proposed fact # 60. |
| 57. The Bruin and New Bruin Plaid copyright application does not disclose any information in section 4, "Limitation of Copyright Claim." That section was left blank. | EXP 0011-12, 0021-0022, [Ex. Y to Meyer Decl.] at 3-4, 13-14.<br><br>Express's Response and Supporting Evidence:<br>See Express's response to Defendants' proposed fact #56; otherwise undisputed. |
| 58. The Bruin and New Bruin Plaid application was filed on or about June 10, 2009. | Undisputed. |
| 59. The copyright issued shortly thereafter. | Undisputed. |
| 60. The Copyright Office would not have registered the New | Expert Report of Bernard Dietz dated May 26, 2010 at pp. 179-181, [*Ex. U to* |

SACV09-4514 ODW (VBKx)          -23-          PLAINTIFF'S STATEMENT OF DISPUTED FACTS RE: FOREVER 21 AND STEPS' MOTION FOR SUMMARY JUDGMENT

38

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| Bruin Plaid if had been made aware of facts 49 through 59. | *Meyer Decl.*]; Copyright Office Circular 14 [*Ex BB to Meyer Decl.*] at 3. <br><br> Express's Response and Supporting Evidence: <br> Disputed.  Second Supplemental Expert Report of Ralph Oman, at 3-5 (Colucci Decl. II, Ex. 4).  *See generally*, Expert Report of Ralph Oman (Colucci Decl. II, Ex. 1); Supplemental and Rebuttal Expert Report of Ralph Oman (Colucci Decl. II, Ex. 2). |
| 61.    Express has not submitted an amended registration certificate for the Roth Plaid to the Copyright Office. | Meyer Decl. ¶ 28. <br><br> Express's Response and Supporting Evidence: <br> Disputed to the extent that no amendment is required; otherwise, undisputed. |
| **Express' First Cause of Action for Copyright Infringement as to the Jack Plaid.** | |

39

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 62.  The creation of the Jack Plaid began with a pre-existing plaid from the market place, either an actual garment, a photograph, or a fabric swatch ("Source Plaid"), procured by Michael Tower; each plaid at issue in this case was designed in the same manner. | Deposition of Michael Tower ("Tower Depo.") at 47:1-22; 53:7-54:17; 60:12-63:3; 64:5-65:6 (each plaid the same); 65:19-66:5; 75:3-8, [*Ex. Q to Meyer Decl.*].<br><br>Express's Response and Supporting Evidence:<br>Disputed as to Defendants' use of "Source Plaid" and to the extent that no "pre-existing" plaid exists, although there were visual inspirations; otherwise, undisputed. |
| 63.  Mr. Tower then scanned, or caused a CAD operator to scan, the Source Plaid into a computer. | Tower Depo. 60:12-63:3; 67:19-68:12, [*Ex. Q to Meyer Decl.*].<br><br>Express's Response and Supporting Evidence:<br>See Express's response to Defendants' proposed fact # 62. |

PLAINTIFF'S STATEMENT OF DISPUTED FACTS RE: FOREVER 21 AND STEPS' MOTION FOR SUMMARY JUDGMENT

40

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 64.   The Source Plaid for the Jack Plaid was not retained by Express. | Tower Depo. 75:9-76:13 [*Ex. Q to Meyer Decl.*]; Express' response to no. 1 of Defendant White Owl Clothing, Inc.'s First Requests for Production Documents, [*Ex. R to Meyer Decl.*]; Express' response to request no. 54 of Defendant Forever 21, Inc.'s Requests for Admission, [*Ex. B to Meyer Decl.*] at 10.<br><br>Express's Response and Supporting Evidence:<br>Disputed to the extent that no "Source Plaid" exists, though there were visual inspirations, and to the extent that this proposed fact suggests spoliation of evidence and/or that Express was required to maintain visual inspirations following creation of the Express Plaid Designs; otherwise, undisputed. |
| 65.   Mr. Tower cannot recall any specific non-color changes made to the Source Plaid in creating the Jack Plaid. | Undisputed, except as to Defendants' use of "Source Plaid" since no "Source Plaid" exists. |
| 66.   The   only   change   Mr. | Undisputed, except as to Defendants' use |

41

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| Tower can remember is changing the Source Plaid to conform to Express' color story. | of "Source Plaid" since no "Source Plaid" exists. |
| 67.   Express has no record of any specific color changes made by Mr. Tower. | Undisputed as to the fact that no record exists. |
| 68.   Mr. Tower cannot recall being consulted prior to the filing of the copyright application for the Jack Plaid on June 10, 2009. | Undisputed that he could not recall. |

