UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-04514 ODW (VBKx) | Date | Nov. 15, 2010 |
|---|---|---|---|
| Title | Express LLC v. Forever 21, et al. | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge |
|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):**  Order GRANTING Defendants' Motions for Attorney's Fees [Doc 172, 174, 182]

Currently before the Court are three Motions for Attorney's Fees and Costs: Defendants Forever 21, Inc., Forever 21 Logistics, Inc., Forever 21 Retail, Inc., Jin Sook Change, and Do Won Chang's (collectively "Forever 21") Motion for Attorney's Fees (dkt. no. 172); Steps Apparel Group, Inc.'s ("Steps") Motion for Attorney's Fees (dkt. no. 174); and White Owl Clothing, Inc.'s ("White Owl") Motion for Attorney's Fees (dkt. no. 182), (collectively "Defendants"). After careful consideration of the briefing and evidence submitted in support of and in opposition to these motions, Defendants' motions are **GRANTED**.

**I.   BACKGROUND**

Express ("Plaintiff") originally brought this case alleging that Defendants copied and sold garments designed and sold by Plaintiff. Plaintiff brought claims for copyright infringement, trade dress infringement, and unfair competition. On September 2, 2010, the Court entered an Order granting Defendants' Motion for Summary Judgment in its entirety. (Dkt. No. 168.)

**II.   DISCUSSION**

First, Forever 21 requests $510,608.00 in attorney's fees and $38,627.00 in costs. Forever 21 has apportioned $235,805.50 in fees to its successful defense of Plaintiff's copyright claim, and $243, 879.95 in fees to its successful defense of Plaintiff's trade dress claim. Forever 21 requests an additional $13,967.00 in attorney's fees and $ 3,658.28 in costs incurred in preparing this motion for fees. Second, Steps requests $48,762.50 in attorney's fees and $2,124.20 in costs. Steps has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04514 ODW (VBKx) | Date | Nov. 15, 2010 |
|---|---|---|---|
| Title | Express LLC v. Forever 21, et al. | | |

apportioned 54.71% of the fees requested to its successful defense of Plaintiff's copyright claim, and 45.29% in fees to its successful defense of Plaintiff's trade dress claim. Steps further requests all additional fees and costs incurred in preparing this motion for fees, but has not requested a specific amount or carried its burden to account for the fees. Finally, White Owl requests $170,148.00 in attorney's fees and $4,782.73 in costs. White Owl further requests additional fees and costs incurred in preparing this motion for fees, which is considered below.

Under the Copyright Act, a court has discretion to award the recovery of full costs and reasonable attorney's fees. 17 U.S.C. § 505. Under the Lanham Act, a court may award reasonable attorney fees to the prevailing party in exceptional cases. 15 U.S.C. § 1117(a)(3). The Court will consider these in turn. For the reasons discussed below, this Court **GRANTS** Defendants' Motions for Attorney's Fees and Costs partially or in their entirety.

    A.    <u>COPYRIGHT ACT</u>

        1.    Legal Standard

In any copyright infringement action, the court may award reasonable attorney's fees to the prevailing party as a part of the costs. 17 U.S.C. § 505. In determining "prevailing party" status, courts must apply the same standards to plaintiffs and defendants alike. *Fogerty v. Fantasy, Inc.*, 510 US 517, 534 (1994). Attorney fees under § 505 "are to be awarded only as a matter of the court's discretion." *Id.* at 534. Attorney fee awards are within the district court's discretion if they further the purposes of the Copyright Act and are applied evenhandedly. *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 997 (9th Cir. 1998).

In applying this provision, district courts are charged with two tasks: first, deciding whether an award of attorney's fees is appropriate; and second, calculating the amount of fees to be awarded. *Traditional Cat Ass'n v. Gilbreath*, 340 F.3d 829, 832–33 (9th Cir. 2003). Factors that may be considered by a court in deciding whether to award fees include: (1) the degree of success obtained by the prevailing party; (2) the frivolousness of the losing party's claim; (3) the motivation of the losing party; (4) the objective reasonableness of the losing party's legal and factual arguments; and (5) the need to advance considerations of compensation and deterrence. *Fogerty*, 510 U.S. at 534.