PLAINTIFF'S STATEMENT OF DISPUTED
FACTS RE: FOREVER 21 AND STEPS'
MOTION FOR SUMMARY JUDGMENT

42

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 69. The Jack Plaid copyright application does not disclose the existence of the Jack Plaid Source Plaid. | EXP 0039-0048, [Ex. AA to Meyer Decl.].<br><br>Express's Response and Supporting Evidence:<br>Disputed to the extent that no "Jack Plaid Source Plaid" exists that would require any disclosure on a copyright application, though there was a visual inspiration; otherwise, undisputed. *See also* Express's response to proposed fact # 73. |
| 70. The Jack Plaid copyright application does not disclose any information in section 4, "Limitation of Copyright Claim." That section was left blank. | EXP 0041-0042, [Ex. AA to Meyer Decl.] at 3-4.<br><br>Express's Response and Supporting Evidence:<br>See Express's response to Defendants' proposed fact #69; otherwise undisputed. |
| 71. The Jack Plaid application was filed on or about June 10, 2009. | Undisputed. |
| 72. The copyright issued shortly thereafter. | Undisputed. |
| 73. The Copyright Office would not have registered the Jack | Expert Report of Bernard Dietz dated May 26, 2010 at pp. 179-181, [Ex U to |

43

| DEFENDANTS' UNDISPUTED MATERIAL FACTS: | EXPRESS'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| Plaid if had been made aware of facts 62 through 72. | *Meyer Decl.*]; Copyright Office Circular 14 [*Ex BB to Meyer Decl.*] at 3.<br><br>Express's Response and Supporting Evidence:<br>Disputed.  Second Supplemental Expert Report of Ralph Oman, at 3-5 (Colucci Decl. II, Ex. 4).  *See generally*, Expert Report of Ralph Oman (Colucci Decl. II, Ex. 1); Supplemental and Rebuttal Expert Report of Ralph Oman (Colucci Decl. II, Ex. 2). |
| 74.    Express has not submitted an amended registration certificate for the Jack Plaid to the Copyright Office. | Meyer Decl. ¶ 29.<br><br>Express's Response and Supporting Evidence:<br>Disputed to the extent that no amendment is required; otherwise, undisputed. |
| 75.    Express first published the Roth Plaid on November 29, 2008. | Undisputed. |
| 76.    Forever 21 began selling the Forever 21 short that allegedly infringed the Roth Plaid on May 7, 2009. | Undisputed. |

44

# EXHIBIT 4

Case 2:09-cv-04514-ODW-VBK   Document 189-1   Filed 10/18/10   Page 49 of 61   Page ID
#:4584
Case 2:09-cv-04514-ODW-VBK   Document 144-2   Filed 07/26/10   Page 1 of 25   Page ID
#:2730

1  COLUCCI & UMANS
   FRANK J. COLUCCI (*Pro Hac Vice*)
2  fcolucci@colucci-umans.com
   DAVID M. DAHAN (*Pro Hac Vice*)
3  ddahan@colucci-umans.com
   218 East 50th Street
4  New York, New York 10022
   Telephone:  212.935.5700
5  Facsimile:  212.935.5728

6  BUCHALTER NEMER
   Russell L. Allyn (SBN:  143531)
7  rallyn@buchalter.com
   1000 Wilshire Boulevard, Suite 1500
8  Los Angeles, California 90017-2457
   Telephone: 213.891.0700
9  Facsimile: 213.896.0400

10 Attorneys for Plaintiff,
11 EXPRESS, LLC

12              **UNITED STATES DISTRICT COURT**

13           **CENTRAL DISTRICT OF CALIFORNIA**

14 EXPRESS, LLC,                    )  **Civil Action No.**
                                    )  **2:09-cv-04514-ODW-VBK**
15            Plaintiff,            )
                                    )
16       v.                         )
                                    )
17 FOREVER 21, INC.; FOREVER 21     )
   LOGISTICS, LLC; FOREVER 21       )  **PLAINTIFF EXPRESS, LLC'S**
18 RETAIL, INC.; JIN SOOK CHANG;    )  **STATEMENT OF DISPUTED**
   DO WON CHANG; WHITE OWL          )  **FACTS AND CONCLUSIONS OF**
19 CLOTHING, INC.; STEPS APPAREL    )  **LAW IN OPPOSITION TO WHITE**
   GROUP, INC. dba STEPS OF CA; and )  **OWL CLOTHING, INC.'S MOTION**
20 DOES 1 through 10, inclusive,    )  **FOR SUMMARY JUDGMENT**
                                    )
21            Defendants.           )
                                    )  Hearing: August 16, 2010
22                                  )  Time: 1:30 p.m.
                                    )
23                                  )  Discovery Cutoff: July 5, 2010
                                    )  Pretrial Conf.: September 13, 2010
24                                  )  Trial: October 5, 2010
                                    )
25                                  )
                                    )  HONORABLE OTIS B. WRIGHT II
26                                  )
                                    )
27                                  )
                                    )
28                                  )