Finally, when applying the above factors, a court must do so while remaining "faithful to the purposes of the Copyright Act" which include not only "[securing] a fair return for an 'author's creative labor,'" but also the "[stimulation of] artistic creativity for the general public good." *Fogerty*, 510 U.S. at 526–27 (quoting *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04514 ODW (VBKx) | Date | Nov. 15, 2010 |
|---|---|---|---|
| Title | Express LLC v. Forever 21, et al. | | |

(1975)).

    2.    Analysis

In granting summary judgment to Defendant, the Court determined that Defendant was the prevailing party as to all of Plaintiff's claims. (Dkt. No. 168.) Nonetheless, under the Copyright Act, Defendants are not necessarily entitled to recover attorney's fees, because fees are awarded at the Court's discretion. See 17 U.S.C. § 505.

As to the first *Fogerty* factor, the degree of success obtained by the prevailing party, Defendants prevailed on all of Plaintiff's claims on summary judgment. This high degree of success weighs in favor of an award.

As to the second factor, frivolousness, Plaintiff contends "[a]lthough this Court determined that the Express Plaids were not copyrightable, Express had grounds to believe that they were." Plaintiff is correct that just because this Court ultimately found that Plaintiff's claims lacked merit does not demonstrate, nor even imply, that they were frivolous. *See e.g. Luken v. Int'l Yacht Council, Ltd.,* 581 F. Supp.2d 1226, 1240 (S.D. Fla. 2008). However, that Plaintiff was unable to provide any evidence supporting these grounds does provide evidence of frivolity. In fact, the Court found that Plaintiff's claims suffered from an "utter lack of evidence upon which a juror could reasonably conclude that any of the Plaids contains content original to Express." (Order granting Summ. J., dkt. no. 168, at 11:12–12:1.) Accordingly, the Court found that Plaintiff's speculation was insufficient to avoid summary judgment. *See Hustler Magazine, Inc. v. Moral Majority, Inc.*, 796 F.2d 1148, 1156 (9th Cir. 1986) (finding that an argument is frivolous if it is wholly without merit or the outcome is obvious). Therefore, as Plaintiff failed to provide "even a scintilla of evidence" to support its claim, this Court finds that Plaintiff's action was frivolous and this factor weighs in favor of an award.

Regarding the third factor, motivation, Forever 21 claims that Plaintiff's "clear motive was to challenge the way that Forever 21 did business." (Forever 21 Mot., dkt. no. 172, at 12:6–7.) Meanwhile, Steps and White Owl contend that Plaintiff's improper motive was to inflict punishment and destroy each of their operations. (Steps Mot., dkt. no. 190, at 5:8–13; White Owl Mot., dkt. no. 182, at 10.) Plaintiff, however, contends that its claims were motivated by a desire to protect valuable investments in its in-house designers, to help ensure that unique and exclusive designs would be created under its well-known label, and to protect its reputation. (Pl. Opp'n, dkt. no. 187, at 16:9–15.) Plaintiff further states that it routinely protects its copyrights and has filed many copyright enforcement actions against individuals and corporations. Plaintiff argues that protecting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04514 ODW (VBKx) | Date | Nov. 15, 2010 |
|---|---|---|---|
| Title | Express LLC v. Forever 21, et al. | | |

copyrights is a proper motivation, since this protection is the purpose of the Copyright Act. Without any further evidence substantiating Defendants' claims of Plaintiff's improper motivation, the record reflects that Plaintiff's motivation for bringing this case was not improper so this factor weighs against an award.

The fourth factor concerns the objective unreasonableness in both the factual and legal components of Plaintiff's case. Here, Plaintiff did not rely on any novel legal theories, and failed to provide factual support for its claims (that Plaintiff's Plaids are distinguishable from their pre-existing source material). Because the maintenance of copyright claims for protracted period of time without evidentiary support has in the past been held objectively unreasonable (*see e.g.*, *Entm't Research Group, Inc. v. Genesis Creative Group, Inc*., 122 F.3d 1211, 1229 (9th Cir. 1997)), it seems only appropriate that this Court view Plaintiff's claims as such as well. Accordingly, this factor weighs in favor of an award.