45

Case 2:09-cv-04514-ODW-VBK   Document 189-1   Filed 10/18/10   Page 50 of 61   Page ID
#:4585
Case 2:09-cv-04514-ODW-VBK   Document 144-2   Filed 07/26/10   Page 11 of 25   Page ID
#:2740

| | |
|---|---|
| 27.  Express filed all four copyright applications without identifying any preexisting work or works that the plaids were based on or incorporated. | Middlebrook Decl. Exh. F<br><br>Express's Response and Supporting Evidence:<br>Disputed.  No "pre-existing work or works" upon which the Express Plaid Copyrights were based on or incorporated existed that would have required any identification.  Second Supplemental Expert Report of Ralph Oman, at 3-5 (Colucci Decl. II, Ex. 4).  *See generally*, Expert Report of Ralph Oman (Colucci Decl. II, Ex. 1); Supplemental and Rebuttal Expert Report of Ralph Oman (Colucci Decl. II, Ex. 2). |
| 28.  Express never asked Mr. Tower how he created the four Express Plaid Designs. | Tower Depo. at 48:13-50:15 [Middlebrook Decl. Exh. E, at pages 21-23]<br><br>Express's Response and Supporting Evidence:<br>Disputed.  Objection to the extent that "how he created" the Express Plaid Designs is vague and indefinite. |

PLAINTIFF'S STATEMENT OF DISPUTED
FACTS IN OPPOSITION TO WHITE OWL'S
MOTION FOR SUMMARY JUDGMENT

46

| | |
|---|---|
| 29.  The pre-existing plaid materials for all four of the Express Plaid Designs have been discarded, and cannot be found. | Tower Depo. at 75:9-76:13 [Middlebrook Decl. Exh. E, at pages 35-36]; Express Response No. 7 to White Owl's Request for Prod. Documents [Middlebrook Decl. Exh. H]<br><br>Express's Response and Supporting Evidence:<br>Disputed. Objections to the extent that no "pre-existing plaid materials" existed, though there were visual inspirations, which no longer exist, and further to the word "discarded" that suggests "spoliation" of evidence. |
| 30.  The Express Plaid Designs were all published by November 29, 2008. | Undisputed. |
| 31.  Forever 21 began selling the Forever 21 short that allegedly infringed the Roth Plaid on May 9, 2009. | Declaration of Ann Cadier Kim, filed by Forever 21 under Seal in support of its concurrent Motion for Summary Judgment, Para. 6<br><br>Express's Response and Supporting Evidence:<br>Disputed.  Forever 21 began selling |

47

# EXHIBIT 5

**Katherine Lyon**

| | |
|---|---|
| **From:** | Frank Colucci |
| **Sent:** | Friday, March 05, 2010 1:30 PM |
| **To:** | David Dahan; Janice Yoon; Katherine Lyon; Michael Pampalone |
| **Subject:** | FW: |

---

**From:** Larry Russ [mailto:lruss@raklaw.com]
**Sent:** Friday, March 05, 2010 12:50 PM
**To:** Frank Colucci
**Cc:** Nathan Meyer
**Subject:**

Frank,

We have now provided a two week delay in exchanging our motion for a
protective order in order to accommodate your wish to bring a cross-motion
to compel. I order to maintain an April 6 hearing date, the exchange must
take place on Monday, March 8.

We realize that we have promised documents (most of which are responsive
to the third set of requests for production), and are diligently
assembling them. This process is proving somewhat time consuming,
especially as to prior plaids (which are numerous), and store P&Ls (which
are burdensome to assemble one-by-one). If you wish to move to compel on
these un-ripe issues, you may obviously do so, but we will object. Our
position was made sufficiently clear in our March 1 letter to enable you
to draft whatever it is you will be exchanging, and it has been nearly two
weeks since the meet and confer began (and three weeks since we provided
the draft Protective Order motion). The issues relating our motion (and
many of the issues raised in our March 1 letter), are ripe today, and as
such, there should be no further delay.

In the event you have any further thoughts about a constructive
compromise, please advise.