The fifth factor questions the need to advance considerations of compensation and deterrence. Here, Plaintiff's actions forced Defendants to incur substantial cost, time, and effort to defend a claim for which Plaintiff had no legitimate factual basis. Defendants should be compensated for defending such a claim. *Allen v. Ghoulish Gallery*, 2008 WL 474394 (S.D. Cal., 2008) (finding that awarding fees encourages an appreciation for deterrence, which will help the parties focus on the real claims at issue, and will promote judicial economy by allowing the court to focus its resources on warranted claims). This factor also weighs in favor of an award. On balance, the *Fogerty* factors weigh heavily in favor of awarding attorney's fees to each Defendant.

Finally, an award of attorney's fees in this case is consistent with the ultimate purposes of the Copyright Act, and therefore appropriate. "Because the copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of Copyright law be demarcated as clearly as possible." *Fogerty*, 510 U.S. at 527. In this regard, baseless claims, are inimical to the purposes of the Copyright Act. These types of claims confuse the public as to which works are or are not protected, which can chill creative expression. Accordingly, defendants are encouraged to advance meritorious copyright defenses just as plaintiffs are encouraged to bring meritorious copyright infringement claims. *Id.* ("[A] successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright."). Therefore, the Court finds that Defendants are entitled to a reasonable award of attorney's fees, and Defendants' Motions for Attorney's Fees under the Copyright Act are **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04514 ODW (VBKx) | Date | Nov. 15, 2010 |
|---|---|---|---|
| Title | Express LLC v. Forever 21, et al. | | |

    B.    LANHAM ACT

        1.    Legal Standard

Under the Lanham Act, "exceptional cases" may merit an award of reasonable attorney's fees. 15 U.S.C. § 1117(a). The statute provides that a court may award fees; it does not require them. *Gracie v. Gracie*, 217 F.3d 1060, 1071 (9th Cir. 2000). A case is exceptional within the meaning of 15 U.S.C. §1117(a) where plaintiff's claims are *either* "groundless, unreasonable, vexatious, *or* pursued in bad faith." *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 827 (9th Cir. 1997) (emphasis added). However, the exceptional case requirement must be construed narrowly. *Classic Media, Inc. v. Mewborn,* 532 F.3d 978, 990 (9th Cir. 2008). Thus, where the plaintiff's claims of infringement raise debatable issues of law and fact, it is not an exceptional case for purposes of attorney's fees. *Stephen W. Boney, Inc.*, 127 F.3d at 827.

        2.    Analysis

            a.    Forever 21 and Steps

Here, Forever 21 and Steps argue that Plaintiff's Lanham Act claim was groundless, as there were no objective facts to support Plaintiff's claim. (Forever 21 Mot., dkt. no. 172, at 14–17; Steps Mot., dkt. no. 190, at 6:8.) A claim is unreasonable or groundless for purposes of a permissible award of fees only if it is frivolous and fails to raise colorable or debatable issues. *Applied Info. Sciences Corp. v. eBay Inc.*, 511 F.3d 966, 973 (9th Cir. 2007). The analysis of groundless and unreasonable focuses on the objective merits of the case. *Stephen W. Boney, Inc.*, 127 F.3d at 826–27. A prevailing defendant's attorney's fees have been awarded where the claims of infringement made by plaintiff cannot be supported by evidence and cross the border into frivolous claims. *See S Indus. Inc. v. Diamonds Multimedia Sys., Inc.*, 991 F. Supp. 1012 (N.D. Ill 1998) (awarding attorney's fees to a defendant where plaintiff's claim of infringement and dilution "cross[ed] the border of legal frivolousness," "lack[ed] merits on its face," and the claims were insupportable and even a cursory examination of the law demonstrates that fact).