Although no additional notice is required prior to a Local Rule 37-2.1, we
are letting you know now as a courtesy.

Larry C. Russ
Russ August & Kabat
12424 Wilshire Boulevard, Suite 1200
Los Angeles, CA 90025
(310) 826-7474
(310) 826-6991 Fax
lruss@raklaw.com

*************************************************************
IMPORTANT: This e-mail message is not intended to be relied upon and, and

1

48

without limitation on the foregoing, shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature, to constitute a notice, approval, waiver or election, or to form, modify, amend or terminate any contract. The information contained in this message is confidential and is intended only for the named addressee(s). This message may be protected by the attorney/client privilege. If the reader of this message is not the intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender that you have received the message in error and then delete it. Thank You.

49

# EXHIBIT 6



# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = rainforest inc
Search Results: Displaying 1 of 1 entries

**◄ previous    next ►**

**Labeled View**

### *[Rainforest Signature plaid]*

**Type of Work:** Visual Material
**Registration Number / Date:** VA0001085575 / 2001-07-02
**Title:** [Rainforest Signature plaid]
**Description:** Textile.
**Notes:** Title from appl.
**Copyright Claimant:** Rainforest, Inc.
**Date of Creation:** 2000
**Date of Publication:** 2000-12-27
**Other Title:** Signature plaid
**Names:** Rainforest, Inc.

**◄ previous    next ►**

| Save, Print and Email (Help Page) | | |
| --- | --- | --- |
| Select Download Format | Full Record | Format for Print/Save |
| Enter your email address: | | Email |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page

50



# Copyright
United States Copyright Office

| Help | Search | History | Titles | Start Over |

## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = ameritex
Search Results: Displaying 15 of 19 entries

*previous*   *next*

Labeled View

*Green plaid shirt design.*

Type of Work: Visual Material
Registration Number / Date: VA0001213102 / 2002-12-30
Title: Green plaid shirt design.
Description: Textile.
Copyright Claimant: Ameritex, Inc.
Date of Creation: 2002
Date of Publication: 2002-07-01
Copyright Note: C.O. correspondence.
Names: Ameritex, Inc.

*previous*   *next*

| Save, Print and Email (Help Page) | |
| --- | --- |
| Select Download Format | Full Record | Format for Print/Save |
| Enter your email address: | | Email |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page



**Public Catalog**

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = ameritex
Search Results: Displaying 14 of 19 entries

*Burgundy plaid shirt design.*

Type of Work: Visual Material
Registration Number / Date: VA0001213101 / 2002-12-30
Title: Burgundy plaid shirt design.
Description: Textile.
Copyright Claimant: Ameritex, Inc.
Date of Creation: 2002
Date of Publication: 2002-07-01
Copyright Note: C.O. correspondence.
Names: Ameritex, Inc.

| Save, Print and Email (Help Page) | |
|---|---|
| Select Download Format | Full Record  Format for Print/Save |
| Enter your email address: |  Email |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page

52





# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = ameritex
Search Results: Displaying 11 of 19 entries

[previous]   [next]

Labeled View

*Black plaid shirt design.*

Type of Work: Visual Material
Registration Number / Date: VA0001213105 / 2002-12-30
Title: Black plaid shirt design.
Description: Textile.
Copyright Claimant: Ameritex, Inc.
Date of Creation: 2002
Date of Publication: 2002-07-01
Copyright Note: C.O. correspondence.
Names: Ameritex, Inc.

[previous]   [next]

| Save, Print and Email (Help Page) | | |
|---|---|---|
| Select Download Format | Full Record | Format for Print/Save |
| Enter your email address: | | Email |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright | Copyright Office Home Page | Library of Congress Home Page



# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = ameritex
Search Results: Displaying 19 of 19 entries

◀ previous   next ▶

Labeled View

*Tan plaid shirt design.*

**Type of Work:** Visual Material
**Registration Number / Date:** VA0001213104 / 2002-12-30
**Title:** Tan plaid shirt design.
**Description:** Textile.
**Copyright Claimant:** Ameritex, Inc.
**Date of Creation:** 2002
**Date of Publication:** 2002-07-01
**Copyright Note:** C.O. correspondence.
**Names:** Ameritex, Inc.

◀ previous   next ▶

| Save, Print and Email (Help Page) | | |
| --- | --- | --- |
| Select Download Format | Full Record | Format for Print/Save |
| Enter your email address: | | Email |

Help  Search  History  Titles  Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |
Copyright Office Home Page  |  Library of Congress Home Page