In this case, Plaintiff failed to provide direct evidence of secondary meaning to support its claim that Defendants infringed on Plaintiff's trade dress. Plaintiff pursued its trade dress infringement claim against Defendants relying solely on circumstantial evidence of a secondary meaning, which this Court found insufficient and unavailing. (Order granting Summ. J., Dkt. No. 168, at 17:5–7) ("[E]ven taking Express's allegations of copying as true, Express has failed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04514 ODW (VBKx) | Date | Nov. 15, 2010 |
|---|---|---|---|
| Title | Express LLC v. Forever 21, et al. | | |

marshal anywhere near the level of circumstantial evidence required to defeat Defendants' motion for summary judgment."). Accordingly, the Court finds that Plaintiff's trade dress claim was objectively groundless, unreasonable, and pursued in bad faith. *See Vital Pharms Inc. v. Am. Body Bldg. Prods.*, 510 F. Supp. 2d 1043, 1048–49 (S.D. Fla. 2007) (finding bad faith when plaintiff failed to produce sufficient evidence on any element required to prove trademark infringement); *see also K-Jack Eng'g Co. v. Pete's Newsrack, Inc.*, 1980 U.S. Dist. LEXIS 16677, at *4 (C.D. Cal.1980) (finding an exceptional case where the plaintiff's infringement action lacked "any basis of admissible evidence for a good faith belief that such infringement was occurring[.]"). Thus, the Court finds that this case is an "exceptional case" that merits the award of reasonable attorney's fees under 15 U.S. C. § 1117(a).

        b.    White Owl

Here, White Owl argues that three of Plaintiff's Lanham Act claims were groundless because Plaintiff knew that White Owl had no involvement with three of the allegedly infringing garments, but refused to dismiss White Owl from these three claims. (White Owl Mot. at 13.) White Owl argues that since these three claims were without evidentiary support, they are therefore objectively groundless and unreasonable. (Id. at 13–14.) White Owl, unlike its co-defendants, does not claim that Plaintiff's entire Lanham Act cause of action was groundless or unreasonable as is necessary to find exceptionality. Rather, White Owl merely argues that three of the claims were unreasonable; thereby implying that the remaining two claims were reasonable with evidentiary support. If two of the five claims may have been reasonable, this Court cannot find that the entire Lanham Act cause of action was exceptional. Accordingly, White Owl has not carried its burden of showing that the case, or Lanham Act causes of action are exceptional. Therefore, the Court finds that White Owl is not entitled to Attorney's fees under the Lanham Act and will apportion this request according to White Owl's apportionment of 10% or $13,461.98 from the total award request. (Middlebrook Decl. 10, ¶ 22.)

    C.    Rule 68

Since the Court **GRANTS** Forever 21's motion for fees, it is unnecessary to discuss Forever 21's alternative motion for fees under Rule 68.

    D.    Defendants' Fees Were Reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04514 ODW (VBKx) | Date | Nov. 15, 2010 |
|---|---|---|---|
| Title | Express LLC v. Forever 21, et al. | | |

The Court has found that Defendants are entitled to an award of fees under the Copyright and/ or Lanham Acts, and must now assess whether the fees requested are reasonable.

1. Legal Standard

An award of reasonable fees is initially determined by calculating the "lodestar" figure: the number of hours reasonably expended multiplied by a reasonable hourly rate. *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The fee applicant bears the burden of documenting the hours expended in litigation and must submit evidence in support of those hours. *Gates*, 978 F.2d at 1397. "Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (reh'g denied, amended on other grounds, 808 F.2d 1373 (1987)).

The loadstar analysis is further informed by the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975). Those factors are "intended to provide district courts with guidance in making the determination of the number of hours reasonably expended on litigation and reasonable hourly rate." *Chalmers*, 796 F.2d at 1211. The *Kerr* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skills requisite to perform the legal service; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstance; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr*, 526 F.2d at 69–70. Further, the district court is given wide latitude in reducing the fee applicant's compensable hours based on the above criteria. However, the court must provide an explanation for the fee award. *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001).

The Ninth Circuit has made clear that "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Gates*, 987 F.2d at 1399. The failure to exercise billing judgment tends to "impugn the integrity of counsel" and invites the district court to slash the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04514 ODW (VBKx) | Date | Nov. 15, 2010 |
|---|---|---|---|
| Title | Express LLC v. Forever 21, et al. | | |

claimed hours in order to ensure that suspected excessiveness and duplication in the application are fully eliminated. *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984).

    2.    Analysis

        a.    Forever 21

Here, Forever 21's counsel has submitted a detailed itemization of fees and costs, including hourly rates for each attorney and paralegal, a description of the services rendered, and hourly breakdowns by each attorney or paralegal for each service in six minute increments. (*See* Forever 21. Mot., dkt. no. 172, exh. "E".) Forever 21's counsel has also declared that the stated hourly fees are those customarily charged by the law firm and other similarly situated firms.

Plaintiff does not oppose Forever 21's hourly rate or hours spent on the case. After inspecting Forever 21's records, the Court finds the hours and rates reasonable in this case. Plaintiff, however does contend that Forever 21 improperly attempts to recover fees for work done on a discovery motion because it was ultimately denied. This Court does not agree. *See Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991) ("[A] plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage."). Forever 21 asserts that this was motion was part of its overall winning strategy in defending Forever 21's overall business strategy and as such is recoverable. (Forever 21 Reply, dkt. no. 192, at 11–12). The Court agrees.

Further, regarding Forever 21's request of attorney's fees and costs incurred in connection with this motion (id. at 12:17–21), "[t]ime spent preparing a motion for attorneys' fees is generally compensable." *See Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986). Accordingly, as Forever 21 has substantiated the work done and fees incurred in preparing this motion, these will be included it its award.

        b.    Steps

            I.    Reasonable Hours

Excluding hours spent preparing for this motion, Steps expended 225.3 hours defending Plaintiff's copyright and trade dress claims. Steps' counsel has also submitted a detailed itemization of fees and costs, including hourly rates for each attorney and paralegal, a thorough description of the services rendered, and hourly breakdowns by each attorney or paralegal for each service in six

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04514 ODW (VBKx) | Date | Nov. 15, 2010 |
|---|---|---|---|
| Title | Express LLC v. Forever 21, et al. | | |

minute increments. (See Levinson Decl. & Lee Decl., dkt. no. 190.)

Plaintiff argues that Steps' requested attorney's fees are unreasonable because it adopted co-defendant Forever 21's defense strategy. Accordingly, Plaintiff asks the court to reduce Steps' request to be proportionate with its efforts in this case.

The Court finds that Steps' hours were reasonable and it avoided duplicative work product by coordinating efficiently with its co-defendants' efforts where its client's interests and defenses aligned. Where its client's interests or positions diverged, however, Steps' counsel had a duty to its client to expend its own efforts by attending depositions and conducting research to ensure that its own client's interests were not compromised. MODEL RULES OF PROF'L CONDUCT R. 1.1 (2010) ("A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."); *see also id.* at R. 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client.").

ii. Reasonable Rate

Here, one partner charging an hourly rate of $300, and one associate charging an hourly rate of $200, worked on this case. Steps' counsel declares that the stated hourly fees are those customarily charged by the law firm and other similarly situated firms. The Court confirms that these rates are reasonable. Therefore, the Lodestar calculation of fees is equal to Steps' requested award of $48,763.50 in attorney's fees.

iii. Request for Fees Incurred in Fee Motion

Steps has requested additional attorney's fees and costs incurred in connection with its attorney's fees motion. (Steps Reply at 10:7–9.) Again, "[t]ime spent preparing a motion for attorneys' fees is generally compensable." *See Clark*, 803 F.2d at 992. Steps, as the fee applicant, must request a specific amount of attorney's fees and state the hours worked for the Court to determine what the fee requested is and whether it is reasonable. *Gates*, 978 F.2d at 1397 (finding that the fee applicant bears the burden of documenting the hours expended in litigation and must submit evidence in support of those hours). However, Steps has not stated the amount sought or provided a fair estimate as required by Federal Rule of Civil Procedure 54(d)(2)(B)(iii). Consequently, as Steps has merely made a vague request for "all attorneys fees and costs" associated with this motion, the Court is unable to determine the reasonableness of, or award Steps additional fees incurred in working on the Motion for Attorney's Fees. (Steps Reply, dkt. no. 190, at 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04514 ODW (VBKx) | Date | Nov. 15, 2010 |
|---|---|---|---|
| Title | Express LLC v. Forever 21, et al. | | |

    c.    White Owl

        I.    Reasonable Hours

White Owl expended a total of 339.70 hours defending Plaintiff's copyright and trade dress claims. (Middlebrook Decl, Exh. "M"; Second Suppl. Decl. Middlebrook, Exh. "T".) White Owl's counsel has submitted a detailed itemization of fees and costs, including hourly rates for each attorney, a description of the services rendered, and hourly breakdowns by each attorney or paralegal for each service in six minute increments.

Plaintiff claims the fees Defendant incurred are unwarranted considering White Owl's minimal scope and involvement in the case. The Court finds, however, that White Owl's legal and factual positions were not identical to those of Forever 21 and Steps, who were able to work together in this litigation. Thus, it was necessary for White Owl to conduct its own discovery, file a separate motion for summary judgment, and defend against all four copyright claims, the trade dress claim, and two California state law unfair competition claims, up through and including a significant portion of the preparation for trial. (White Owl Mot. at 3:1–4; 2:16–21.)

        ii.    Reasonable Rate

Here, two senior associates charging an hourly rate of $415–425 performed a substantial amount of the work on this case. White Owl's counsel declares that the stated hourly fees are those customarily charged by the law firm and other similarly situated firms. The Court confirms that these rates are within the range of reasonable rates for comparable firms.

Plaintiff first argues that White Owl's requested fees are unreasonable because senior partners performed a substantial amount of the work done on this case. While courts have the discretion to reduce the hourly rate for tasks that could have been performed by less-skilled personnel (*Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1148 (9th Cir. 2001)) a district court may not reduce their hourly rate based on speculation as to how other firms would staff a case (e.g., by using a less-skilled attorney to perform document review). *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114–15 (9th Cir. 2008). Here, the work included involved motions, discovery, and trial preparation, for which the Court will not speculate as to how these tasks should have been staffed. Moreover, while there were senior counsel working on the case, there were no partners staffed on the case, whose hourly rate would likely be much higher than the two senior counsel used.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04514 ODW (VBKx) | Date | Nov. 15, 2010 |
|---|---|---|---|
| Title | Express LLC v. Forever 21, et al. | | |

           iii.       Request for Fees Incurred Prior to Fee Motion

White Owl has requested for an award of $143,148.00 in total fees incurred via 386 of hours of work in this litigation until August 31, 2010. This Court, however, finds that White Owl has not accounted for this fee award and rather has substantiated for only 300.60 hours of work amounting to $118,539.50 through August 31st, 2010. White Owl further requests an award of $4,680.00 in paralegal fees, however has also failed to account for these fees. Since the Court is only able to consider the reasonableness of fees which have been accounted for in documents and time sheets submitted before it, the Court awards only the $118,529.50, that it was able to determine was actually earned.

           iv.       Request for Fees Incurred in Fee Motion

White Owl has also requested additional attorney's fees and costs incurred in connection with its attorney's fees motion. Once more, "[t]ime spent preparing a motion for attorneys' fees is generally compensable." *See Clark*, 803 F.2d at 992. However, in one of its requests, Defendant has not stated the amount sought or provided a fair estimate as required by Federal Rule of Civil Procedure 54(d)(2)(B)(iii).

White Owl first requested $27,000.00 in fees incurred for the fee motion. (White Owl Mot., 1:2–8; Middlebrook Decl. ¶ 22.) It then requested and additional $16,090.30 in fees incurred in the fee motion. (Second Suppl. Decl. Middlebrook, Exh. "T".) White Owl is vague as to whether it requests both amounts, or merely one. White Owl has submitted a sufficient accounting on the $16,090.30 request for fees incurred in the fee motion, including a breakdown of how associates' time was spent in six minute increments. Therefore, the Court is able to **GRANT** this request for fees incurred on the fee motion. White Owl, however, has failed to carry its burden to substantiate the work done and hours spent for the $27,000.00 request by merely giving an estimated total without any breakdown of hours spent or work done. Therefore, the Court is unable to determine whether this request is reasonable or excessive. Accordingly, the Court **DENIES** White Owl's initial request of $27,000.00 in fees incurred in the fee motion.

      E.       <u>Costs</u>

Unless a federal statute, the FRCP or a court order otherwise provides, costs- other than attorney's fees- "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). All Defendants prevailed in this action under two statutes, both of which account for recovery of costs. First, § 505 of the Copyright Act states "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04514 ODW (VBKx) | Date | Nov. 15, 2010 |
|---|---|---|---|
| Title | Express LLC v. Forever 21, et al. | | |

Second, § 1117 of the Lanham Act states that the prevailing party may recover "the costs of the action" under the Court's discretion. 15 U.S. C. § 1117(a)(3).

1. All Defendants

Finally, although Plaintiff does not object, the Court has found that fees for a mediator are not recoverable as "costs" under 28 U.S.C. § 1920. *See Brisco-Wade v. Carnahan*, 297 F3d 781, 782–83 (8th Cir. 2002) (per curiam); *Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 530 (5th Cir. 2001). Accordingly, $925.00 in requested expenses for mediator costs will be reduced from each Defendant's total award.

2. Forever 21

On September 20, 2010, Forever 21 filed its Bill of Costs with the Court Clerk pursuant to Local Rule 54- 4, which was granted on October 14, 2010, in the amount of $14,432.76. (Dkt. No. 193.) In this motion, Forever 21 seeks to recover additional costs including: expert witness fees; computerized research costs; photocopy and printing costs; messenger and delivery costs; travel costs; and mediator costs. Forever 21 also seeks related costs for the fee motion itself. Plaintiff argues that Forever 21's costs beyond those identified in its Bill of Costs should be denied as overhead and/or inconsequential in establishing its defense.

The substantive law governing a claim may include (as here) a fee-shifting provision that will permit recovery of costs outside the limited parameters of § 1920. *See Int'l Woodworkers of Am., et al v. Champion Int'l Corp.*, 790 F.2d 1174, 1179, fn. 7 (5th Cir. 1986) (enbanc) (aff'd *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 US 437 (1987)). Awards for expert witness fees are explicitly authorised under various fee-shifting statutes; however, absent explicit authorization, reimbursement of expert witness fees is limited to the amounts available under §§ 1920 and 1821, ($40 per diem for expert witnesses). *West Virginia Univ. Hosps., Inc. v. Casey*, 499 US 83, 201 (1991). Here, the Copyright Act provision permitting recovery of "full costs" (17 U.S.C. § 505) makes no reference to witness fees. There is no evidence of congressional intent to supercede the $40 per diem limit for expert witness fees imposed by 28 U.S.C. § 1821(b). *See Artisan Contractors Ass'n of Am., Inc. v. Frontier Ins. Co.*, 275 F3d 1083, 1040 (11th Cir. 2001) (per curiam). Likewise, § 1117(a)(3), the fee shifting provision of the Lanham Act, does not explicitly authorize expert witness fees. Accordingly, the expert fees associated with the Lanham Act will also be limited to $40 per diem. Accordingly, the Court adjusts the costs to reflect the $40 per diem limit, which amounts to $840.00 for the 21 total days experts charged Forever 21. (Forever 21 Mot., dkt no. 172, exh. "O".)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04514 ODW (VBKx) | Date | Nov. 15, 2010 |
|---|---|---|---|
| Title | Express LLC v. Forever 21, et al. | | |

Plaintiff argues in the alternative that Forever 21's costs should be denied as overhead in the course of doing business for Forever 21. Plaintiff relies on a bankruptcy case regarding overhead costs for a trustee incurred in the course of his trusteeship. This case is not on point. Further, the Court has not found applicable authority supporting Plaintiff's assertion that an attorney's messenger or copying and printing costs incurred should be considered overhead. In fact, "[p]roperly included in an award of attorney's fees are costs and fees for paralegals, out-of-pocket expenses, including travel, telephone, mailing, copying and computerized legal research expenses." *Ambriz v. Arrow Fin. Serv., LLC*, 2008 WL 2095617, *7 (C.D. Cal. 2008) (quoting *Sure Safe Indus. Inc. v. C & R Pier Mfg.*, 152 F.R.D. 625, 626 (S.D.Cal. 1993)); *see also Davis v. City & County of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992) (*overruled on other grounds*) (holding "attorney's fees awards [under fee-shifting statutes] can include reimbursement for out-of-pocket expenses including the travel, courier and copying costs that [are] incurred."); *In re Cont'l Illinois Sec. Litig.*, 962 F.2d 566, 570 (7th Cir. 1992) (holding district court erred in not awarding computer research costs under fee-shifting statute because "the market-the paying, arms' length market-reimburses lawyers' LEXIS and WESTLAW expenses.").[1]

The Court awards all other costs as requested by Forever 21, save for the $40 per diem limit on expert witness fees and $925.00 for mediator costs. Therefore, the total costs awarded to Forever 21 equal $19,376.71. ($38,657.71 in requested fees minus $19,281.00 for the downward adjustment in expert witness fees and mediator costs.)

    3.    Steps and White Owl

Steps and White Owl also seek to recover additional costs including: attorney service costs for delivering a courtesy copy, messenger costs, mileage costs, overnight mail costs, parking costs, photocopy costs, online research costs, PACER costs, conference call costs, and mediator costs. Plaintiff argues that both Steps' and White Owl's additional non-taxable costs are duplicative of Forever 21's efforts, and are unjustified in light of their minimal involvement. As discussed above,

---

[1] Plaintiff cites *B & H Mgf. Co., Inc. v. Bright*, 2006 WL 547975 (E.D. Cal. 2006), for the proposition that "[s]ome parts of Westlaw's and Lexis's charges must be considered overhead, if for no other reason than law firms normally do not charge clients for law books." Upon reading this case, the Court notes that the *B & H Mfg.* Court did not assert that all research fees should be considered firm overhead, but rather it felt that the plaintiff's request for $41,509.59 in research costs was excessive considering that the Firm in question had a flat fee charge for research. *B & H Mfg. Co.*, at 15. Accordingly, the *B & H Mfg.* Court reduced the plaintiff's request and felt that $18,500.00 in computerized legal research was reasonable. *Id*. at 16. Here, Defendant requests a $6,567.46 in computerized research costs, which the court finds reasonable as these costs were not included in the award for attorney's fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04514 ODW (VBKx) | Date | Nov. 15, 2010 |
|---|---|---|---|
| Title | Express LLC v. Forever 21, et al. | | |

counsel for both co-defendants owed a duty to their clients to ensure that each of their client's interests were protected.[2] Litigating this case for 10 months, regardless of whether there are co-defendants requires some costs to be expended.

Plaintiff further argues that White Owl's failure to make an application to the Clerk to Tax Costs is evidence that White Owl should not be awarded non-taxable costs. This Court disagrees. While a bill for taxable costs must be timely filed with the Clerk, non-taxable costs are independently recoverable. *See e.g., Lytle v. Carl*, 328 F.3d 978, 989 (9th Cir. 2004). Accordingly, the Court finds the remaining costs appropriate. *See Davis*, 976 F.2d at 1556 (overruled on other grounds).

Therefore, the total costs awarded to Steps equal $1,199.00 ($2,124.20 in requested fees minus $925.00 for the downward adjustment in mediator costs). The total costs awarded to White Owl equal $3,674.38 ($4,599.38 in total requested fees minus $925.00 for the downward adjustment in mediator costs).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions for Attorney's Fees in whole or in part. Accordingly, Forever 21 is entitled to: (1) $510,608.00 in attorney's fees; and (2) $19,376.71 in costs. Steps Apparel, Inc. is entitled to: (1) $48,763.50 in attorney's fees; and (2) $1,199.00 in costs. Finally, White Owl is entitled to: (1) $121,157.82 in attorney's fees; and (2) $3,674.38 in expenses incurred in defending this action.

IT IS SO ORDERED.

|  | -- | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | RGN | |

---

[2] *See* MODEL RULES OF PROF'L CONDUCT R. 1.1 (2010) ("A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.")